

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

STEVEN E. SMITH
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-1106
stevsmit@law.nyc.gov

April 26, 2024

**VIA ECF, EMAIL, AND CERTIFIED MAIL**
Hon. Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Collins v. City of New York et al.*
           23-cv-9248 (NCM) (JAM)

Dear District Judge Merle:

      I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants the City of New York ("City") and the New York City Department of Education ("DOE") in the above-referenced action. Pursuant to this Court's Individual Practices, I write to respectfully request a pre-motion conference to seek leave to move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The basis for the Defendants' motion is set forth below.

**A.**     **Plaintiff's Allegations in the Amended Complaint**

      Plaintiff *pro se* Latanya Collins is a former teacher with DOE. She brings the instant action asserting that Defendants violated Title VII of the Civil Rights Act of 1964, the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the New York State and City Human Rights Laws ("SHRL" and "CHRL," respectively) by denying her request for a religious exemption to the vaccine mandate and terminating her for failing to comply with the mandate, which was a condition of her employment. *See generally* Amended Compl., ECF No. 15. Specifically, Plaintiff alleges that on September 21, 2021, she submitted an exemption request to DOE, which DOE denied on September 22, 2021. *Id.* ¶¶ 17-18. Plaintiff alleges she thereafter appealed to an independent arbitrator pursuant to an arbitration award between DOE and her union, which was denied, and appealed again in October

2021 to the Citywide Reasonable Accommodations Appeals Panel ("Citywide Panel") and never received a decision. *Id.* ¶¶ 19-20. On February 11, 2022, Plaintiff's employment was terminated. *Id.* ¶¶ 25, 30. Plaintiff filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In her second charge, filed on February 21, 2023, Plaintiff made allegations similar to those summarized above and also alleged that she has a "Problem Code" associated with her name that prevents her from finding other work. The EEOC issued two Right to Sue letters. The first letter was issued on July 1, 2022 stemming from Plaintiff's October 15, 2021 charge, which Plaintiff did not act on. The second letter was issued on September 18, 2023 stemming from her February 21, 2023 charge. *Id.* ¶¶ 45-46; Pl. Exs. C, D. Plaintiff filed a Complaint on December 14, 2023 and an Amended Complaint on March 29, 2024, making the above allegations. *See generally* Amended Compl.

**B.   Plaintiff Should Have Filed Her Claims in an Article 78 but Is Now Time-Barred**

Plaintiff's claims essentially boil down to a challenge to the decisions to deny her exemption requests, terminate her employment, and place an alleged "Problem Code" in her file, which are decisions by a government agency. A challenge to a decision by a governmental body must be pursued in New York state court in a special proceeding pursuant to Article 78 of the Civil Practice Law and Rules ("CPLR"). CPLR §§ 7801, 7803; *Kern v. Joyce*, 857 F. App'x 691, 693 (2d Cir. 2021) (citations omitted). Article 78 claims must be filed within four months of when the decision becomes final and binding upon the challenger. CPLR § 217(1); *Damino v. City of New York*, 332 F. App'x 679, 682 (2d Cir. 2009) (citing CPLR § 217). Here, the most recent relevant governmental decision was terminating Plaintiff's employment on February 11, 2022, *see* Amended Compl. ¶¶ 25, 30, and thus the statute of limitations expired on June 11, 2022. *Damino*, 332 F. App'x at 682. Plaintiff did not file her initial Complaint until December 14, 2023, more than 18 months too late. Therefore, the Amended Complaint should be dismissed in its entirety.

**C.   Plaintiff Failed to Timely File a Notice of Claim**

Plaintiff failed to comply with the precondition to suit of timely filing a notice of claim ("NOC") against DOE, which further requires dismissal of Plaintiff's state-law claims. Pursuant to Education Law Section 3813, before filing any action against DOE, a plaintiff must file an NOC "within three months after the accrual of such claim." N.Y. EDUC. LAW § 3813(1); *Carter v. Syracuse City Sch. Dist.*, 850 F. App'x 22, 25 (2d Cir. 2021). Here, Plaintiff's claims accrued on February 11, 2022 when her employment was terminated, and thus she was required to serve an NOC by May 11, 2022. Plaintiff concedes she did not do so until February 21, 2023, more than nine months too late. *See* Amended Compl. ¶ 43. Thus, Plaintiff's claims under the SHRL and CHRL should be dismissed.

**D.   Plaintiff Failed to Timely Exhaust Her Administrative Remedies**

The Amended Complaint should be dismissed because Plaintiff failed to exhaust her administrative remedies. A plaintiff cannot pursue a Title VII action without first exhausting her administrative remedies, filing a charge with the EEOC within 300 days of the discriminatory act, and filing an action within 90 days of receipt of a Right to Sue letter. *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015). Here, Plaintiff filed her first EEOC charge on October 15, 2021 and received a Right to Sue letter on July 1, 2022, but did not file this action until

December 14, 2023, more than a year after the 90-day window to file an action expired. *See generally* Amended Compl. On the other hand, although Plaintiff filed this action within 90 days of receiving her second Right to Sue letter, she filed the underlying charge outside of the 300-day window: Plaintiff was terminated on February 11, 2022, meaning she needed to file this charge by December 8, 2022, yet she filed the charge more than two months too late on February 21, 2023. *Id.* Thus, Plaintiff's Title VII claims should be dismissed for failure to timely exhaust.

As to her remaining claims, they too should be dismissed for failure to exhaust. Exhaustion requirements apply to any claim brought against a government agency, including constitutional claims if the relief ultimately sought can be granted by the agency. *Read v. Corning Inc.*, 351 F. Supp. 3d 342, 349 (W.D.N.Y. 2018); *Town of Oyster Bay v. Kirkland*, 978 N.E.2d 1237, 1240 (N.Y. 2012), *cert. denied*, 568 U.S. 1213 (2013). Although Plaintiff alleges that she filed appeals with the arbitrator and then the Citywide Panel in October 2021, *see* Amended Compl. ¶¶ 19-20, none of the five exhibits Plaintiff annexed to her Amended Complaint provide evidence that she filed said appeals. Pl.'s Exs. A-E. Moreover, appeals to the Citywide Panel were not available to DOE employees until after the Second Circuit's November 28, 2021 decision in *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021), which affirmed a November 15, 2021 Motions Panel Order requiring denied exemption requests and appeals of DOE employees be given "fresh consideration . . . by a central citywide panel." *Id.* at 162-63. Thus, it would not have been possible for Plaintiff to appeal to the Citywide Panel in October 2021. Because Plaintiff failed to properly appeal her denials, she failed to exhaust her administrative remedies, and her remaining claims must be dismissed.

### E. Plaintiff Otherwise Fails to State a Claim

Plaintiff has otherwise failed to state a claim for religious discrimination under any law, and the Amended Complaint should be dismissed. Regarding Plaintiff's constitutional claims pursuant to Section 1983, Plaintiff's Equal Protection claim fails because she fails to allege that she is part of a protected class, and "class-of-one" claims do not lie in public employment. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601-02, 605 (2008). Likewise, Plaintiff's Free Exercise claim fails because she has not alleged facts showing that the vaccine mandate is not a "neutral" or "generally applicable" law. *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2421-22 (2022). Moreover, the Second Circuit has already upheld a similar COVID-19 vaccine mandate against a Free Exercise challenge. *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 290, *opinion clarified*, 17 F.4th 368 (2d Cir. 2021). Thus, Plaintiff has failed to state a Section 1983 claim.

As to Plaintiff's remaining Title VII, SHRL, and CHRL claims, Plaintiff has failed to allege that she is a member of a protected class or that an inference of discrimination underpins the denial of her exemption requests, termination of her employment, and alleged "Problem Code" placement. *White v. Andy Frain Servs.*, 629 F. App'x 131, 133 (2d Cir. 2015). Plaintiff does not state what her alleged protected religious characteristic is and does not allege facts showing these governmental decisions were "because of" any alleged discrimination. *Id.* Finally, it is worth noting that the vaccine mandate has been repeatedly upheld as a lawful condition of employment. *See, e.g., Broecker v. N.Y.C. Dep't of Educ.*, 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022), *aff'd*, No. 23-655, 2023 U.S. App. LEXIS 30076 (2d Cir. Nov. 13, 2023). Thus, Plaintiff has failed to state a claim for employment discrimination under any law.

**F.     Conclusion**

        Accordingly, Defendants request a pre-motion conference to discuss their proposed motion to dismiss and propose the following briefing schedule: Motion to Dismiss due by June 5, 2024; Opposition to Motion to Dismiss due by July 3, 2024; Reply to Motion to Dismiss due by July 24, 2024.  Additionally, Defendants request a stay of discovery pending the disposition of their motion practice to dismiss the Amended Complaint.  *See D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc.*, No. 02-cv-3823 (LAK), 2002 U.S. Dist. LEXIS 11937, at *2 (S.D.N.Y. July 1, 2002).

        Respectfully submitted,

        Steven E. Smith
        Assistant Corporation Counsel

cc:    Latanya M. Collins
       *Plaintiff Pro Se*
       P.O. Box 341143
       Queens, New York 11434
       (631) 318-0153
       lcollins09@live.com