Latanya Collins
P.O. Box 341143
Jamaica, NY 11434

May 2, 2024

**VIA Email and CERTIFIED MAIL**
Hon. Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Collins v. City of New York et al.
           23-cv-9248 (JAM)

Dear District Judge Merle:

I am writing in response to the April 26, 2024 letter submitted by Assistant Corporate Counsel Steven E. Smith, in the office of the Hon. Sylvia O. Hinds-Radix. Please find below responses to A-E as per your request. Thank you.

**A. Plaintiff's Allegations in the Amended Complaint**

Correction to the amended complaint:

On October 3, 2021, Plaintiff received an acknowledgment of her request for review from SOLAS, following an immediate denial of both a 9/22/2021 and a 10/2/2021 appeal in the Self-Service Online Leave Application System (SOLAS) established for the appeals process. Case numbers were assigned for each appeal submitted (A82294; A79997); both appeals were denied without explanation. On or around November 2021, Plaintiff received an acknowledgment of her request for additional review via email. To date, Plaintiff has not received any decision from the Citywide Panel regarding her request for review.

**B. Plaintiff Should Have Filed Her Claims in Article 78 but Is Now Time-Barred**

The argument presented by Assistant Corporate Counsel Steven E. Smith, suggest that the Plaintiff should have filed her claims in Article 78 proceedings. Article 78 proceedings are typically employed for challenging administrative decisions. However, it is crucial to note that the availability of other legal remedies does not preclude the pursuit of claims under federal anti-discrimination laws or constitutional protections. Legal precedent supports the notion that employees may seek relief through various avenues, including federal courts, when alleging violations of their rights.

*Burlington Northern & Santa Fe Railway Co. v. White (548 U.S. 53, 2006)* established that employees are protected from retaliation for engaging in protected activities, such as filing

discrimination complaints. This decision underscores the importance of federal anti-discrimination laws in safeguarding employees' rights. Additionally, *Garcetti v. Ceballos (547 U.S. 410, 2006)* affirmed that public employees who report misconduct within their workplace are protected by the First Amendment from retaliation. Moreover, the Supreme Court's decision in *Steele v. Louisville & Nashville Railroad Co. (323 U.S. 192, 1944)* clarified that Title VII of the Civil Rights Act applies to labor unions and prohibits discrimination by unions. This precedent demonstrates the breadth of protections available to employees under federal law.

In light of these established principles, it is evident that pursuing relief through federal anti-discrimination laws and constitutional protections is a legitimate course of action. The availability of such remedies should not be discounted simply because Article 78 proceedings could have been pursued.

**C. Plaintiff Failed to Timely File a Notice of Claim**

The retaliation claim is based on the inclusion of a Problem Code in the Plaintiff's employment file and the DOE's "re-hire" policy. The retaliation claim began after termination, not on the date of termination. The retaliation claim was filed with the EEOC within the 300-day window, and the federal action was brought within 90 days of receipt of the most recent EEOC right-to-sue letter. To add, the statute of limitations has not started running on any challenge to the Citywide Panel's decision. *Morgan v. United Parcel Service, Inc. (478 U.S. 1010, 1986)*, emphasizes the importance of exhausting administrative remedies under Title VII. To add, the plaintiff's cooperation with the EEOC's investigation aligns with *Mach Mining, LLC v. EEOC (575 U.S. 480, 2015)*, which emphasized the deference owed to the EEOC's expertise in resolving discrimination complaints.

**D. Plaintiff Failed to Timely Exhaust Her Administrative Remedies**

Two EEOC complaints were submitted, and one was investigated by the agency. The plaintiff diligently adhered to the filing deadlines prescribed by the Equal Employment Opportunity Commission (EEOC), as evidenced by her timely initiation of the administrative process. The plaintiff's prompt filing of a retaliation charge within the statutory time limit is consistent with legal precedent and the Court's emphasis on adherence to filing requirements.

In *Mach Mining, LLC v. EEOC (2015)*, the Supreme Court clarified the EEOC's role in resolving discrimination claims through conciliation before filing suit. This case underscores the importance of the EEOC process as a remedy for employment discrimination and highlights the obligation of both the EEOC and the employer to engage in good faith efforts to resolve disputes before resorting to litigation. Also in *Ford v. Bernard Fineson Dev. Ctr. (1996)*, the court held that a plaintiff may not bring a Title VII lawsuit in federal court unless they have first filed a timely charge of discrimination with the EEOC and received a right-to-sue letter. The court emphasized the exhaustion of administrative remedies as a prerequisite for pursuing a federal lawsuit.This case reinforces the requirement for plaintiffs to exhaust their administrative remedies through the EEOC process before seeking judicial relief. *Morgan v. Swanson Communications (1999)*: In this case, the court held that a plaintiff who filed a timely charge of discrimination with the EEOC was not barred from bringing a subsequent lawsuit alleging

additional acts of discrimination that were like or reasonably related to those alleged in the charge. This demonstrates that while the initial charge filed with the EEOC sets the stage for litigation, it does not necessarily limit the scope of the plaintiff's claims in subsequent lawsuits. It underscores the EEOC process as a means of initiating legal action while allowing for the possibility of expanding the scope of the lawsuit to encompass related acts of discrimination.

**E. Plaintiff Otherwise Fails to State a Claim**

A request for exemption was made due to sincerely held religious beliefs inconsistent with the vaccine mandate, protected under the Free Exercise Clause of the First Amendment. Legal precedent supports the plaintiff's complaint, and dismissal for failure to state a claim should be granted sparingly, as established in *Swierkiewicz v. Sorema N.A. (534 U.S. 506, 2002)* and *Conley v. Gibson (355 U.S. 41, 1957)*. In addition, in *Bell Atlantic Corp. v. Twombly (2007)* the Supreme Court clarified that to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. However, the Court emphasized that a plaintiff is not required to prove its case at the pleading stage; rather, the complaint must provide enough factual detail to give the defendant fair notice of the claim and the grounds upon which it rests. Thus, a complaint need only present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the claim. In *Erickson v. Pardus (2007)* the Supreme Court reaffirmed that " a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers -" ensuring that their claims are not dismissed merely for technical deficiencies in pleading. The plaintiff's complaint contains sufficient factual matter to raise a plausible claim and provides fair notice to the defendant; therefore, should not be dismissed for failure to state a claim.

Thank you.

Respectfully,

Latanya Collins