UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LATANYA COLLINS,

Plaintiff,

-against-

THE CITY OF NEW YORK, and THE NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

***MURIEL GOODE-TRUFANT***
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-142*
*New York, N.Y. 10007-2601*


*Of Counsel: Steven E. Smith*
*Assistant Corporation Counsel*
*Tel: (212) 356-1106*
*Matter No. 2023-118426*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 2

      A.  The COVID-19 Vaccine Mandate ...................................................... 2

      B.  Plaintiff's Allegations in the Amended Complaint ................................................................... 3

STANDARD OF REVIEW ............................................................................................ 4

ARGUMENT

     POINT I

         THE CITY IS NOT A PROPER PARTY TO THIS ACTION AND SHOULD BE DISMISSED ............................................... 6

     POINT II

         PLAINTIFF'S CLAIMS SHOULD HAVE BEEN BROUGHT IN NEW YORK STATE COURT AS AN ARTICLE 78 PROCEEDING AND ARE THUS TIME-BARRED ....................................................... 7

     POINT III

         PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR HER FAILURE TO TIMELY FILE A NOTICE OF CLAIM ................................................. 9

     POINT IV

         PLAINTIFF FAILED TO TIMELY EXHAUST HER ADMINISTRATIVE REMEDIES ................................................. 10

     POINT V

         PLAINTIFF HAS OTHERWISE FAILED TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION ................................................. 11

A.   Statutory Claims ................................................................... 11

B.   Constitutional Claims ............................................................ 13

     i.    Free Exercise Claim............................................... 13

     ii.   Equal Protection Claim.......................................... 14

C.   The Legality of the Mandate.............................................. 15

CONCLUSION.................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Pages**

*Alexander v. Bd. of Educ.*,
    648 F. App'x 118 (2d Cir. 2016) ...........................................................5

*Antonyuk v. Chiumento*,
    89 F.4th 271 (2d Cir. 2023) ...............................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................5

*Beck-Nichols v. Bianco*,
    20 N.Y.3d 540 (2013) ........................................................................16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................5

*Broecker v. N.Y.C. Dep't of Educ.*,
    585 F. Supp. 3d 299 (E.D.N.Y. 2022),
    *aff'd*, No. 23-655, 2023 U.S. App. LEXIS 30076
    (2d Cir. Nov. 13, 2023)...........................................................15, 16, 17

*Brown v. N.Y.C. Dep't of Educ.*,
    No. 157642/2020, 2023 N.Y. Misc. LEXIS 173
    (Sup. Ct. New York County Jan. 12, 2023) ...................................12

*Buon v. Spindler*,
    65 F.4th 64 (2d Cir. 2023) ...............................................................12, 13

*Cannizzaro v. City of New York*,
    82 Misc. 3d 563
    (Sup. Ct. New York County 2023) ...................................................12

*Carter v. Syracuse City Sch. Dist.*,
    850 F. App'x 22 (2d Cir. 2021) ........................................................9

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)...........................................................5, 6

*Chick v. County of Suffolk*,
    546 F. App'x 58 (2d Cir. 2013) ........................................................15

*Crown v. Danby Fire Dist.*,
    676 F. App'x 87 (2d Cir. 2017) ........................................................16

**Cases**                                                                                              **Pages**

*Damino v. City of New York*,
    332 F. App'x 679 (2d Cir. 2009) ........................................................7, 8

*Davidson v. Bronx Mun. Hosp.*,
    473 N.E.2d 761, 64 N.Y.2d 59 (N.Y. 1984) ..............................................9

*Engquist v. Or. Dep't of Agric.*,
    553 U.S. 591 (2008) ...............................................................15

*Fowlkes v. Rodriguez*,
    584 F. Supp. 2d 561 (E.D.N.Y. 2008) .....................................................5

*Garland v. New York City Fire Dep't*,
    574 F. Supp. 3d 120 (E.D.N.Y. 2021) ...................................................17

*Golston-Green v. City of New York*,
    184 A.D.3d 24 (2d Dep't 2020) ........................................................12

*Hamel v. Barreto*,
    No. 15-CV-6324, 2018 U.S. Dist. LEXIS 49864
    (E.D.N.Y. Mar. 26, 2018) ...........................................................7, 8

*Hirsch v. Arthur Andersen & Co.*,
    72 F.3d 1085 (2d Cir. 1995)...........................................................5

*IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of*
    *Scot. Grp.*,
    783 F.3d 383 (2d Cir. 2015)...........................................................4

*Kahn v. N.Y.C. Dep't of Educ.*,
    79 A.D.3d 521 (1st Dep't 2010),
    *aff'd*, 963 18 N.Y.3d 457 (2012)......................................................8

*Kane v. De Blasio*,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022)...................................................14

*Kane v. De Blasio*,
    19 F.4th 152 (2d Cir. 2021) ........................................................3, 11, 14, 15

*Kennedy v. Bremerton Sch. Dist.*,
    597 U.S. 507 (2022)................................................................13

*Kern v. Joyce*,
    857 F. App'x 691 (2d Cir. 2021) .......................................................7

| Cases | Pages |
|---|---|

*Lee v. City of New York*,
221 A.D.3d 505 (1st Dep't 2023) ...........................................................7

*Littlejohn v. City of New York*,
795 F.3d 297 (2d Cir. 2015)...........................................................10, 12

*Lubin v. Bd. of Educ.*,
60 N.Y.2d 974 (1983),
*cert. denied*, 469 U.S. 823 (1984) .......................................................8

*Lynch v. City of New York*,
952 F.3d 67 (2d Cir. 2020)...................................................................5

*Maniscalco v. N.Y.C. Dep't of Educ.*,
563 F. Supp. 3d 33 (E.D.N.Y. 2021) ..............................................17, 18

*Marsteller v. City of New York*,
217 A.D.3d 543 (1st Dep't 2023) .........................................................7

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
715 F.3d 102 (2d Cir. 2013)...........................................................12, 13

*Mundy v. Nassau County Civil Serv. Comm'n*,
44 N.Y.2d 352 (1978) ..........................................................................8

*New York State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v. Cuomo*,
64 N.Y.2d 233 (1984) .........................................................................16

*O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of New York*,
213 A.D.3d 560 (1st Dep't 2023),
*aff'g,* No. 161040/2021, 2022 N.Y. Misc. LEXIS 246
(Sup. New York County Jan. 20, 2022)...................................15, 16, 17

*Ranco Sand & Stone Corp. v. Vecchio*,
27 N.Y.3d 92 (2016) ............................................................................8

*Read v. Corning Inc.*,
351 F. Supp. 3d 342 (W.D.N.Y. 2018) ................................................10

*Robertson v. Bd. of Educ.*,
175 A.D.2d 836 (2d Dep't 1991) ..........................................................8

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007)..................................................................4

**Cases**                                                                              **Pages**

*Salomon v. Town of Wallkill*,
   174 A.D.3d 720 (2d Dep't 2019) ........................................................... 8

*Sides v. New York State Div. of State Police*,
   No. 03-CV-153, 2005 U.S. Dist. LEXIS 12635
   (N.D.N.Y. June 28, 2005) ............................................................. 17-18

*Sotomayor v. City of New York*,
   862 F. Supp. 2d 226 (E.D.N.Y. 2012),
   *aff'd*, 713 F.3d 163 (2d Cir. 2013) ........................................................ 6

*Thorne-Long v. City of New York*,
   No. 1:23-cv-04305 (DG) (LB),
   (E.D.N.Y. May 6, 2024) ...................................................... 7, 8, 9, 14, 15

*Town of Huntington v. County of Suffolk*,
   195 A.D.3d 851 (2d Dep't 2021) ........................................................... 8

*Town of Oyster Bay v. Kirkland*,
   19 N.Y.3d 1035 (2012),
   *cert. denied*, 568 U.S. 1213 (2013) .................................................... 10

*Vega v. Hempstead Union Free Sch. Dist.*,
   801 F.3d 72 (2d Cir. 2015) ...................................................... 12, 13, 14

*We the Patriots USA, Inc. v. Hochul*,
   17 F.4th 266,
   *opinion clarified*, 17 F.4th 368
   (2d Cir. 2021) ................................................................................ 14, 17

*Wellner v. Montefiore Med. Ctr.*,
   No. 17-cv-3479 (KPF), 2019 U.S. Dist. LEXIS 147844
   (S.D.N.Y. Aug. 29, 2019) ..................................................................... 12

*White v. Andy Frain Servs.*,
   629 F. App'x 131 (2d Cir. 2015) ......................................................... 12

**Statutes**

42 U.S.C. § 1983 .................................................................................. 11, 13

C.P.L.R. § 217 ............................................................................................. 7

C.P.L.R. § 217(1) ....................................................................................... 7

C.P.L.R. § 7801 .......................................................................................... 7

| **Statutes** | **Pages** |
|---|---|
| C.P.L.R. § 7803 | 7 |
| Fed. R. Civ. P. 12 | 4 |
| Fed. R. Civ. P. 12(b)(6) | 1, 2, 7 |
| N.Y. Educ. Law § 3020-a | 16 |
| N.Y. Educ. Law § 3813 | 9 |
| N.Y. Educ. Law § 3813(1) | 9 |
| N.Y. Exec. Law § 300 | 12 |
| N.Y. Labor Law § 27-a | 16 |

## PRELIMINARY STATEMENT

In order to combat the deadly COVID-19 pandemic that raged through the United States and the world, New York City and its agencies enacted the condition of employment that their employees be vaccinated against COVID-19—a requirement that was especially important for employees of the New York City public school system because of their constant exposure to young students. Recognizing, however, that some individuals' religious beliefs may preclude them from receiving the vaccines, the mandate allowed affected employees to apply for a religious exemption, and appellate procedures developed over time. Plaintiff here sought an exemption purportedly based on her religious beliefs (which she does not describe with any specificity in the Amended Complaint), but when her request was denied, she failed to avail herself of the appeal process. Her Amended Complaint should accordingly be dismissed.

Plaintiff *pro se* Latanya Collins, a former teacher, claims that she availed herself of said appellate procedures and now brings the instant action asserting that her employers, Defendants the City of New York ("City") and the New York City Department of Education ("DOE"), violated Title VII of the Civil Rights Act of 1964, the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the New York State and City Human Rights Laws ("SHRL" and "CHRL," respectively) by denying her request for a religious exemption to the COVID-19 vaccine mandate and terminating her for failing to comply with the mandate, which was a condition of her employment.

Defendants now move to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) the City is not a proper party to this proceeding; (2) Plaintiff should have brought these claims in New York state court in a special proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") and is thus time-barred; (3) Plaintiff's state law claims should be dismissed for her failure to timely

file and serve a Notice of Claim ("NOC"); (4) Plaintiff failed to timely exhaust her remedies; and (5) Plaintiff has otherwise failed to state a claim for religious discrimination under any law.

For these reasons and as more amply stated below, this Court should grant Defendants' motion to dismiss pursuant to Rule 12(b)(6).

## STATEMENT OF FACTS

### A. The COVID-19 Vaccine Mandate

On August 24, 2021, then–Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dr. Dave Chokshi, issued an Order requiring all DOE employees to show proof of at least one dose of vaccination against COVID-19 by September 27, 2021 ("DOE Order"). *See* DOE Order, dated August 24, 2021, annexed to the Declaration of Steven E. Smith ("Smith Declaration" or "Smith Decl.") as Exhibit "A." The DOE Order states, in pertinent part, that by September 27, 2021, City employees needed to provide proof to the agency or office where they work that: (1) they have been fully vaccinated against COVID-19; or (2) they have received a single-dose COVID-19 vaccine, even if two weeks have not passed since they received the vaccine; or (3) they have received the first dose of a two-dose COVID-19 vaccine. *Id.* at 2 ¶ 1.

After the issuance of the DOE Order, DOE and United Federation of Teachers ("UFT"), the bargaining unit for teachers employed by DOE, negotiated regarding the impact of the DOE Order. Those negotiations reached an impasse and, on September 10, 2021, Arbitrator Martin F. Scheinman issued a decision to resolve the impasse, establishing: (1) a process for exemptions and accommodation requests; (2) options to voluntarily separate from service with certain benefits or extend LWOP with health benefits for employees who did not comply with the DOE Order; and (3) that starting December 1, 2021, DOE could seek to "unilaterally separate employees" who had been placed on LWOP due to vaccination status and had not either opted for

separation or extended such LWOP pursuant to the provisions set forth in Arbitrator Scheinman's decision. *See In the Matter of the Arbitration Between Board of Education of the City School District of the City of New York and United Federation of Teachers, Local 2, AFT, AFL-CIO, re: Impact Bargaining* ("Impact Arbitration Award" or "IAA"), dated September 10, 2021, annexed to the Smith Decl. as Exhibit "B."

**B.  Plaintiff's Allegations in the Amended Complaint**

Plaintiff *pro se* Latanya Collins alleges that she is a former teacher with DOE, beginning her career in September 2004. *See* Amended Compl. ¶ 9, ECF No. 15. She brings the instant action asserting that Defendants discriminated against her religion by denying her request for a religious exemption from the COVID-19 vaccine mandate and terminating her for failing to comply with the mandate, which was a condition of her employment. *See generally id.* Specifically, Plaintiff alleges that on September 21, 2021, she submitted an exemption request to DOE "express[ing] her sincerely held religious objection to the COVID-19 vaccine." *Id.* ¶ 17. DOE denied her exemption request on September 22, 2021. *Id.* ¶ 18.

Plaintiff alleges she thereafter appealed to an independent arbitrator pursuant to the IAA (Ex. B), which was denied, and appealed again in October 2021 to the Citywide Reasonable Accommodations Appeals Panel ("Citywide Panel") and never received a decision. *Id.* ¶¶ 19-20. However, it should be noted that the appeal process to the Citywide Panel for DOE employees did not exist until *after* November 15, 2021—which is explained in the Second Circuit's November 28, 2021 decision in *Kane v. De Blasio*, 19 F.4th 152, 162 (2d Cir. 2021). An Order issued by the Second Circuit's Motions Panel on November 15, 2021 established that DOE employees who unsuccessfully appealed the denial of an exemption request to an independent arbitrator pursuant to the IAA (Ex. B) could then appeal to the Citywide Panel. *See Kane*, 19 F.4th at 162; Amended

Compl. ¶¶ 27-29, ECF No. 15. Ultimately, on February 11, 2022, Plaintiff's employment was terminated. *Id.* ¶¶ 25, 30.

Plaintiff filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), the first on October 15, 2021 and the second on February 21, 2023. *Id.* ¶¶ 45-46; Pl.'s 2nd EEOC Charge, dated February 21, 2023, annexed to the Smith Decl. as Exhibit "C." In her second charge (filed on February 21, 2023), Plaintiff made allegations similar to those summarized above and also alleged that she has a "Problem Code" associated with her name that prevents her from finding other work. Ex. C (Pl.'s 2nd EEOC Charge). The EEOC issued two Right to Sue letters. *See* Amended Compl. ¶¶ 45-46, Pl.'s Exs. C, D, ECF No. 15. The first letter was issued on July 1, 2022 stemming from Plaintiff's October 15, 2021 charge, which Plaintiff did not act on. *See* Amended Compl. ¶ 45, Pl.'s Ex. C, ECF No. 15. The second letter was issued on September 18, 2023 stemming from her February 21, 2023 charge. *See* Amended Compl. ¶ 46, Pl. Ex. D, ECF No. 15. Plaintiff initiated this action by filing her original Complaint on December 14, 2023. *See generally* Compl., ECF No. 1. Plaintiff thereafter filed the operative Amended Complaint on March 29, 2024. *See generally* Amended Compl., ECF No. 15.

## **STANDARD OF REVIEW**

On a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, a court "must accept as true all of the factual allegations set out in [a] plaintiff's complaint, draw inferences from those allegations in the light most favorable to [the] plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007). That said, the complaint must still "plead enough facts to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp.*, 783 F.3d 383, 389 (2d Cir. 2015) (quotation marks and citation omitted).

A plaintiff has pled a facially plausible claim if the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). But for a claim within a complaint to be plausible, the complaint must do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* (first alteration added) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff in addressing a plaintiff's claim on a motion to dismiss, it is not required "to give effect to a complaint's assertions of law or legal conclusions couched as factual allegations." *Lynch*, 952 F.3d at 75-76. Indeed, where "attenuated allegations supporting the claim were contradicted both by more specific allegations in the Complaint by facts of which [a] [court] may take judicial notice," dismissal is appropriate. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995)).

Moreover, a court is permitted to consider materials and "relevant documents" outside the Complaint and its exhibits if they "were either incorporated by reference in or were integral to the [C]omplaint." *Alexander v. Bd. of Educ.*, 648 F. App'x 118, 120, 120 n.2 (2d Cir. 2016) (citations omitted). Although the Court must accept Plaintiff's allegations as true, it is "permitted to consider and take judicial notice of certain documents, such as matters of public record, and reject the truthfulness of those allegations that are contradicted by the documents." *Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561, 574 (E.D.N.Y. 2008). Specifically, the Court can consider "documents attached to the complaint as an exhibit or incorporated in it by reference . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*,

282 F.3d 147, 153 (2d Cir. 2002) (citation and quotation marks omitted; alterations in original). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Id.* (quotation marks and citation omitted).

Based on this authority, the Court should consider: (1) Exhibit A to the Smith Declaration, the DOE Order setting forth the COVID-19 vaccine mandate because Plaintiff directly references it throughout the Amended Complaint; (2) Exhibit B to the Smith Declaration, the IAA setting forth the appellate procedure involving an independent arbitrator that was replaced by the appellate procedure involving the Citywide Panel because Plaintiff's claims hinge on the appellate procedures, and she directly references the IAA in paragraph "16" of the Amended Complaint; and (3) Exhibit C to the Smith Declaration, Plaintiff's second EEOC Charge, dated February 21, 2023, because she directly references it in paragraph "46" of the Amended Complaint.

## ARGUMENT

### POINT I

### THE CITY IS NOT A PROPER PARTY TO THIS ACTION AND SHOULD BE DISMISSED

Because Plaintiff's allegations rest on acts allegedly committed by DOE and its employees, the City should be dismissed as a Defendant. It is well-settled that "[t]he City and the DOE are separate legal entities, and the City cannot be held liable" for any alleged wrongdoing by DOE. *See, e.g.*, *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 248 (E.D.N.Y. 2012), *aff'd*, 713 F.3d 163 (2d Cir. 2013). Here, Plaintiff alleges that it was DOE, not the City, that denied her exemption requests, terminated her employment, and placed a Problem Code in her file. *See generally* Amended Compl., ECF No. 15. Indeed, in an Eastern District of New York case with

very similar claims and facts related to the COVID-19 DOE vaccine mandate, Magistrate Judge Lois Bloom recommended that the City be dismissed from the action as an improper defendant. *See* R. & R. (ECF No. 24), *Thorne-Long v. City of New York*, No. 1:23-cv-04305 (DG) (LB), at *7-10 (E.D.N.Y. May 6, 2024). The City should therefore be dismissed from this action.

**POINT II**

**PLAINTIFF'S CLAIMS SHOULD HAVE BEEN BROUGHT IN NEW YORK STATE COURT AS AN ARTICLE 78 PROCEEDING AND ARE THUS TIME-BARRED**

The Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff's claims challenge administrative determinations by an agency of the City, i.e. the decisions by DOE to twice deny her requests for religious exemptions and then terminate her employment for failing to comply with the vaccine mandate. A proceeding in New York state court under Article 78 is the proper avenue for challenging such decisions. *See* CPLR §§ 7801, 7803; *see also Kern v. Joyce*, 857 F. App'x 691, 693 (2d Cir. 2021) (citations omitted). Indeed, most of the previous challenges to employment decisions involving the City's vaccine mandate have been brought in New York state court as Article 78 proceedings. *See, e.g.*, *Lee v. City of New York*, 221 A.D.3d 505 (1st Dep't 2023); *Marsteller v. City of New York*, 217 A.D.3d 543 (1st Dep't 2023). Because this case should have been filed as an Article 78 proceeding, it is untimely, as Plaintiff filed this proceeding more than four months after the determination to be reviewed became final and binding.

CPLR Section 217 provides that a proceeding under Article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." CPLR § 217(1); *Damino v. City of New York*, 332 F. App'x 679, 682 (2d Cir. 2009) (citing CPLR § 217); *Hamel v. Barreto*, No. 15-CV-6324, 2018 U.S. Dist. LEXIS 49864, at *8-9

(E.D.N.Y. Mar. 26, 2018); *Ranco Sand & Stone Corp. v. Vecchio*, 27 N.Y.3d 92, 98 (2016). An administrative determination becomes final and binding "when the decisionmaker arrives at a definitive position on the issue that inflicts an actual, concrete injury . . . and the petitioner seeking review has been aggrieved by it." *Town of Huntington v. County of Suffolk*, 195 A.D.3d 851, 852 (2d Dep't 2021) (internal quotation marks and citations omitted); *accord Robertson v. Bd. of Educ.*, 175 A.D.2d 836, 837 (2d Dep't 1991) (holding that a decision becomes final and binding when "the petitioner has received notice of the determination and is aggrieved by it"); *see also Lubin v. Bd. of Educ.*, 60 N.Y.2d 974, 976 (1983), *cert. denied*, 469 U.S. 823 (1984).

Thus, the four-month statute of limitations begins running on the date on which the administrative determination "has its impact" on the petitioner. *Salomon v. Town of Wallkill*, 174 A.D.3d 720, 721 (2d Dep't 2019) (citations omitted); *see Mundy v. Nassau County Civil Serv. Comm'n*, 44 N.Y.2d 352, 357-58 (1978) ("[The] 'final and binding' determination from which the four-month limitations period is measured . . . is the point when the challenged action has its impact."). The four-month statute of limitations "is not extended by the petitioner's pursuit of administrative remedies." *See Kahn v. N.Y.C. Dep't of Educ.*, 79 A.D.3d 521, 522 (1st Dep't 2010), *aff'd*, 963 18 N.Y.3d 457, 467-68 (2012).

Here, the most recent relevant governmental decision that Plaintiff alleges is the termination of her employment with DOE, which was on February 11, 2022. *See* Amended Compl. ¶¶ 25, 30. Thus, to timely file this case, Plaintiff would have had to commence this proceeding within four months of the final and binding determination to terminate her employment, which was June 11, 2022. *See Damino*, 332 F. App'x at 682; *Hamel*, 2018 U.S. Dist. LEXIS 49864, at *8-9; *Ranco Sand & Stone Corp.*, 27 N.Y.3d at 98. In fact, Magistrate Judge Bloom recommended in *Thorne-Long* that the City defendants' motion to dismiss be granted in part on the grounds that

the plaintiff originally should have brought her claims in an Article 78 proceeding but would not be time-barred from doing so because the date of her termination, also February 11, 2022, was the day that the four-month statute of limitations began running. *See* R. & R. (ECF No. 24), *Thorne-Long*, No. 1:23-cv-04305 (DG) (LB), at *8-10. By the same token, Plaintiff did not commence this action until December 14, 2023, more than 18 months too late. Thus, because Plaintiff did not file her claim before the four-month statute of limitations expired on June 11, 2022, the Complaint should be dismissed in its entirety.

**POINT III**

**PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR HER FAILURE TO TIMELY FILE A NOTICE OF CLAIM**

Plaintiff's SHRL and CHRL claims should be dismissed because she failed to timely file an NOC. Education Law Section 3813 requires that a potential plaintiff file an NOC against DOE within 90 days of their claim accruing before bringing any claim against DOE. N.Y. Educ. Law § 3813(1); *Carter v. Syracuse City Sch. Dist.*, 850 F. App'x 22, 25 (2d Cir. 2021).

Here, Plaintiff did not file her NOC within three months of the accrual of her claims. As discussed in Point II, *supra*, all of Plaintiff's claims accrued at the latest by February 11, 2022 when her employment was terminated. *See* Amended Compl. ¶¶ 25, 30. Thus, to be timely, Plaintiff would have needed to serve an NOC by May 11, 2022; she did not do so, as she concedes, until February 21, 2023, more than nine months too late. *Id.* ¶ 43. Because Plaintiff failed to timely serve an NOC, she has failed to satisfy a necessary condition precedent to bringing any state law claim against DOE. N.Y. Educ. Law § 3813(1); *Carter*, 850 F. App'x at 25; *see also Davidson v. Bronx Mun. Hosp.*, 473 N.E.2d 761, 762-63, 64 N.Y.2d 59, 61-62 (N.Y. 1984). Accordingly, Plaintiff's SHRL and CHRL claims against DOE should be dismissed.

## POINT IV

### PLAINTIFF FAILED TO TIMELY EXHAUST
### HER ADMINISTRATIVE REMEDIES

The Amended Complaint should be dismissed because Plaintiff failed to exhaust her administrative remedies. A plaintiff cannot pursue a Title VII action without first exhausting her administrative remedies, filing a charge with the EEOC within 300 days of the discriminatory act, and filing an action within 90 days of receipt of a Right to Sue letter. *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015). Here, Plaintiff filed her first EEOC charge on October 15, 2021 and received her first Right to Sue letter on July 1, 2022, but did not file this action until December 14, 2023, more than a year after the 90-day window to file an action expired. *Id. See generally* Amended Compl. On the other hand, although Plaintiff filed this action within 90 days of receiving her second Right to Sue letter, she filed the underlying charge outside of the 300-day window: Plaintiff was terminated on February 11, 2022, meaning she needed to file this charge by December 8, 2022, yet she filed the charge more than two months too late on February 21, 2023. *Id.* Thus, Plaintiff's Title VII claims should be dismissed for failure to timely exhaust.

As to her remaining claims, they too should be dismissed for failure to exhaust. Exhaustion requirements apply to any claim brought against a government agency, including constitutional claims if the relief ultimately sought can be granted by the agency. *Read v. Corning Inc.*, 351 F. Supp. 3d 342, 349 (W.D.N.Y. 2018); *Town of Oyster Bay v. Kirkland*, 19 N.Y.3d 1035, 1038 (2012), *cert. denied*, 568 U.S. 1213 (2013). Although Plaintiff alleges that she filed appeals with the arbitrator and then the Citywide Panel in October 2021, *see* Amended Compl. ¶¶ 19-20, none of the five exhibits Plaintiff annexed to her Amended Complaint provide evidence that she filed said appeals. Pl.'s Exs. A-E, ECF No. 15.

Moreover, most critically, and dispositively, appeals to the Citywide Panel were not available to DOE employees until after the Second Circuit Motion Panel's November 15, 2021 Order, which is explained in the Circuit's subsequent decision in *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021). *Kane* affirmed the November 15, 2021 Motions Panel Order requiring denied exemption requests and appeals of DOE employees be given "fresh consideration . . . by a central citywide panel." *Id.* at 162-63. Thus, contrary to the allegations in the Amended Complaint, it would not have been possible for Plaintiff to appeal to the Citywide Panel in October 2021 because appealing to the Citywide Panel did not become an option for DOE employees until November 15, 2021 at the earliest. *Id.* Because Plaintiff failed to properly appeal her denials, she failed to exhaust her administrative remedies, and her remaining claims should be dismissed.

### POINT V

### PLAINTIFF HAS OTHERWISE FAILED TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION

Even if Plaintiff's Amended Complaint is not dismissed on any procedural grounds, it is clear that the merits of a religious discrimination claim under any law are not supported by the allegations within the Amended Complaint, and it should thus be dismissed. Plaintiff brings constitutional claims of religious discrimination pursuant to Section 1983 under the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, as well as statutory religious discrimination claims under Title VII, the SHRL, and the CHRL, but she has not adequately stated a claim of religious discrimination under any law.

### A. Statutory Claims

Plaintiff's claims of religious discrimination pursuant to Title VII, the SHRL, and the CHRL should be dismissed because the Amended Complaint fails to allege facts showing that Plaintiff is a member of a protected class or that an inference of discrimination underpins the denial

of her exemption requests, termination of her employment, or alleged "Problem Code" placement.

The standard to state a claim for religious discrimination under all three statutes is nearly the same.

Under Title VII, a plaintiff needs to plausibly plead "that (1) the employer took adverse action

against [her] and (2) [her] . . . religion . . . was a motivating factor in the employment decision."

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).

Importantly, though, "for a [Title VII] discrimination claim to survive a motion to

dismiss, absent direct evidence of discrimination, what must be plausibly supported by facts

alleged in the complaint is that the plaintiff (1) is a member of a protected class, (2) was qualified

[for the position], (3) suffered an adverse employment action, and (4) has at least minimal support

for the proposition that the employer was motivated by discriminatory intent."  *Buon v. Spindler*,

65 F.4th 64, 79 (2d Cir. 2023) (quoting *Littlejohn*, 795 F.3d at 311).  By contrast, under the CHRL

and SHRL,[1] a "plaintiff need only show differential treatment—that she is treated 'less well'

[rather than an adverse employment action]—because of discriminatory intent."  *Mihalik v. Credit

Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (citations omitted); *see also

White v. Andy Frain Servs.*, 629 F. App'x 131, 133 (2d Cir. 2015).

Here, Plaintiff failed to even identify what her protected class is.  *See generally

Amended Compl., ECF No. 15.  Her failure to identify a protected class is fatal to her claims of

discrimination under any statute.  *Buon*, 65 F.4th at 79; *Vega*, 801 F.3d at 86; *Mihalik*, 715 F.3d at

110.  Moreover, there are no allegations within the Amended Complaint that suggest that an

---

[1] The New York State Legislature amended the SHRL in 2019 such that its protection standards became closer or identical to the CHRL protection standards.  Executive Law § 300; *Wellner v. Montefiore Med. Ctr.*, No. 17-cv-3479 (KPF), 2019 U.S. Dist. LEXIS 147844, at *12 n.4 (S.D.N.Y. Aug. 29, 2019); *Golston-Green v. City of New York*, 184 A.D.3d 24, 35 n.1 (2d Dep't 2020) (citing SHRL, Executive Law § 300, as amended by L. 2019, ch. 160, § 6); *Cannizzaro v. City of New York*, 82 Misc. 3d 563 (Sup. Ct. N.Y. County 2023); *Brown v. N.Y.C. Dep't of Educ.*, No. 157642/2020, 2023 N.Y. Misc. LEXIS 173, at *11-13 (Sup. Ct. N.Y. County Jan. 12, 2023).  But whatever the standard may be, because Plaintiff cannot meet the CHRL standard for discrimination, it is clear that she has not met the SHRL standard, either.  *Wellner*, 2019 U.S. Dist. LEXIS 147844 at *12 n.4; *Golston-Green*, 123 N.Y.S.3d at 665 n.1, 184 A.D.3d at 35 n.1

inference of discrimination underlies the denial of her exemption requests, termination of her employment, or alleged "Problem Code" placement. *See generally* Amended Compl., ECF No. 15. Even if Plaintiff could demonstrate less well treatment or an adverse employment action, Plaintiff fails to identify a protected class or show any action was motivated by discriminatory animus. *Buon*, 65 F.4th at 79; *Vega*, 801 F.3d at 86; *Mihalik*, 715 F.3d at 110. Therefore, Plaintiff's statutory claims of discrimination must be dismissed.

## B. Constitutional Claims

The Amended Complaint does not contain sufficient allegations to support either of Plaintiff's Free Exercise or Equal Protection claims. Claims brought pursuant to Section 1983 must allege: "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) [that] the alleged deprivation was committed by a person acting under color of state law," which would include "[a] state employee acting in his official capacity." *Vega*, 801 F.3d at 87-88 (internal quotation marks and citations omitted). Plaintiff has failed to sufficiently allege the first element of a Section 1983 claim under either the First or Fourteenth Amendments.

### i. Free Exercise Claim

Regarding Plaintiff's Free Exercise claim, she has not alleged facts suggesting that the vaccine mandate or process to request a religious exemption were not neutral or generally applicable or that they unfairly targeted her religion. "[A] plaintiff may carry the burden of proving a [F]ree [E]xercise violation . . . by showing that a government entity has burdened [her] sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'" *Antonyuk v. Chiumento*, 89 F.4th 271, 346 (2d Cir. 2023) (quoting *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022)). Here, Plaintiff has not alleged what religious practice was burdened by DOE's vaccine mandate and exemption procedure; she has not even stated what her protected category of religion allegedly is. *See generally* Amended Compl., ECF No. 15. Nor has she identified any

way in which the vaccine mandate and exemption procedure targeted only members of her supposed protected category so as to render it not "neutral" or "generally applicable." *Id.*

Even if Plaintiff had pleaded such allegations, the claim would nevertheless fail because the Second Circuit has already upheld this and similar COVID-19 vaccine mandates against Free Exercise challenges. *Kane*, 19 F.4th at 163-67; *see also We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 290, *opinion clarified*, 17 F.4th 368 (2d Cir. 2021). In fact, the Second Circuit and a District Judge have already explicitly determined that the City's DOE vaccine mandate that applied to Plaintiff does not violate the First Amendment. *Kane v. De Blasio*, 623 F. Supp. 3d 339 (S.D.N.Y. 2022); *Kane*, 19 F.4th at 163-67; *We the Patriots USA, Inc.*, 17 F.4th at 353-59. Furthermore, Magistrate Judge Bloom recommended in *Thorne-Long* that the City defendants' motion to dismiss be granted in part on the grounds that the complaint's allegations were not sufficient to support a Free Exercise claim on similar facts. *See* R. & R. (ECF No. 24), *Thorne-Long*, No. 1:23-cv-04305 (DG) (LB), at *10-12. Finally, the Second Circuit found the exemption procedure established in the November 15, 2021 Motions Panel Order set forth a constitutionally sound process. *Kane*, 19 F.4th at 162. As such, Plaintiff has failed to state a Free Exercise claim, and it should be dismissed.

ii. **Equal Protection Claim**

As to Plaintiff's Equal Protection claim, it should also be dismissed due to Plaintiff's failure to identify her protected class or show an inference of discrimination, given that "class-of-one" claims do not lie in public employment. Assuming that the "under color of state law" requirement is met, Equal Protection claims are analyzed identically to Title VII claims. *Vega*, 801 F.3d at 87-88. Therefore, as discussed in Point V(A) *supra*, Plaintiff's religious discrimination claims fail under the Equal Protection Clause as well because she has not identified her protected class or shown that discriminatory animus motivated any adverse employment action

against her.  Moreover, "class-of-one" claims are not available in the public employment context. *Chick v. County of Suffolk*, 546 F. App'x 58, 60 (2d Cir. 2013) (citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 607 (2008)).  Furthermore, the Second Circuit rejected an Equal Protection challenge to the DOE COVID-19 vaccine mandate in *Kane*, finding "When a free exercise challenge fails, any equal protection claims brought on the same grounds are subject only to rational-basis review," a standard which the mandate easily satisfies.  *Kane*, 19 F.4th at 167 n.14 (quotation marks and citations omitted).  Finally, Magistrate Judge Bloom recommended in *Thorne-Long* that the City defendants' motion to dismiss be granted in part on the grounds that the complaint's allegations were not sufficient to support an Equal Protection claim on similar facts. *See* R. & R. (ECF No. 24), *Thorne-Long*, No. 1:23-cv-04305 (DG) (LB), at *10-12.  Thus, Plaintiff's Equal Protection claim also fails and should be dismissed.

## C.   The Legality of the Mandate

Plaintiff's termination was not disciplinary but was instead the result of a condition of employment that she failed to meet.  The City and DOE required all staff to be vaccinated against COVID-19 as a condition of employment, a condition which numerous courts have found to be legally sound and enforceable.  *See Broecker v. N.Y.C. Dep't of Educ.*, 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022) (holding that the DOE Order created a "lawful condition of employment"), *aff'd*, No. 23-655, 2023 U.S. App. LEXIS 30076 (2d Cir. Nov. 13, 2023); *O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, 213 A.D.3d 560, 562 (1st Dep't 2023) (citations omitted) ("[T]he requirement that every DOE employee be vaccinated against COVID-19 . . . is a 'qualification of employment unrelated to job performance, misconduct, or competency.'"), *aff'g*, No. 161040/2021, 2022 N.Y. Misc. LEXIS 246, at *5 (Sup. Ct. N.Y. County Jan. 20, 2022) (recognizing that vaccination was a "prerequisite to doing the job in the first instance").  An

employee who fails to meet this condition may lawfully be subject to termination. *O'Reilly*, 213 A.D.3d at 567-68 (citing *Broecker*, 585 F. Supp. 3d at 314, *aff'd*, 2023 U.S. App. LEXIS 30076).

Importantly, courts have found DOE employees received sufficient due process, which requires only notice and an opportunity to respond, in being given ample opportunity to show proof of vaccination or request exemptions. *Id.* at 568 (citing *Beck-Nichols v. Bianco*, 20 N.Y.3d 540, 559 (2013)); *see also Broecker*, 585 F. Supp. 3d at 314, *aff'd*, 2023 U.S. App. LEXIS 30076. Because the issue of vaccination involves a condition of employment and not some other basis for termination such as misconduct, no hearing was required under New York Education Law Section 3020-a. *O'Reilly*, 213 A.D.3d at 568 (citing *Beck-Nichols*, 20 N.Y.3d at 559). Here, between an opportunity to submit a request for a religious exemption, an appeal of the denials of those requests, and multiple notices that her failure to comply with this condition could and would result in her termination, it is clear that Plaintiff received constitutionally adequate process, and as noted, she was not entitled to a hearing pursuant to Education Law section 3020-a. *O'Reilly*, 213 A.D.3d at 568 (citing *Beck-Nichols*, 20 N.Y.3d at 559).

It need only be added that the City and DOE, as government employers, have a duty to maintain a safe workplace. *See generally* N.Y. Labor Law § 27-a; *Broecker*, 585 F. Supp. 3d at 316, *aff'd*, 2023 U.S. App. LEXIS 30076 (citing N.Y. Labor Law § 27-a). The decision of how best to do so is within the discretion of the municipal employer. *Id.*; *see Crown v. Danby Fire Dist.*, 676 F. App'x 87, 92 (2d Cir. 2017); *New York State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v. Cuomo*, 64 N.Y.2d 233, 237-40 (1984). Here, the City vaccine mandate was lawful and enforceable and, while it was in effect, required that all City employees be vaccinated, absent a granted exemption or accommodation. The City and DOE created a lawful, enforceable qualification of employment that all employees must have met in order to remain

employed. *See Broecker*, 585 F. Supp. 3d at 314; *Garland v. N.Y.C. Fire Dep't*, 574 F. Supp. 3d 120, 128-29 (E.D.N.Y. 2021); *We the Patriots USA, Inc.*, 17 F.4th at 293-94, *opinion clarified*, 17 F.4th 368 (upholding vaccination as a "condition of employment" in the healthcare field); *O'Reilly*, 213 A.D.3d at 567-68 (citations omitted), *aff'g*, No. 161040/2021, 2022 N.Y. Misc. LEXIS 246.

As the Court explained in *Maniscalco v. N.Y.C. Dep't of Educ.*, 563 F. Supp. 3d 33, 40 (E.D.N.Y. 2021), "[s]ince its emergence, COVID-19 has killed over 4.5 million people worldwide, with over 670,000 of those deaths taking place in the United States," and vaccination is "one of the most highly regarded" tools available to "reduce viral transmission." Furthermore, the Court stated in *Garland*, 574 F. Supp. 3d at 129, that "[g]iven the state of public health emergency that our nation finds itself in due to the Coronavirus, the more transmissible Delta and Omicron variants, and the nature of Plaintiffs' job as firefighters and EMT employees, interacting with members of the public on an emergency basis, and living in close quarters during their shifts, the . . . Commissioner was within his powers to require COVID-19 vaccination as a qualification of employment for FDNY employees." Most importantly, "[u]ltimately, it is up to local government, not the courts, to balance the competing public health and business interests, and here, the New York City government and the FDNY have done so in issuing and enforcing the vaccination requirement for employees of the FDNY." *Id.* at 134.

Thus, given the public health emergency posed by COVID-19 and the public-facing nature of a DOE teacher's work, Defendants, in compliance with the lawful Citywide vaccine mandate, could not permit unvaccinated employees, absent exemption or accommodation required by law, to perform work for the City or the DOE. When, "as here, the [plaintiff's] proposed accommodation could conceivably threaten to compromise public safety, the employer's burden of establishing an undue burden is light indeed." *Sides v. New York State Div. of State Police*, No.

03-CV-153, 2005 U.S. Dist. LEXIS 12635, at *17 (N.D.N.Y. June 28, 2005). Because Plaintiff was not entitled to an exemption, Defendants cannot permit Plaintiff to substitute her preference for weekly testing in place of vaccination, which is "one of the most highly regarded" tools available to "reduce viral transmission." *Maniscalco*, 563 F. Supp. 3d at 40. As such, the Amended Complaint should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, it is clear that Plaintiff's claims, both substantively and procedurally, fail. Therefore, Defendants respectfully request that the Court dismiss the Complaint, deny Plaintiff's requests for relief in all respects, and enter judgment for the Defendants, together with such other and further relief as the Court deems just and proper. In the alternative, Defendants respectfully request that the Court permits Defendants 30 days from the date of the Court's Order to Answer the Complaint.

Dated:   New York, New York
      June 13, 2024

           **MURIEL GOODE-TRUFANT**
           Acting Corporation Counsel of the
            City of New York
           *Attorney for Defendants*
           100 Church Street, Room 2-142
           New York, New York 10007
           (212) 356-1106

       By: _____
              Steven E. Smith
            Assistant Corporation Counsel