

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN E. SMITH**
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-1106
stevsmit@law.nyc.gov

September 24, 2024

**VIA ECF**
Hon. Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Collins v. City of New York et al.*
           1:23-cv-9248 (NCM) (JAM)

Dear District Judge Merle:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendants the City of New York ("City") and the New York City Department of Education ("DOE") in the above-referenced action. Pursuant to Magistrate Judge Joseph A. Marutollo's Docket Entry Order, dated September 23, 2024, I write to respectfully inform the Court that Defendants do not consent to, and formally oppose as set forth below, Plaintiff's motion for leave to amend the Complaint, ECF No. 29, because Plaintiff's Proposed Second Amended Complaint, ECF No. 29-1 ("SAC"), is extraordinarily prolix. In addition, to the extent that Plaintiff asks the Court to consolidate this case with *Hogan et al. v. City of New York et al.*, No. 1:23-cv-8727 (RER) (PK), Defendants do not consent because the plaintiffs' claims in *Hogan*, and Plaintiff's claims in this action, are too dissimilar from one another to be considered part of any purported class.

      Defendants do not consent to Plaintiff's extraordinarily long and burdensome SAC because it violates Rule 8. A court may deny leave to amend under Rule 15 if the opposing party can show that it is prejudiced by the proposed amendments. *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102-03 (D. Conn. 2008); *see Ko v. JP Morgan Chase Bank, N.A.*, 730 F. App'x 62, 64 (2d Cir. 2018); *see also Bank v. Spark Energy, LLC*, No. 19-CV-04478 (PKC) (LB), 2020 U.S. Dist. LEXIS 219352, at *4-12 (E.D.N.Y. Nov. 23, 2020), *aff'd*, 860 F. App'x 205, 206-07 (2d Cir. 2021); *City of New York v. Group Health, Inc.*, 649 F.3d 151, 156-58 (2d Cir. 2011). A

party may show that it is prejudiced by a proposed amended pleading if the party can demonstrate that the new pleading "materially change[s] the scope of the litigation." *Lamoureux*, 250 F.R.D. at 103; *see also Bank*, 2020 U.S. Dist. LEXIS 219352, at *4-12, *aff'd*, 860 F. App'x at 206-07; *Group Health, Inc.*, 649 F.3d at 156-58. Moreover, a court may deny leave to file an amended pleading if the party opposing the pleading can show "undue burden [or] bad faith" on the part of the party seeking to amend. *Lamoureux*, 250 F.R.D. at 103; *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bank*, 2020 U.S. Dist. LEXIS 219352, at *4-12, *aff'd*, 860 F. App'x at 206-07; *Group Health, Inc.*, 649 F.3d at 156-58.

Furthermore, Rule 8(a)(2) requires that "[a] pleading that states a claim for relief must contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The Second Circuit has noted that "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal quotation marks and citations omitted). A court may even dismiss an action with prejudice because of a prolix pleading, especially if the amended pleading is too verbose and filled with irrelevant material, as is the case here. *Id.* at 42-43.

The SAC violates Rule 8 and should be denied under Rule 15 because it is 835 paragraphs and 100 pages long—the Tracked Changes alone are 107 pages, ECF No. 29-2—which is the complete opposite of "a short and plain statement" and would clearly "materially change the scope of the litigation." Fed. R. Civ. P. 8(a)(2); *Lamoureux*, 250 F.R.D. at 103; *see also Bank*, 2020 U.S. Dist. LEXIS 219352, at *4-12, *aff'd*, 860 F. App'x at 206-07; *Group Health, Inc.*, 649 F.3d at 156-58. What is more, Plaintiff wastes many of her 835 paragraphs on redundant or irrelevant material, creating even more of an "undue burden" on not only Defendants, but the Court and its limited time and resources. *See* SAC, ECF No. 29-1. *See Lamoureux*, 250 F.R.D. at 103; *Salahuddin*, 861 F.2d at 42; *TechnoMarine SA*, 758 F.3d at 505; *see also Foman*, 371 U.S. at 182; *Bank*, 2020 U.S. Dist. LEXIS 219352, at *4-12, *aff'd*, 860 F. App'x at 206-07; *Group Health, Inc.*, 649 F.3d at 156-58.

For example, Plaintiff devoted most of paragraphs "74" through "280" to discussing what she calls the "Stricken Standards": As the name implies, and as the SAC notes, these "Stricken Standards" were, in fact, stricken in November 2021 and have not been in use for nearly three years. SAC ¶ 288, ECF No. 29-1 (citing *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021)). The "Stricken Standards" are furthermore not germane to any of Plaintiff's claims. Continuing to harp on them in such long-winded fashion when the issue surrounding them has been resolved is inane and wasteful. The SAC does not even address the actual claims of Plaintiff until paragraph "470," more than halfway through the document, in this single-plaintiff action. SAC ¶ 470, ECF No. 29-1.

Additionally, the prolix SAC relies futilely and in bad faith on legal theories that at this point have been explicitly rejected by this Court, the Southern District, and, critically, the Second Circuit, and are thus frivolous. *See Broecker v. N.Y.C. Dep't of Educ.*, No. 23-655, 2023 U.S. App. LEXIS 30076 (2d Cir. Nov. 13, 2023), *aff'g both*, 585 F. Supp. 3d 299 (E.D.N.Y. 2022) (denying plaintiffs' request for preliminary injunction), *and* No. 21-CV-6387 (KAM) (LRM), 2023 U.S. Dist. LEXIS 55541 (E.D.N.Y. Mar. 30, 2023) (granting defendants' motion to dismiss

plaintiffs' challenges involving the DOE vaccine mandate); *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021); *Kane v. De Blasio*, 623 F. Supp. 3d 339 (S.D.N.Y. 2022).

To wit, Plaintiff dedicated paragraphs "406" through "436" to arguing that the vaccine mandate was not a generally applicable law and was thus subject to strict scrutiny under the First Amendment. *See* SAC ¶¶ 406-36, ECF No. 29-1. She alleges it even more concretely in paragraph "791": "The [vaccine mandate], which Defendants used to justify the denial of accommodation, was not neutral nor was it generally applicable." *Id.* ¶ 791. But in *Kane*, a case that was also litigated by Plaintiff's Counsel, the Second Circuit explicitly found that the DOE vaccine mandate, "in all its iterations, is neutral and generally applicable" and thus subject to rational basis review, a standard which it "plainly satisfies." *Kane*, 19 F.4th at 164, 166-67. Plaintiff's Counsel's continuing reliance on these legal theories, which she is fully aware have been rejected by the Second Circuit—and writing over 800 paragraphs to do so—is frivolous. Therefore, because Plaintiff's SAC is not "short and plain," futilely relies on rejected legal theories, and is overall a massive burden on Defendants and this Court, Defendants are prejudiced by the SAC and do not consent to Plaintiff's motion for leave to amend the Complaint.

Moreover, Defendants do not consent to consolidating this matter with *Hogan et al. v. City of New York et al.*, 1:23-cv-8727 (RER) (PK) in the Eastern District of New York, even though Defendants and their counsel are the same as in that action, because Defendants do not believe *Hogan* even qualifies as a class action. Fed. R. Civ. P. 23; *see, e.g.*, *Elisa W. v. City of New York*, 82 F.4th 115, 122-23 (2d Cir. 2023) (citing *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015)); *Richardson v. City of New York*, No. 17-cv-9447 (JPO), 2021 U.S. Dist. LEXIS 90822, at *21-22 (S.D.N.Y. May 21, 2021) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)). *Hogan* began as a single-plaintiff action, like the instant matter, and Plaintiff's counsel amended the complaint in *Hogan* to add 21 plaintiffs whose claims differ from the original plaintiff, Natalya Hogan, in order to create a purported class action. However, the position of the City and DOE in *Hogan* is that the claims of the 22 *Hogan* plaintiffs are too dissimilar from one another such that there is no class, and therefore that case essentially comprises 22 separate actions filed under one caption, case number, and filing fee. *Elisa W.*, 82 F.4th at 122-23; *Richardson*, 2021 U.S. Dist. LEXIS 90822, at *21-22. The same argument applies to the claims of Plaintiff here, whose claims are too different from Hogan's or any of the *Hogan* plaintiffs to be consolidated. Thus, to the extent Plaintiff sought to consolidate her action with *Hogan*, Defendants do not consent to such a request.

I thank the Court for its consideration and attention to this matter.

Respectfully submitted,

Steven E. Smith
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)