# GIBSON LAW FIRM, PLLC
Sujata S. Gibson, Esq.
120 E Buffalo St., Suite 2
Ithaca, New York 14850

September 27, 2024

**BY ECF**
Hon. Natasha C. Merle
United States District Judge
United States District Court
Eastern District of New York
225 East Cadman Plaza
Brooklyn, New York 11201

    Re: *Collins v. City of New York, et al.* – letter motion to amend - reply
       23 Civ. 9248 (NCM) (JAM)

Dear Judge Merle:

  I represent the Plaintiff in this matter and write in response to Defendants letter in opposition to Plaintiff's motion to amend. [ECF No. 30].

  Defendants bear the burden of establishing good reason for denial of a motion to amend. *Speedfit, LLC v. Woodway USA, Inc.,* No. 13 CV 1276, 2015 WL 6143697, at *3 (E.D.N.Y.Oct. 19, 2015). They have not met this burden. Instead, they recycle whole cloth the same unsuccessful arguments made in their motion to strike the related case, *Hogan, et al v. City of New York et al*, EDNY 1:23-cv-08727-RERPK. In *Hogan*, the Court rejected Defendants' arguments and denied their motion in its entirety. The Court should do the same here and allow amendment.

  This case arose because the City, working in concert with the DOE, engaged in blatant, widespread and open religious discrimination in an effort to avoid accommodating religious objections to their controversial Covid-19 vaccine mandate. As a result of lawsuits, the City was forced to amend the mandate to provide that it did not preclude religious accommodation, and the DOE and the City were forced to adopt a religious accommodation policy.

  But the policies Defendants adopted, implemented and enforced were blatantly discriminatory. The "Stricken Standards" as they are referred to in most of the related litigation, openly favored Christian Scientists and required wholesale denial of Catholics and Jews (among other issues). As Defendants themselves concede, the Second Circuit has already held that the Stricken Standards are likely unconstitutional. *Kane v. de Blasio*, 19 F.4th 152, 167-170 (2d Cir. 2021).

  Defendants now ask the Court to reject any mention of their discrimination, claiming the standards they originally employed are somehow irrelevant now because the Second Circuit held they are unconstitutional. Except, they fail to mention that Plaintiff's application for religious accommodation was judged under those Stricken Standards and denied under those Stricken Standards. And, unlike the Plaintiffs in the lawsuit that prevailed at the Second Circuit, the Plaintiff in this case was never afforded the remedial "fresh review" the City promised to provide to try to fix the admittedly unconstitutional original denials. Clearly, the Stricken Standards are relevant, to say the least.

Defendants' substantive legal arguments, couched in an allegation of "bad faith" should also be rejected. Defendants argue, primarily, that the legal claims made in this case have already been "explicitly rejected" and thus "Plaintiff's Counsel's continuing reliance on these legal theories, which she is fully aware have been rejected by the Second Circuit—and writing over 800 paragraphs to do so—is frivolous."

Defendants' conclusory (and blatantly untrue) argument that the Second Circuit has already ruled against Plaintiffs' claims is refuted by Defendants' own admissions in their Rule 8 argument. As Defendants acknowledged, rather than rejecting these claims, the Second Circuit already held that Defendants' religious accommodation policies *are* likely unconstitutional, plaintiffs were likely to succeed, and the district court's denial of preliminary injunctive relief was vacated. *Kane*, 19 F.4th at 167-170.

In *Kane*, a group of teachers challenged the vaccine mandate facially, but also as applied through the DOE's religious accommodation policies (Stricken Standards). Though it rejected the facial challenge, at least on the facts before it on interlocutory appeal (which have developed since the fall of 2021), the Court found that as applied through the religious accommodation policies, Plaintiffs not only stated Free Exercise claims, but were likely to succeed. *Kane*, 19 F.4th at 167-169:

> Plaintiffs also contend that the Vaccine Mandate is unconstitutional as applied to them through the [Stricken Standards]. The City concedes that the [Stricken Standards], as applied to Plaintiffs, "may" have been "constitutionally suspect," Defendants Br. 37–38, and its defense of that process is half-hearted at best. Indeed, it offers no real defense of the [Stricken Standards] at all…We confirm the City's "susp[icion]" that the [Stricken Standards] likely violated the First Amendment as applied to these Plaintiffs.

Contrary to Defendants' argument, the Second Circuit explicitly held that the mandate, as applied, was neither neutral nor generally applicable, and strict scrutiny applies, stating: "Because the accommodation procedures here were neither neutral nor generally applicable, as applied, we apply strict scrutiny..." *Id.* at 169.

Again, Plaintiff was denied under these same policies, which were neither neutral nor generally applicable, and which the Second Circuit held could not survive strict scrutiny. Pursuant to the Second Circuit's holding in *Kane,* Plaintiff not only pleaded adequate claims, but is likely to succeed on them. Defendants' citation to inapposite cases dealing only with the validity of the Mandate itself have no bearing on the issues here.

Plaintiff respectfully requests that the Court grant her motion to amend her pro se complaint and accept the proposed Second Amended Complaint as the operative pleading.

As to consolidation, that is of course, the purview of the Court. Plaintiff would like the claims to be consolidated, either in this forum or before Judge Reyes (who presides over *Hogan*) because she cannot afford to litigate it on her own and would benefit from joining with the larger group. *Hogan* is a proposed class action lawsuit with over 20 named plaintiffs, all of whom, like Ms. Collins, the Plaintiff in this case, were denied religious accommodation under the Stricken Standards, and yet, were refused a fresh remedial review after the Second Circuit held that the Stricken Standards were unconstitutional.  So, they were only ever allowed consideration under a policy that all parties agree is unlawful.

The Court in *Hogan* already rejected Defendants' argument that those claims were too unrelated to proceed together, and this Court should not credit the argument either. A copy of the operative *Hogan* complaint is attached hereto as Exhibit 1 in case it is useful.

Respectfully Submitted,

*/s/ Sujata S. Gibson*
Counsel for the Plaintiffs

Cc: All counsel via ECF