# GIBSON LAW FIRM, PLLC

November 20, 2024

**<u>VIA ECF</u>**
Hon. Ramon E. Reyes, Jr., United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    *Collins v. City of New York et al.*
              1:23-cv-09248 (RER) (PK)

Dear Judge Reyes:

      I represent the Plaintiff and write in response to Defendants' pre-motion conference letter requesting to file a motion to dismiss the complaint. Plaintiff has a nearly identical lawsuit to the plaintiffs in *Hogan v. City of New York et al.* 1:23-cv-08727 (RER) (PK). By order of the Court, the parties submitted letter briefs regarding consolidation of the cases. [ECF No. 34]. The case was subsequently reassigned to your Honor, but as far as I understand, there has not been a decision issued about whether the cases will be consolidated. To the extent that the cases remain separate, Plaintiff provides the following response to Defendants' arguments for dismissal. Since the Court has already seen longer letter briefing and heard argument on these claims, Plaintiff will summarize the responses more briefly here than in *Hogan*.

    **A. Background**
      The operative facts are the same as in *Hogan*. Some key facts alleged in Plaintiff's operative Second Amended Complaint [ECF No. 33 "SAC"], are as follows. Essentially, Plaintiff alleges that New York City (the "City"), working in concert with its Department of Education ("DOE"), engaged in blatant, widespread and pernicious religious discrimination in an open attempt to defy their legal responsibility of accommodating employees who had sincerely held religious objections to their Covid-19 vaccine mandate (the "Mandate"). First, Defendants adopted a facially unconstitutional religious accommodation policy, which singled out Christian Scientists for favored treatment and was implemented to categorically exclude most other religious beliefs, especially any beliefs grounded in an objection to the use of aborted fetal cell lines in the vaccines. The Second Circuit already held, back in November 2021, that the Mandate, as applied through these unconstitutional religious accommodation policies, was neither neutral nor generally applicable and likely violated the First Amendment. *Kane v. de Blasio*, 19 F.4th 152, 167-170 (2d Cir. 2021). The City promised the Second Circuit they would provide "fresh review" by a new "Citywide Panel" for DOE employees denied under the Stricken Standards, and reinstate with back pay anyone who qualified under state and federal statutory standards. But the City failed to honor its promise and failed to actually review most denials, including Plaintiff's. Though Plaintiff was notified her case would be considered by the Citywide Panel, to date, she has yet to receive a determination. Therefore, Plaintiff was only ever given the chance to apply for religious accommodation under the Stricken Standards, which all parties have by now agreed were

unconstitutional. Plaintiff asserts claims under the United States Constitution, Title VII of the Civil Rights Act of 1964, and the New York State and New York City Human Rights Laws.

### B. The City is a proper party.

The City is a proper party. The Stricken Standards specifically provide that the City, as well as the DOE, was bound by the award to provide religious accommodation to DOE employees with religious objections to the Mandate. *See, e.g.,* "Stricken Standards" FAC - Exhibit 1 [ECF No. 18-1] at 6-7. As more fully detailed in the FAC, the facts alleged show the City was intimately involved in the scheme to adopt and enforce the discriminatory Stricken Standards. *See, e.g.,* FAC ¶¶ 274-298; 323-419. Moreover, the City expressly elected to bear the burden of providing the sole remedial process after the Second Circuit found the Stricken Standards and related implementation unconstitutional. *Id.* This complaint alleges the City failed in that duty, and that Plaintiff was harmed as a result. If true, the City would be independently liable for her harms.

### C. Plaintiff is not limited to article 78 relief

Defendants claim, without authority, that Plaintiff cannot bring plenary claims, but is limited to challenging discrimination claims through New York's special proceeding pursuant to CPLR § 7804. This is a frivolous argument. Many of Plaintiff's claims and requests for relief could not even be brought through a special proceeding, and it is well settled law that "it is the petitioner's choice whether to bring an Article 78 proceeding – with the attendant summary procedures, deferential review of agency action, and limited menu of relief – or a plenary action." *Whitfield v. City of New York,* 96 F.4th 504, 528-29 (2d Cir. 2024).

### D. Plaintiff's state law claims are not barred by alleged notice of claim failures.

Plaintiff's state law claims are not barred by failure to file a notice of claim. As the SAC sets forth, Plaintiff did file timely notices of claim, both functionally and formally, first in October 2021 and then a second one in February 2023. [SAC ¶¶ 516-516; ¶ 568]. Moreover, courts in the Eastern District have held the notice of claim requirement does not attach to human rights claims. *See, e.g., Caputo v. Copiague Union Free Sch. Dist.*, 218 F. Supp. 3d 186 (E.D.N.Y. 2016) ("[a] notice of claim for a NYSHRL claim against a school district or its personnel is not required.") And it is well-settled law in all districts that there is a public interest exception from the notice of claim requirement in cases brought to vindicate civil rights. *Union Free Sch. Dist. No. 6 v. N.Y. State Human Rights Appeal Bd.,* 35 N.Y.2d 371 (1974); *see also, DePaoli v. Bd. of Educ., Somers Cent. Sch. Dist.*, 92 A.D.2d 894, 894, (2d Dept 1983). Plaintiff's lawsuit clearly qualifies for this exemption even if she had not filed a notice of claim.

### E. Plaintiff's claims are not barred by any alleged failure to "exhaust"

Nor are Plaintiff's claims are not barred by any failure to exhaust. As to her Title VII claims, all parties agree that Plaintiff timely filed this lawsuit after receiving her second right to sue letter, which documented the ongoing harassment and discrimination she faced after her initial filing on October 15, 2021. For example, after Plaintiff was first terminated in 2022, she suffered ongoing incidents of failure to accommodate and retaliation and harassment, which she still suffers today. For example, in September 2022, the City offered that she could be reinstated to her position with no loss of seniority, but only if she were willing to violate her religious beliefs. Plaintiff's request for religious accommodation from this requirement was denied, thus giving rise to a fresh failure to accommodate claim. She filed her second EEOC claim within 300 days of this incident.

Similarly, in February 2023, Plaintiff became aware that Defendants had continued to retaliate against her by flagging her files at DOE and with the City and other entities with a problem code, typically reserved for sex offenders, as a result of her failure to violate her religious beliefs. This code exists to this day and has resulted in loss of employment at and outside of DOE, as well as loss of business opportunities and participation in the vendors list at the City. Thus, Plaintiff's ongoing claims after October 15, 2021, are preserved and her remedies with the EEOC exhausted. There may also be piggyback claims that impact Ms. Collins and the related Hogan plaintiffs, as discussed further in the *Hogan* letter in response to the pre-motion conference letter in that matter. As to the other statutory and constitutional claim, it is well settled law that exhaustion of state remedies is not required for § 1983 claims. *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982). Similarly, New York's exhaustion doctrine does not apply to cases like this one, "when an agency's action is challenged as unconstitutional, or wholly beyond its grant of power, or when resort to an administrative remedy would be futile, or when its pursuit would cause irreparable injury." *Watergate II Apartments v. Buffalo Sewer Auth.*, 46 N.Y.2d 52, 57 (1978). All of these exceptions apply here.

### F. The Amended Complaint complies with Rule 8.

Defendant complaint vaguely that the FAC is too "long" and "prolix" but only point to one fact pattern that they allege is "irrelevant" – that being their argument that discussion of the "Stricken Standards" is irrelevant because they were already held unconstitutional by the Second Circuit. This argument is turned on its head. The problem here is that even after the Second Circuit expressly held that the Stricken Standards were unconstitutional, Defendants failed to remedy the issue and grant any relief from the defective policies to these Plaintiffs. They were never provided with the right to apply under any legal process.

### G. Plaintiffs more than adequately stated claims.

Defendants' remaining arguments are unavailing, and troubling in that they outright misstate the holding of cases despite repeated alerts that they are misleading the Courts. For example, Defendants once again assert that the Second Circuit held in *Kane* that the DOE vaccine mandate as applied to Plaintiffs "does not violate the first amendment." This is absolutely false, and the Second Circuit's words speak for themselves on this point:

> We confirm the City's "susp[icion]" that the [Stricken Standards] procedures likely violated the First Amendment as applied to these Plaintiffs…We conclude, first, that the procedures specified in the [Stricken Standards] and applied to Plaintiffs are not neutral…Nor does it appear that such procedures were generally applicable to all those seeking religious accommodation…Because the accommodation procedures here were neither neutral nor generally applicable, as applied, we apply strict scrutiny at this stage of the proceeding…These procedures cannot survive strict scrutiny because denying religious accommodations based on the criteria outlined in the [Stricken Standards], such as whether an applicant can produce a letter from a religious official, is not narrowly tailored to serve the government's interest in preventing the spread of COVID-19. The City offers no meaningful argument otherwise.

*Kane,* 19 F.4th at 164-169. Not has she raised an inference of discrimination; the Second Circuit has already confirmed that the accommodation policies were *facially* discriminatory. Plaintiff stated this and other claims sufficiently to survive dismissal.

### H. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court waive the pre-motion conference, as it is largely duplicative of the recent one in *Hogan*, and consider consolidating the two cases so the briefing can be done together. Plaintiff does not object to a voluntary stay of discovery pending the motion to dismiss, so long as the Court grants her the right, as it did in *Hogan*, to reopen discovery if she believes it would be beneficial or necessary to her case to do so.

> Respectfully submitted,
>
> */s/ Sujata Gibson*
>
> Sujata S. Gibson
> 120 E Buffalo Street, Suite 201
> Ithaca, NY 14850
> (607) 327-4125
> sujata@gibsonfirm.law

CC:   All Counsel of Record (Via ECF)