

*STEVEN BANKS*
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JASON IMBIANO**
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-8766
jimbiano@law.nyc.gov

March 24, 2026

<u>**VIA ECF**</u>
Honorable Ramon E. Reyes Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Room 2E North
Brooklyn, New York 11201

Re:  <u>Latanya Collins. v. City of New York et al.</u>,
No. 23-cv-9248-RER-CHK

Dear Judge Reyes:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel for the City of New York, and I represent Defendants in the above-referenced matters. Defendants respectfully submit this letter in response to Plaintiffs' request for leave to file an amended complaint.

The Court should deny Plaintiffs' request for several reasons.  First, Plaintiffs have failed to provide the Defendants and the Court with a proposed amended complaint.  A motion to amend must include a proposed amended complaint.  <u>See</u> Local Civil Rule 15.1(a); <u>Ackermann v. N.Y.C. Dep't of Info. Tech. & Telecomms.</u>, No. 09-cv-2436 (JBW)(LB), 2010 U.S. Dist. LEXIS 28537, 2010 WL 1172625, at *1 (E.D.N.Y. Mar. 24, 2010).

In fact, on March 18, 2026, Plaintiffs emailed Defendants that "[i]n light of issues raised in the parties' recent correspondence," they "intend[ed] to file a Second Amended Complaint refining and supplementing factual allegations . . .", and requested Defendants' consent to the amendment.  On March 19, 2026, Defendants responded that they would only consent after seeing a copy of the proposed amended complaint.  On March 19, 2026, Plaintiffs again contacted this office, abruptly requesting a meet-and-confer by 6:00 p.m., mere hours later that same day, regarding their intention to seek leave to amend the complaint in these and other matters. Plaintiffs represented that they had obtained "newly discovered evidence" warranting amendment, but did not share the "newly discovered evidence" with Defendants.  Defendants promptly responded that additional time was required to review the request and confer internally before engaging in a meet-and-confer discussion.  At approximately 6:20 p.m., Defendants received, for the first time, the

email that Plaintiffs have now attached to their letter application.  Without reviewing the specific proposed allegations, Defendants are unable to take an informed position regarding consent, prejudice, or futility.

At any rate, the email on which Plaintiffs relies, dated September 2021, appears to be inapplicable to the instant case.  In November 2021, following oral argument in <u>Kane v. De Blasio</u>, 19 F.4th 152 (2d Cir. 2021), the New York City Department of Education conceded that the Scheinman Arbitration Award, dated September 10, 2021, was constitutionally suspect, and agreed to provide individuals whose reasonable accommodation appeals had been denied by an arbitrator under that Award with a "fresh look," *i.e.*, a renewed review by the Citywide Reasonable Accommodations Appeals Panel.  This subsequent process undermines Plaintiffs' assertion that the City sought to categorically suppress religious accommodation requests at the Department of Education.  <u>See</u> Plaintiff's Letter at 3, (ECF No. 50).  Further, this singular email exchange does not relate in any way to Plaintiffs, and adding the proposed Defendants does nothing to bolster Plaintiffs' claims, which, as Defendants have highlighted in their motions to dismiss, are barred by, *inter alia*, applicable statutes of limitations, res judicata, collateral estoppel, and failure to timely exhaust administrative remedies.

Lastly, as Plaintiffs highlighted in their letter to the Court, (ECF No. 50), Defendants served Plaintiffs' counsel with a Rule 11 safe harbor letter on February 26, 2026, with the twenty-one day safe harbor period having ended on March 19, 2026.  Plaintiffs notified Defendants of their intent to file a Second Amended Complaint on March 18, 2026, and requested Defendants' consent.  Defendants did not provide their consent, but requested a copy of Plaintiffs' proposed changes so that they could assess whether the changes comported with the deficiencies highlighted in Defendants' safe harbor letter.  To date, Plaintiffs have not provided any proposed amended complaint to Defendants.

At this juncture, Defendants consent to holding in abeyance the Motion to Dismiss the First Amended Complaint pending our receipt and review of Plaintiffs' proposed Second Amended Complaint.  To that end, Defendants also respectfully request that the Court order Plaintiffs to provide Defendants with their proposed amended complaint so that Defendants may consider appropriate and timely actions with respect to the potential Rule 11 motion.

Defendants thank the Court for its consideration of this submission.

Respectfully submitted,

/s/ Jason Imbiano
Jason Imbiano
Assistant Corporation Counsel

cc: All counsel of record (Via ECF)