# GIBSON LAW FIRM, PLLC

July 13, 2026

<u>**VIA ECF**</u>
Hon. Ramon E. Reyes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>**Re:** *Hogan et al. v. City of New York et al.*, No. 1:23-cv-08727 (RER) (CHK)
>*Collins et al. v. N.Y.C. Dep't of Educ. et al.*, No. 1:23-cv-09248 (RER) (CHK)
>*Clarke et al. v. City of New York et al.*, No. 1:25-cv-00536 (RER) (CHK)

Dear Judge Reyes:

I represent Plaintiffs in the three above-captioned related actions. I write to respectfully request an enlargement of the word limit for Plaintiffs' memoranda of law in opposition to Defendants' motions to dismiss the Second Amended Complaints, as follows: **16,000 words in *Hogan*, and 14,000 words in *Collins* and *Clarke*.**

The three motions are substantially the same brief, and Plaintiffs' request is scaled accordingly**.** Defendants have moved to dismiss on substantially identical grounds in all three actions, against complaints that are virtually identical apart from the individual facts of the named Plaintiffs. Plaintiffs' oppositions will likewise share a common core, differing chiefly in their treatment of the individual Plaintiffs. Plaintiffs accordingly request the same 16,000-word limit the Court granted Defendants in *Hogan*, where the circumstances of twenty-two Plaintiffs must be addressed, and a lesser limit of 14,000 words in *Collins* and *Clarke*, which involve one and two Plaintiffs respectively and require correspondingly less individualized discussion. Regardless of the number of plaintiffs, however, substantial portions of each response will have to address the same legal points. Coordinated set of limits will permit Plaintiffs to prepare consistent oppositions across the related actions rather than three separately truncated versions of the same argument, and will present the Court with consistent briefing across related cases.

The Court has already granted Defendants a 16,000-word limit on this very motion. On June 5, 2026, the Court granted Defendants leave to file a memorandum of law of up to 16,000 words in support of their motion to dismiss the Second Amended Complaint in *Hogan*. *See* Order, *Hogan*, (E.D.N.Y. June 5, 2026) (text order granting ECF No. 61). Defendants sought that relief on the ground that the *Hogan* SAC's length and nine causes of action, and that they had numerous procedural arguments to make with respect to each individual Plaintiff. *See* Letter Motion, *Hogan*, ECF No. 61 (E.D.N.Y. June 3, 2026). Plaintiffs must answer every one of those

arguments. Plaintiffs seek no more than the Court has already afforded Defendants, and adopt the same measure, seeking less in the two actions where fewer Plaintiffs are involved.

**The Court has previously granted Plaintiffs substantially greater relief on the prior round of this same briefing.** On May 14, 2025, the Court granted Plaintiffs leave to file sixty-page memoranda of law in opposition to Defendants' motions to dismiss in both related actions. *See* Order, *Hogan*, ECF No. 40 (E.D.N.Y. May 14, 2025); Order, *Collins*, ECF No. 44 (E.D.N.Y. May 14, 2025). The present request is materially less than what the Court found appropriate then, and the briefing now required is broader, not narrower: Plaintiffs amended to add substantial new factual allegations, and Defendants' renewed motions challenge those allegations in addition to the grounds previously raised.

**Defendants' position.** Assistant Corporation Counsel Jason Imbiano, Esq., counsel for Defendants in *Hogan* and *Collins*, consents to this request. Assistant Corporation Counsel Ahren W. Lahvis, Esq., counsel for Defendants in *Clarke*, does not consent, on the stated ground that Defendants did not themselves require an enlargement in that action. Respectfully, that does not bear on Plaintiffs' need. Defendants controlled the scope of their own motion and selected the grounds on which they sought dismissal; Plaintiffs must respond to each of them.

**The motions raise numerous independent grounds for dismissal**, each of which Plaintiffs must answer or risk waiver. In *Clarke*, for example, Defendants' six Points comprise at least eleven discrete grounds: that the City is not a proper party; that all claims are time-barred under the applicable three-year and one-year limitations periods; that the relation-back doctrine does not save claims against six newly added individual Defendants; that the claims should have been brought as an Article 78 proceeding subject to a four-month limitations period; that certain claims are barred by res judicata; that they are separately barred by collateral estoppel; that the state and city law claims fail for want of a timely notice of claim; that Plaintiffs failed to exhaust their administrative remedies under Title VII, including a distinct argument as to the single-filing rule; that Plaintiffs fail to state claims for discrimination, failure to accommodate, failure to engage in cooperative dialogue, and retaliation under three separate statutes; that Plaintiffs fail to state a *Monell* claim, including a fact-bound challenge to the SAC's allegations concerning the drafting of the Scheinman Arbitration Award; and that Plaintiffs fail to state claims under the Free Exercise, Establishment, and Equal Protection Clauses. Many of these grounds are addressed in a few paragraphs, but Plaintiffs cannot risk failing to respond with a more thorough explication of the governing standard and the facts in the lengthy complaints that support each element.

Plaintiffs will use no more of the requested enlargement than is necessary; the limits sought are ceilings, not targets. Plaintiffs further consent to a corresponding enlargement of Defendants' reply memoranda in each action, so that no party is disadvantaged.

Plaintiffs' oppositions are presently due on July 15 (Clarke) and July 22 (Hogan and Collins). Plaintiffs respectfully request that the Court grant this application.

I thank the Court for its consideration.

Respectfully submitted,
*/s/ Sujata Gibson*

Sujata S. Gibson
120 E Buffalo Street, Suite 201
Ithaca, NY 14850
(607) 327-4125
sujata@gibsonfirm.law


CC:     All Counsel of Record (Via ECF)