1:23-cv-9248 (RER) (CHK)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LATANYA COLLINS,

Plaintiff,

-against-

THE CITY OF NEW YORK, and THE NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007-2601*

*Of Counsel: Jason Imbiano*
*Assistant Corporation Counsel*
*Tel: (212) 356-2203*
*Matter No. 2023-118426*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ III

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 2

A. The COVID-19 Vaccine Mandate ........ 2

B. Plaintiff's Allegations in the Second Amended Complaint ........ 3

STANDARD OF REVIEW ........ 4

ARGUMENT

POINT I

THE CITY IS NOT A PROPER PARTY TO THIS ACTION AND SHOULD BE DISMISSED ........ 5

POINT II

ALL OF PLAINTIFF'S CLAIMS ARE TIME-BARRED ........ 7

A. Plaintiff's SHRL and CHRL claims are barred by the one year SOL ........ 7

B. Plaintiff Cannot Rely on the Relation Back Doctrine for the newly-added Individual Defendants ........ 7

POINT III

PLAINTIFF FAILED TO TIMELY EXHAUST HER ADMINISTRATIVE REMEDIES ........ 9

POINT IV

PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR HER FAILURE TO TIMELY FILE A NOTICE OF CLAIM ........ 10

**Page**

POINT V

PLAINTIFF HAS FAILED TO STATE A CLAIM FOR STATUTORY OR CONSTITUTIONAL RELIGIOUS DISCRIMINATION, AS WELL AS STATUTORY FAILURE TO ACCOMMODATE AND RETALIATION ................................ 12

A. Statutory Claims of Discrimination, Failure to Accommodate, and Retaliation.................................................................... 12

i. Discrimination ........................................................................ 12

ii. Failure to Accommodate and Engage in Cooperative Dialogue ............................................................... 13

iii. Retaliation.............................................................................. 16

B. Constitutional Claims ....................................................................... 18

i. Free Exercise Clause.............................................................. 18

ii. Establishment Clause............................................................ 19

iii. Equal Protection..................................................................... 20

iv. Section 1983 ........................................................................... 21

C. The Legality of the Mandate............................................................. 22

POINT VI

THE SECOND AMENDED COMPLAINT VIOLATES RULE 8 AND SHOULD BE DISMISSED ........................................................ 24

CONCLUSION.................................................................................................... 25

**Statutes** **Pages**

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Agostini v. Felton*,
521 U.S. 203 (1997)....19

*Albert v. Carovano*,
851 F.2d 561 (2d Cir. 1988)....20

*Algarin v. N.Y.C. Health & Hosps. Corp.*,
678 F. Supp. 3d 497 (S.D.N.Y. 2023),
*aff'd*, No. 23-1063, 2024 U.S. App. LEXIS 6114
(2d Cir. Mar. 14, 2024) ....14

*Matter of Ansbro v. Nigro*,
235 A.D.3d 525 (1st Dep't 2025),
*lv. den.*, 44 N.Y.3d 909 (2026) ....16

*Antonyuk v. Chiumento*,
89 F.4th 271 (2d Cir. 2023) ....18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....4, 20

*Baker v. Home Depot*,
445 F.3d 541 (2d Cir. 2006)....13, 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....4

*Boonmalert v. City of New York*,
721 F. App'x 29 (2d Cir. 2018) ....13

*Brandon v. Kinter*,
938 F.3d 21 (2d Cir. 2019)....21

*Broecker v. N.Y.C. Dep't of Educ.*,
585 F. Supp. 3d 299 (E.D.N.Y. 2022),
*aff'd*, No. 23-655, 2023 U.S. App. LEXIS 30076
(2d Cir. Nov. 13, 2023).... 21-22, 23

*Buon v. Spindler*,
65 F.4th 64 (2d Cir. 2023) ....12

**Cases** **Pages**

*Carter v. Syracuse City Sch. Dist.*,
850 F. App'x 22 (2d Cir. 2021) ....................10, 11

*Cassidy v. Scoppetta*,
365 F. Supp. 3d 283 (E.D.N.Y. 2005) ....................20

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)....................5

*Chinchilla v. New York City Police Dep't*,
No. 23-cv-8986, 2024 U.S. Dist. LEXIS 123248
(S.D.N.Y. July 12, 2024) ....................15

*City of Cleburne v. Cleburne Living Ctr.*,
473 U.S. 432 (1985)....................20

*Cosme v. Henderson*,
287 F.3d 152 (2d Cir. 2002)....................14

*Crown v. Danby Fire Dist.*,
676 F. App'x 87 (2d Cir. 2017) ....................22

*D'Cunha v. Northwell Health Sys.*,
No. 23-476-cv, 2023 U.S. App. LEXIS 30612
(2d Cir. Nov. 17, 2023)....................14

*Damino v. City of New York*,
332 F. App'x 679 (2d Cir. 2009) ....................7

*Davidson v. Bronx Mun. Hosp.*,
473 N.E.2d 761, 64 N.Y.2d 59 (N.Y. 1984)....................11

*Dayton v. City of Middletown*,
786 F. Supp. 2d 809 (S.D.N.Y. 2011)....................11

*Employment Div., Dep't of Human Res. v. Smith*,
494 U.S. 872 (1990)....................18

*Fowlkes v. Rodriguez*,
584 F. Supp. 2d 561 (E.D.N.Y. 2008) ....................5

*Freud v. N.Y.C. Dep't of Educ.*,
2022 U.S. Dist. LEXIS 54353
(S.D.N.Y. Mar. 25, 2022) ....................7

<u>**Cases**</u> <u>**Pages**</u>

*Garland v. N.Y.C. Fire Dep't*,
574 F. Supp. 3d 120 (E.D.N.Y. 2021) ....................23

*Matter of Goldstein v. New York City Dep't of Health & Mental Hygiene*,
242 A.D.3d 1094 (2d Dep't 2025) ....................15

*Groff v. DeJoy*,
600 U.S. 447 (2023) ....................14

*Hang Hsin v. City of New York*,
779 F. App'x 12 (2d Cir. 2019) ....................20

*Hicks v. Baines*,
593 F.3d 159 (2d Cir. 2010) ....................17

*Hogan v. Fischer*,
738 F.3d 509 (2d Cir. 2013) ....................8

*Hughes v. Twenty-First Century Fox, Inc.*,
304 F. Supp. 3d 429 (S.D.N.Y. 2018) ....................17

*Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*,
620 F.3d 137 (2d Cir. 2010) ....................14

*Jacobson v. Commonwealth of Massachusetts*,
197 U.S. 11 (1905) ....................21

*Kane v. De Blasio*,
19 F.4th 152 (2d Cir. 2021) ....................3, 6, 10, 18, 19, 20, 21, 24

*Kane v. De Blasio*,
623 F. Supp. 3d 339 (S.D.N.Y. 2022) ....................18, 19

*Kemp v. Regeneron Pharms., Inc.*,
117 F.4th 63 (2d Cir. 2024) ....................7

*Kennedy v. Bremerton Sch. Dist.*,
597 U.S. 507 (2022) ....................18, 19

*Knight v. Conn. Dep't of Pub. Health*,
275 F.3d 156 (2d Cir. 2001) ....................14

*Kwan v. Andalex Grp., LLC*,
737 F.3d 834 (2d Cir. 2013) ....................17

**Cases** **Pages**

*Larson v. Valente*,
456 U.S. 228 (1982)....................19

*Lee v. City of N.Y.*,
221 A.D.3d 505 (1st Dep't 2023)....................7

*LeRoy v. Delta Air Lines*,
No. 21-267-cv, 2022 U.S. App. LEXIS 29352
(2d Cir. Oct. 21, 2022)....................17

*Littlejohn v. City of New York*,
795 F.3d 297 (2d Cir. 2015)....................9, 12, 16

*Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of New York*,
221 A.D.3d 456 (1st Dep't 2023),
*lv. den.*, 42 N.Y.3d 905 (2024)....................15

*Lynch v. City of New York*,
952 F.3d 67 (2d Cir. 2020)....................4, 5, 12

*Maniscalco v. New York City Dep't of Educ.*,
563 F. Supp. 3d 40 (E.D.N.Y. 2021)....................24

*Marsteller v. City of N.Y.*,
217 A.D.3d 543 (1st Dep't 2023).................... 7, 15-16

*Marte v. Montefiore Med. Ctr.*,
No. 22-cv-03491 (CM), 2022 U.S. Dist. LEXIS 186884
(S.D.N.Y. Oct. 12, 2022)....................14

*McHenry v. Fox News Network, LLC*,
510 F. Supp. 3d 51 (S.D.N.Y. 2020)....................13

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
715 F.3d 102 (2d Cir. 2013)....................12, 14, 17

*New York State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v. Cuomo*,
64 N.Y.2d 233 (1984)....................22

*New Yorkers for Religious Liberty, Inc. v. City of New York*,
121 F.4th 462 (2d Cir. 2024)....................14, 18, 19, 20

*Nollah v. New York City*,
No. 17-CV-634 (JPO), 2018 U.S. Dist. LEXIS 166103
(S.D.N.Y. Sept. 27, 2018)....................8

**Cases** **Pages**

*O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of New York*,
No. 161040/2021, 2022 N.Y. Misc. LEXIS 246
(Sup. Ct. New York Cnty. Jan. 20, 2022)
*aff'd*, 42 N.Y.3d 986 (2024)....22, 23

*Patterson v. Cnty. of Oneida*,
375 F.3d 205 (2d Cir. 2004)....7

*Read v. Corning Inc.*,
351 F. Supp. 3d 342 (W.D.N.Y. 2018)....10

*Rizzo v. N.Y.C. Dep't of Sanitation*,
No. 23-cv-7190 (JMF), 2024 U.S. Dist. LEXIS 116666
(S.D.N.Y. July 2, 2024)....13

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007)....4

*Santiago v. Newburgh Enlarged City Sch. Dist.*,
434 F. Supp. 2d 193 (S.D.N.Y. 2006).... 10-11

*Sides v. New York State Div. of State Police*,
No. 03-CV-153, 2005 U.S. Dist. LEXIS 12635
(N.D.N.Y. June 28, 2005)....23

*Matter of Smith v. New York City Fire Dep't*,
239 A.D.3d 870 (2d Dep't 2025),
*lv. den.*, 2006 N.Y. LEXIS 517
(Ct. App. Apr. 16, 2026)....16

*Sotomayor v. City of New York*,
862 F. Supp. 2d 226 (E.D.N.Y. 2012),
*aff'd*, 713 F.3d 163 (2d Cir. 2013)....5

*Sutton v. Adams*,
2024 U.S. Dist. LEXIS 86023
(S.D.N.Y. May 13, 2024)....21

*Thorne-Long v. City of New York*,
No. 1:23-cv-04305 (DG) (LB)
(E.D.N.Y. May 6, 2024),
*adopted by*, 2024 U.S. Dist. LEXIS 119748
(E.D.N.Y. July 8, 2024).... 6, 7, 18-19, 21

**Cases** **Pages**

*Town of Oyster Bay v. Kirkland*,
19 N.Y.3d 1035 (2012),
*cert. denied*, 568 U.S. 1213 (2013) ........ 10

*Trabacchi v. Dep't of Educ.*,
No. 24-CV-6123 (RPK)(TAM), 2025 U.S. Dist. LEXIS 148512
(E.D.N.Y. July 31, 2025) ........ 6

*United States v. New York City Dep't of Educ.*,
407 F. Supp. 3d 365 (S.D.N.Y. 2018) ........ 13

*Vasquez v. City of New York*,
2024 U.S. Dist. LEXIS 58731
(E.D.N.Y. Mar. 30, 2024) ........ 19

*Vega v. Hempstead Union Free Sch. Dist.*,
801 F.3d 72 (2d Cir. 2015) ........ 12, 16

*We the Patriots USA, Inc. v. Hochul*,
17 F.4th 290 (2d Cir. 2021),
*opinion clarified*, 17 F.4th 368 (2d Cir. 2021) ........ 18, 21, 23

*Ziglar v. Abbasi*,
582 U.S. 120 (2017) ........ 21

**Statutes**

42 U.S.C. § 1983 ........ 7, 21

42 U.S.C. § 2000e-3(a) ........ 16

C.P.L.R. § 217 ........ 7

Fed. R. Civ. P. 4 ........ 7

Fed. R. Civ. P. 4(m) ........ 8

Fed. R. Civ. P. 8 ........ 2, 24

Fed. R. Civ. P. 8(a)(2) ........ 24

Fed. R. Civ. P. 12 ........ 4, 19

Fed. R. Civ. P. 12(b)(6) ........ 1, 2

Fed. R. Civ. P. 15(c) ........ 8

**Statutes** **Pages**

Fed. R. Civ. P. 15(c)(1)(C) ....................................................................................8

N.Y.C. Admin. Code § 8-107(6)....................................................................................13

N.Y. Educ. Law § 3020-a ............................................................................................22

N.Y. Educ. Law § 3813 ...............................................................................................10

N.Y. Educ. Law § 3813(1)........................................................................................10, 11

N.Y. Educ. Law § 3813(2-b) ..........................................................................................6

N.Y. Exec. Law § 296....................................................................................................13

N.Y. Gen. Mun. Law § 50-e .........................................................................................10

N.Y. Gen. Mun. Law § 50-e(1)(a) ................................................................................10

N.Y. Labor Law § 27-a ..................................................................................................22

## PRELIMINARY STATEMENT

In order to combat the deadly COVID-19 pandemic that raged through the United States and the world, New York City and its agencies enacted the condition of employment that their employees be vaccinated against COVID-19—a requirement that was especially important for employees of the New York City public school system because of their constant contact with to young students. Recognizing, however, that some individuals' religious beliefs may preclude them from receiving the vaccines, the vaccine mandate allowed affected employees to apply for a religious exemption. Over time, appellate procedures were also established. Plaintiffs here sought an exemption purportedly based on their religious beliefs, but were *properly* denied. Accordingly, their Third Amended Complaint ("TAC") should be dismissed.

Plaintiffs, current and former DOE employees, bring the instant action asserting that Defendants the City of New York ("City"), Dave Chokshi in his individual and official capacity, Nellie Afshar in her individual and official capacity, Steven Banks in his individual and official capacity, Jackie Bray in her individual and official capacity, Jay Varma, in his individual and official capacity, Eric Eichenholtz in his individual and official capacity, the New York City Department of Education ("DOE") (collectively "Defendants")[1], violated Title VII of the Civil Rights Act of 1964, the Free Exercise Clause and Establishment Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the New York State and City Human Rights Laws ("SHRL" and "CHRL" respectively) by denying their requests for a religious

---

[1] Upon information and belief, Plaintiffs have not served individual Defendants Nellie Afshar, Steven Banks, Jackie Bray, or Jay Varma. The Office of the Corporation Counsel accordingly submits this motion on behalf of Defendants City of New York, DOE, Eric Eichenholtz, and Dave Chokshi only, but, in the interest of judicial economy, respectfully requests that the Court *sua sponte* dismiss all claims asserted in the SAC against all Defendants for the reasons stated herein.

exemption to the COVID-19 vaccine mandate and terminating them for failing to comply with the mandate, which was a condition of their employment.

Defendants now move to dismiss the TAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) the City is not a proper party to this proceeding; (2) All of Plaintiff's claims are time-barred; (3) Plaintiff's state law claims should be dismissed for her failure to timely file and serve a Notice of Claim ("NOC"); (4) Plaintiff failed to timely exhaust her remedies; (5) Plaintiff has otherwise failed to state a claim for religious discrimination under any law; and (6) the TAC violates Rule 8. For these reasons and as more amply stated below, this Court should grant Defendants' motion to dismiss pursuant to Rule 12(b)(6).

## STATEMENT OF FACTS

### A. The COVID-19 Vaccine Mandate

On August 24, 2021, then–Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dr. Dave Chokshi, issued an Order requiring all DOE employees to show proof of at least one dose of vaccination against COVID-19 by September 27, 2021 ("DOE Order"). *See* DOE Order, dated August 24, 2021, annexed to the Declaration of Steven E. Smith, ECF No. 50, ("Smith Declaration" or "Smith Decl.") as Exhibit "A."

After the issuance of the DOE Order, DOE and United Federation of Teachers ("UFT"), the bargaining unit for teachers employed by DOE, negotiated regarding the impact of the DOE Order. Those negotiations reached an impasse and, on September 10, 2021, Arbitrator Martin F. Scheinman issued a decision to resolve the impasse, establishing: (1) a process for exemptions and accommodation requests; (2) options to voluntarily separate from service with certain benefits or extend LWOP with health benefits for employees who did not comply with the DOE Order; and (3) that starting December 1, 2021, DOE could seek to "unilaterally separate employees" who had been placed on LWOP due to vaccination status and had not either opted for

separation or extended such LWOP pursuant to the provisions set forth in Arbitrator Scheinman's decision. *See In the Matter of the Arbitration Between Board of Education of the City School District of the City of New York and United Federation of Teachers, Local 2, AFT, AFL-CIO, re: Impact Bargaining* ("Impact Arbitration Award" or "IAA"), dated September 10, 2021, annexed to the Smith Decl. as Exhibit "B."

Following oral argument in *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021), DOE agreed to give those whose appeals were denied by the arbitrator "fresh consideration" by the Citywide Reasonable Accommodations Appeals Panel ("Citywide Panel" or "Panel"). However, the defendants in that action explicitly represented that appeals to the Citywide Panel were only available to those who had successfully filed an appeal of their denial with the arbitrator. *Id.* at 172-73 (citing Defs.' Br. at 27).

**B. Plaintiff's Allegations in the Second Amended Complaint**

Plaintiff Latanya Collins alleges that she is a former teacher with DOE. *See* TAC ¶ 282. She brings the instant action asserting that Defendants discriminated against her religion by denying her request for a religious exemption from the COVID-19 vaccine mandate and terminating her for failing to comply with the mandate, which was a condition of her employment. *See generally id.* Specifically, Plaintiff alleges that she "timely" submitted an exemption request to DOE. *Id.* ¶ 287. DOE denied her exemption request on or about September 22, 2021.[2] *Id.* ¶ 288. Plaintiff alleges she thereafter appealed to an independent arbitrator, which was denied, and appealed again to the Citywide Panel[3] and never received a decision. *Id.* ¶¶ 291-293, 295. She had

[2] Paragraph "288" of the TAC states that Plaintiff's exemption request was denied on or about September 22, 2024, but the year appears to be a typographical error.

[3] It should be noted that in the First Amended Complaint ("FAC"), Plaintiff alleged that she filed her appeal to the Citywide Panel in October 2021 (FAC ¶ 30, ECF No. 15), which would not have been possible because the appeal process to the Citywide Panel for DOE employees did not exist

been placed on Leave Without Pay ("LWOP") on or about October 1, 2021. *Id.* ¶ 294. Ultimately, on April 29, 2022, Plaintiff's employment was terminated. *Id.* ¶ 325.

Plaintiff filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"); the first on or around May 16, 2022, and the second in February 2023. *Id.* ¶¶ 326, 374; Pl.'s First EEOC Charge, annexed to the Smith Decl. as Exhibit "C"; Pl.'s Second EEOC Charge, annexed to the Smith Decl. as Exhibit "D." In her second charge, Plaintiff made allegations similar to those summarized above and also alleged that she has a "Problem Code" associated with her name that prevents her from finding other work. Smith Decl. Ex. C. The EEOC issued two Right to Sue letters. *See* TAC ¶ 372. The first letter was issued on July 1, 2022 stemming from Plaintiff's October 15, 2021 charge, which Plaintiff did not act on. *See* Pl.'s First Right to Sue Letter, annexed to the Smith Decl. as Exhibit "E." The second letter was issued on September 18, 2023 stemming from her February 21, 2023 charge. *See* TAC ¶ 372; Pl.'s Second Right to Sue Letter, annexed to the Smith Decl. as Exhibit "F." Plaintiff also filed a NOC on February 21, 2023. *See* TAC ¶ 372; Pl.'s NOC, annexed to the Smith Decl. as Exhibit "G."

## **STANDARD OF REVIEW**

On a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, a court "must accept as true all of the factual allegations set out in [a] plaintiff's complaint, draw inferences from those allegations in the light most favorable to [the] plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007). A plaintiff has pled a

---

until *after* November 15, 2021—which is explained in the Second Circuit's November 28, 2021 decision in *Kane v. De Blasio*, 19 F.4th 152, 162 (2d Cir. 2021). An Order issued by the Second Circuit's Motions Panel on November 15, 2021 established that DOE employees who unsuccessfully appealed the denial of an exemption request to an independent arbitrator could then appeal to the Citywide Panel. *See Kane*, 19 F.4th at 162; FAC ¶¶ 27-29, ECF No. 15.

facially plausible claim if the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). But for a claim within a complaint to be plausible, the complaint must do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff in addressing a plaintiff's claim on a motion to dismiss, it is not required "to give effect to a complaint's assertions of law or legal conclusions couched as factual allegations." *Lynch*, 952 F.3d at 75-76.

Although the Court must accept Plaintiff's allegations as true, it is "permitted to consider and take judicial notice of certain documents, such as matters of public record, and reject the truthfulness of those allegations that are contradicted by the documents." *Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561, 574 (E.D.N.Y. 2008). Specifically, the Court can consider "documents attached to the complaint as an exhibit or incorporated in it by reference . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation and quotation marks omitted; alterations in original). Thus, the Court should consider the Exhibits "A" through "G," annexed to the Smith Declaration.

## ARGUMENT

### POINT I

### THE CITY IS NOT A PROPER PARTY TO THIS ACTION AND SHOULD BE DISMISSED

Because Plaintiffs' allegations rest on acts allegedly committed by DOE and its employees, the City should be dismissed as a Defendant. It is well-settled that "[t]he City and the

DOE are separate legal entities, and the City cannot be held liable" for any alleged wrongdoing by DOE. *See*, *e.g., Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 248 (E.D.N.Y. 2012), *aff'd*, 713 F.3d 163 (2d Cir. 2013). Here, Plaintiffs allege that it was DOE, not the City, that denied her exemption requests, terminated her employment, and placed a Problem Code in her file. *See* generally TAC, ECF No. 61. Indeed, in a 2024 Eastern District of New York case with very similar claims and allegations related to the COVID-19 DOE vaccine mandate, the City was dismissed from the action as an improper defendant. *See* R. & R. (ECF No. 24), *Thorne-Long v. City of New York*, No. 1:23-cv-04305 (DG) (LB), at *7-10 (E.D.N.Y. May 6, 2024), *adopted by*, 2024 U.S. Dist. LEXIS 119748 (E.D.N.Y. July 8, 2024).

Here, Plaintiffs attempt in vain to widen the lens of the Court's review—to look beyond Plaintiffs' access to the Citywide Panel review and the application of post-*Kane* standard by the Panel—pointing to an email exchange between non-DOE officials, *see* ECF No. 61 ¶¶ 120-149. That exchange reflects internal deliberations—made in anticipation of the 2021 Scheinman arbitration—about potential positions that the City would assert in that forum. *See* ECF Nos. 61-1 *through* 57-4. Upon information and belief, none of the individually named Defendants participated in any vaccination-exemption decisions issued by Arbitrator Scheinman. Moreover, Plaintiffs' allegations that Defendant Eichenholtz provided biased guidance to Arbitrator Scheinman, *see* ECF No. 61 ¶¶ 173-178 and that former Mayor de Blasio improperly endorsed the Stricken Standards, *see* ECF No. 61 ¶¶ 179-188, are similarly irrelevant; the sole issue before the Court is whether discrete administrative decisions made by DOE—and subsequent to the Scheinman Arbitration—concerning vaccination exemptions were lawful. Thus, for the same reasons as in *Thorne-Long*, the City should therefore be dismissed from this action.

## POINT II

## ALL OF PLAINTIFF'S CLAIMS ARE TIME-BARRED

### A. Plaintiff's SHRL and CHRL claims are barred by the one year SOL

SHRL and CHRL claims against the DOE are subject to a one-year statute of limitations. *See* N.Y. Educ. Law § 3813(2-b); *Trabacchi v. Dep't of Educ.*, No. 24-CV-6123 (RPK)(TAM), 2025 U.S. Dist. LEXIS 148512, at *28-29 (E.D.N.Y. July 31, 2025). Assuming *arguendo* that Plaintiff's termination—rather than the denial of her accommodation requests, from where the statute of limitations should be measured, *see Kemp v. Regeneron Pharms., Inc.*, 117 F.4th 63, 70 (2d Cir. 2024) ("[T]he statute of limitations under the NYSHRL begins to run when 'an employee receives a definite notice' that the employer will undertake an adverse action.'")—are the most recent DOE action that could feasibly support a claim, Collins' should be measured from February 11, 2022. *See* TAC, ¶ 525. Because Plaintiff did not commence this action until December 14, 2023, over ten months after the statute of limitations for their claims against the DOE elapsed, their SHRL and CHRL claims against are time-barred and should be further dismissed on that basis.[4]

### B. Plaintiff Cannot Rely on the Relation Back Doctrine for the newly-added Individual Defendants

[4] Most of the previous challenges to employment decisions involving the City's vaccine mandate have been brought in New York state court as Article 78 proceedings. *See, e.g., Lee v. City of N.Y.*, 221 A.D.3d 505 (1st Dep't 2023); *Marsteller v. City of N.Y.*, 217 A.D.3d 543 (1st Dep't 2023); *see also R. & R.* (ECF No. 24), *Thorne-Long*, No. 1:23-cv-04305 (DG) (LB), at *8-10 (collecting cases), *adopted* 2024 U.S. Dist. LEXIS 119748. Because the core allegation in these actions is that the plaintiff was improperly denied a reasonable accommodation should have been filed as an Article 78 proceeding, they are arguably even more untimely, as they must have been brought within four months of the final RA denial. *See* CPLR § 217; *Damino v. City of New York*, 332 F. App'x 679, 682 (2d Cir. 2009).

As an initial matter, upon information and belief—with the exception of Defendant Eichenholtz, who is represented by this Office—Plaintiff has failed to serve each of the newly added Defendants with the TAC in accordance with USCS Fed Rules Civ Proc R 4. Accordingly, those Defendants should be dismissed as a matter of judicial economy.

Moreover, Plaintiffs' Section 1983, SHRL, and CHRL claims are all subject to a three-year statute of limitations. *Freud v. N.Y.C. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 54353, at *16-17 (S.D.N.Y Mar. 25, 2022) (citing *Patterson v. Cnty. of Oneida*, 375 F.3d 205, 225 (2d Cir. 2004)). Thus, all claims against the individual Defendants are time-barred. Plaintiffs' allegations concerning Defendant Chokshi primarily relate to his guidance prior to the September 2021 mandate, an letter that was sent on an unspecified date. *See* SAC, ¶¶ 134-142. Their allegations concerning Defendant Eichenholtz primarily include false allegations that he wrote the Scheinman Arbitration Award, *see id.* ¶¶ 49, 84-86, 118-131, and allegations referring to his oversight over the Citywide Panel, *see id.* ¶¶ 206-251. Their allegations relating to Defendants Varma, Bray, Banks, and Afshar almost exclusively concern an email exchange from September 2021. *See id.* ¶¶ 143-172. None of these allegations refer to dates after December 2022, *i.e.*, within three years of the filing of the TAC.

Even if the allegations against Defendants Eichenholtz and Chokshi were timely in January 2025, when the initial complaint was filed, the TAC does not relate back to the initial complaint. Federal Rule of Civil Procedure 15(c)(1)(C) allows "relation back" if, among other factors, "the new party 'knew or should have known that the action would have been brought against it,' within the period provided by Rule 4(m), 'but for a mistake concerning the proper party's identity.'" *Nollah v. New York City*, No. 17-CV-634 (JPO), 2018 U.S. Dist. LEXIS 166103, at *8 (S.D.N.Y. Sept. 27, 2018) (quoting Fed. R. Civ. P. 15(c)).

Plaintiff cannot possibly claim that the recently added defendants would have been named earlier "but for a mistake concerning the proper party's identity." *Id.* The initial complaint was over 900 paragraphs and 129 pages long and concerns the denial of Plaintiffs' requests for religious exemptions, in which none of the individual Defendants played any part. Furthermore, both Eichenholtz and Chokshi are named in the initial complaint's prolix factual allegations, meaning that there cannot have been a "mistake concerning the proper party's identity." *Id.*; *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (failing to identify an individual defendant that plaintiff knows should be named is not a mistake for Rule 15(c) purposes). Plaintiffs *could have* named Eichenholtz and Chokshi in the initial complaint but opted not to, doing so now seemingly to buttress their new *Monell* claims. With the exception of Defendant Varma—who the initial Complaint cites favorably, *see* ECF No. 1, ¶ 468—the initial complaint does not mention Defendants Banks, Bray, and Afshar. Because there was no mistaken identity and because plaintiff was clearly aware or in some cases should be aware of the existence of these defendants and no individual Defendant could have reasonably expected to have been added to this action, the claims against the individual defendants newly added in the TAC does not relate back to the original complaint, and all claims against Defendants Eichenholtz, Chokshi, Banks, Varma, Bray, and Afshar are time-barred.

**POINT III**

**PLAINTIFF FAILED TO TIMELY EXHAUST HER ADMINISTRATIVE REMEDIES**

The TAC should be dismissed because Plaintiff failed to exhaust her administrative remedies. A plaintiff cannot pursue a Title VII action without first exhausting her administrative remedies, filing a charge with the EEOC within 300 days of the discriminatory act, and filing an action within 90 days of receipt of a Right to Sue letter. *Littlejohn v. City of New York*, 795 F.3d

297, 322 (2d Cir. 2015). Here, Plaintiff filed her first EEOC charge on October 15, 2021 and received her first Right to Sue letter on July 1, 2022, but did not file this action until December 14, 2023, more than a year after the 90-day window to file an action expired. *Id.* *See* Smith Decl. Ex. D; *see generally* Original Compl., ECF No. 1. On the other hand, although Plaintiff filed this action within 90 days of receiving her second Right to Sue letter, she filed the underlying charge outside of the 300-day window: Plaintiff was terminated on February 11, 2022, meaning she needed to file this charge by December 8, 2022, yet she filed her second charge more than two months too late on February 21, 2023. *See* Smith Decl. Ex. E. Thus, Plaintiff's Title VII claims should be dismissed for failure to timely exhaust.

As to her remaining claims, to the extent that Plaintiff attempted to appeal to the Panel in October 2021,[5] they too should be dismissed for failure to exhaust. Exhaustion requirements apply to any claim brought against a government agency, including constitutional claims if the relief ultimately sought can be granted by the agency. *Read v. Corning Inc.*, 351 F. Supp. 3d 342, 349 (W.D.N.Y. 2018); *Town of Oyster Bay v. Kirkland*, 19 N.Y.3d 1035, 1038 (2012), *cert. denied*, 568 U.S. 1213 (2013). Appeals to the Citywide Panel were not available to DOE employees until after the Second Circuit Motion Panel's November 15, 2021 Order, which is explained in the Circuit's subsequent decision in *Kane*, 19 F.4th at 162-63. Because it appears Plaintiff failed to properly appeal her denials, she failed to exhaust her administrative remedies, and her remaining claims should be dismissed.

## POINT IV

## PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR HER FAILURE TO TIMELY FILE A NOTICE OF CLAIM

[5] *See* footnote "3."

Plaintiff's SHRL and CHRL claims should be dismissed because she failed to timely file a NOC. Education Law Section 3813 requires that a plaintiff file a NOC against DOE within 90 days of their claim accruing before bringing any claim against DOE. N.Y. Educ. Law § 3813(1); *Carter v. Syracuse City Sch. Dist.*, 850 F. App'x 22, 25 (2d Cir. 2021). Similarly, NY CLS Gen Mun § 50-e requires that a notice of claim be served upon a municipality where plaintiff sues an officer or employee within "ninety days after the claim arises". *Id.* at (1)(a). An EEOC Charge cannot substitute for a NOC. *See Santiago v. Newburgh Enlarged City Sch. Dist.*, 434 F. Supp. 2d 193, 196 n.1 (S.D.N.Y. 2006) (collecting cases). A late NOC is a legal nullity, and a court cannot grant leave to file a late NOC once the statute of limitations on the claims has passed. *See Dayton v. City of Middletown*, 786 F. Supp. 2d 809, 825 (S.D.N.Y. 2011); *Santiago*, 434 F. Supp. 2d at 196-97, 197 n.3 (citations omitted). Here, Plaintiff did not file her NOC within 90 days of the accrual of her claims. As discussed in Point II, *supra*, all of Plaintiff's claims accrued at the latest by April 29, 2022 when her employment was terminated.[6] *See* TAC ¶ 325;. Thus, to be timely, Plaintiff would have needed to serve a NOC by July 28, 2022; she did not do so, as she concedes, until February 21, 2023, at least seven months too late. *See* TAC ¶ 372; Smith Decl. Ex. F. Because Plaintiff failed to timely serve a NOC, she has failed to satisfy a necessary condition precedent to bringing any state law claim against DOE. N.Y. Educ. Law § 3813(1); *Carter*, 850 F. App'x at 25; *see also Davidson v. Bronx Mun. Hosp.*, 473 N.E.2d 761, 762-63, 64 N.Y.2d 59, 61-62 (N.Y. 1984). Accordingly, Plaintiff's SHRL and CHRL claims against DOE should be dismissed.

---

[6] Plaintiff alleges in her Second Amended Complaint, ECF No. , that she was terminated on February 11, 2022. *See id.* ¶ 525. *See also* Smith Decl. Ex. F.

## POINT V

## PLAINTIFF HAS FAILED TO STATE A CLAIM FOR STATUTORY OR CONSTITUTIONAL RELIGIOUS DISCRIMINATION, AS WELL AS STATUTORY FAILURE TO ACCOMMODATE AND RETALIATION

### A. Statutory Claims of Discrimination, Failure to Accommodate, and Retaliation

#### i. Discrimination

Plaintiff's claims of religious discrimination pursuant to Title VII, the SHRL, and the CHRL should be dismissed because the TAC fails to allege facts showing that an inference of discrimination underpins any of the actions taken against her, including the denial of her exemption request, termination of her employment, and alleged "Problem Code" placement. The standard to state a claim for religious discrimination under all three statutes is nearly the same. Under Title VII, a plaintiff needs to plausibly plead "that (1) the employer took adverse action against [her] and (2) [her] . . . religion . . . was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).

Importantly, though, "for a [Title VII] discrimination claim to survive a motion to dismiss, absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff (1) is a member of a protected class, (2) was qualified [for the position], (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (quoting *Littlejohn*, 795 F.3d at 311). By contrast, under the CHRL and SHRL, a "plaintiff need only show differential treatment—that she is treated 'less well' [rather than an adverse employment action]—because of discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (citations omitted.

Here, there are no allegations beyond conclusory statements within the TAC that suggest an inference of discrimination underlies any of the alleged actions taken by Defendants. *See generally* TAC. Such conclusory statements are insufficient to survive a motion to dismiss. *Lynch*, 952 F.3d at 75-76. Even if, *arguendo*, Plaintiff could demonstrate less well treatment or an adverse employment action, which she cannot, Plaintiff fails to show any such action or treatment was motivated by discriminatory animus. *Buon*, 65 F.4th at 79; *Vega*, 801 F.3d at 86; *Mihalik*, 715 F.3d at 110. Moreover, as discussed in more detail below in Points VI(B) and (C) *infra*, the vaccine mandate and exemption procedures have withstood several constitutional and statutory challenges in both state and federal court.

Moreover, Plaintiffs fail to allege an aiding and abetting claim under the CHRL or SHRL against the individually named Defendants. N.Y.C Admin. Code § 8-107(6) prohibits "aid[ing], abet[ting], incit[ing], compel or coerce the doing" any unlawful acts of discrimination. *See also McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 68 (S.D.N.Y. 2020). "To state a claim for aiding and abetting unlawful harassment, discrimination, or retaliation, a plaintiff must instead plead that the defendant actually participated in such unlawful conduct by the employer." *Id*. (cleaned up). NY CLS Exec § 296 prohibits the same under the SHRL. *United States v. New York City Dep't of Educ.*, 407 F. Supp. 3d 365, 401 (2018) (cleaned up). "But without an underlying NYSHRL or NYCHRL violation there can be no aiding or abetting of acts forbidden under those laws." *Id.* at 401-402 (citing *Boonmalert v. City of New York*, 721 F. App'x 29, 34 (2d Cir. 2018). Such is the case here, as Plaintiff fails to plausibly allege any violation of the CHRL or SHRL. Therefore, Plaintiff's statutory claims of discrimination must be dismissed.

ii. Failure to Accommodate and Engage in Cooperative Dialogue

Plaintiff's failure to accommodate claims also fail because she failed to allege a bona fide religious belief that conflicts with the vaccine mandate, and even if she did, it would

have been an undue hardship to accommodate her by permitting her to work unvaccinated. For a plaintiff to make out a failure to accommodate religious discrimination claim, she must plead that "(1) [she] held a bona fide religious belief conflicting with an employment requirement; (2) [she] informed [her] employers of this belief; and (3) [she was] disciplined for failure to comply with the conflicting employment requirement." *Rizzo v. N.Y.C. Dep't of Sanitation*, No. 23-cv-7190 (JMF), 2024 U.S. Dist. LEXIS 116666, at *6 (S.D.N.Y. July 2, 2024) (quoting *Baker v. Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006)). Although the SHRL and CHRL should be construed more broadly, the elements of a CHRL failure to accommodate claim are the same. *Marte v. Montefiore Med. Ctr.*, No. 22-cv-03491 (CM), 2022 U.S. Dist. LEXIS 186884, at *19 (S.D.N.Y. Oct. 12, 2022) (citing *Mihalik*, 715 F.3d at 109).

"If the *prima facie* case is shown, 'the burden then shifts to the employer to show it could not accommodate the employees' religious beliefs without undue hardship.'" *Algarin v. N.Y.C. Health & Hosps. Corp.*, 678 F. Supp. 3d 497, 508 (S.D.N.Y. 2023) (quoting *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 157 (2d Cir. 2001)), *aff'd*, No. 23-1063, 2024 U.S. App. LEXIS 6114 (2d Cir. Mar. 14, 2024) (summary order). An employer can raise the affirmative defense of undue hardship in a pre-answer motion to dismiss "if the defense appears on the face of the complaint." *D'Cunha v. Northwell Health Sys.*, No. 23-476-cv, 2023 U.S. App. LEXIS 30612, at *7 (2d Cir. Nov. 17, 2023) (summary order) (quoting *Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010)). An employer is required to provide reasonable accommodation to an employee when the "'employee has a genuine religious practice that conflicts with a requirement of employment . . . *unless* doing so would cause the employer to suffer an undue hardship." *New Yorkers for Religious Liberty, Inc.*, 121 F.4th at 462 (quoting *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002)). It is an undue hardship on an employer where the

accommodation "results in 'more than a *de minimis* cost' to the employer," *id.* (quoting *Baker*, 445 F.3d at 548), or "when a burden is substantial in the overall context of an employer's business." *D'Cunha*, 2023 U.S. App. LEXIS 30612, at *6-7 (quoting *Groff v. DeJoy*, 600 U.S. 447, 468 (2023)).

In this case, Plaintiff did not sufficiently plead that she had a bona fide religious belief or practice that conflicted with the vaccine mandate. Plaintiff pleaded that she had objections to the vaccine mandate, but she did not specify how exactly the mandate itself conflicted with her beliefs. *See generally* TAC. Moreover, even if she had sufficiently pleaded a bona fide belief or practice, Defendants can easily show undue hardship. As discussed below, Defendants' "burden [would have been] substantial in the overall context of [DOE's] business" because they had a duty, as a government employer, to maintain a safe workplace in the middle of a public health emergency.[7] Granting Plaintiff her desired accommodation would have threatened public safety. Therefore, these claims should be dismissed.

To the extent Plaintiff alleges a claim for failure to engage in a cooperative dialogue under the CHRL, this should also be dismissed, as it is now a matter of settled law that the process utilized here satisfied the cooperative dialogue requirement. In *Chinchilla v. New York City Police*

[7] Plaintiff, citing studies and opinions of medical professionals favorable to plaintiff's viewpoint, alleges throughout the TAC that the DOE and/or Citywide Panel should have determined, contrary to the conclusion of the New York City Department of Health and Mental Hygiene ("DOHMH"), that vaccination was not necessary to mitigate the public health emergency, and that their failure to do so was somehow unlawful. However, DOHMH determined that mandating COVID vaccination for DOE employees was necessary to mitigate this public health emergency pursuant to its legal mandate to do so. Plaintiff points to no law, rule or regulation that would have empowered the DOE or Citywide Appeals Panel to overrule or disregard the DOHMH's determination. Indeed, it would be improper for DOE, the Citywide Panel, or even, at this juncture, this Court to do so. *See Matter of Goldstein v. New York City Department of Health & Mental Hygiene*, 242 A.D.3d 1094, 1096 (2d Dept. 2025) ("The [] Court erred in conducting its own research and substituting its own factual findings regarding a public health problem for that of the agency empowered to regulate matters affecting health in New York City . . .")

*Department*, a lawsuit brought by a former NYPD employee challenging her termination for failure to receive the COVID-19 vaccine pursuant to a mandate, the Court dismissed a CHRL cooperative dialogue claim, finding "New York's appellate courts, in *Marsteller* and *Lynch*, held that the systems operated by the NYPD and other City agencies satisfy the cooperative dialogue requirements of the []CHRL." No. 23-cv-8986, 2024 U.S. Dist. LEXIS 123248, at *34-36 (S.D.N.Y. July 12, 2024) (citing first *Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, 221 A.D.3d 456, 458 (1st Dept. 2023), *lv. den.* 42 N.Y.3d 905 (2024); and then *Marsteller v. City of New York*, 217 A.D.3d 543, 545 (1st Dept. 2023), *lv. den.* 41 N.Y.3d 960 (2024)); see also, Matter *of Smith v. New York City Fire Dept.*, 239 A.D.3d 870 (2d Dept. 2025), *lv. den.* 2006 N.Y. LEXIS 517, ___ N.Y.3d. ___ (April 16, 2026) . Indeed, given that CHRL cooperative dialogue both the First and Second Departments have found the process utilized by the Citywide Panel was sufficient to satisfy the CHRL cooperative dialogue requirement, and the New York State Court of Appeals has affirmatively declined to review the issue, plaintiff's cooperative dialogue claims should accordingly be dismissed as a settled matter of state law. *Matter of Ansbro v. Nigro*, 235 A.D.3d 525-526 (1st Dept 2025), *lv. den.*, 44 N.Y.3d 909 (2026) (arguing the City did not engage in cooperative dialogue with respect to vaccine mandate reasonable accommodations "ignores this Court's precedent, which upheld the procedures challenged in this proceeding.")

iii. Retaliation

Plaintiff's claims of retaliation under Title VII, the SHRL, and the CHRL fail because she has not presented any allegations that she was subjected to treatment likely to dissuade protected activity, or alleged any causal link between any protected activity and alleged employment action. "Title VII provides that it shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because he has opposed any practice

made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Vega*, 801 F.3d at 89-90 (internal quotation marks omitted) (quoting 42 U.S.C. § 2000e-3(a)); *Littlejohn*, 795 F.3d at 315.

"To establish a presumption of retaliation at the initial stage of a Title VII litigation, a plaintiff must present evidence that shows '(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'" *Id.* (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)). The standard under the CHRL is similar: "[T]he plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *LeRoy v. Delta Air Lines*, No. 21-267-cv, 2022 U.S. App. LEXIS 29352, at *7 (2d Cir. Oct. 21, 2022) (quoting *Mihalik*, 715 F.3d at 112).

It is not enough under federal law for the plaintiff to show that the desire to retaliate was merely a "substantial" or "motivating" factor; it must be the but-for cause of the alleged retaliatory action. *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 845-46 (2d Cir. 2013); *Mihalik*, 715 F.3d at 113. While a plaintiff need not show that the desire to retaliate was the "but-for" cause under the CHRL, a plaintiff still must show that the action was at least motivated in part by the desire to retaliate. *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 449 (S.D.N.Y. 2018) (citation omitted).

Here, Plaintiff failed to plead any facts suggesting that Defendants undertook any action to dissuade her from opposing discrimination. As discussed below, the vaccine mandate was not put in place to dissuade Plaintiff, or anyone for that matter, from bringing discrimination

claims; it was merely put in place to protect the public from infection in the context of a worldwide public health emergency. Furthermore, to the extent Plaintiff participated in protected activity, such as filing a NOC or Charges of Discrimination with the EEOC, such activity occurred *after* the treatment about which she now complains, and she was terminated for her failure to comply with the vaccine mandate and no other reason. *See generally* TAC. Therefore, Plaintiff's retaliation claims should be dismissed, as well.

**B. Constitutional Claims**

i. Free Exercise Clause

Plaintiff's Seventh Cause of Action, her First Amendment Free Exercise Clause claims, fail as a matter of law. "[A] plaintiff may carry the burden of proving a [F]ree [E]xercise violation . . . by showing that a government entity has burdened [her] sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'" *Antonyuk v. Chiumento*, 89 F.4th 271, 346 (2d Cir. 2023) (quoting *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022)). The Free Exercise Clause "'does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability.'" *New Yorkers for Religious Liberty, Inc.*, 121 F.4th at 459 (quoting *Kane*, 19 F.4th at 164); *see Employment Div., Dep't of Human Res. v. Smith*, 494 U.S. 872, 879 (1990).

Plaintiff has not alleged facts suggesting that the vaccine mandate or process to request a religious exemption were not neutral or generally applicable or that they unfairly targeted her religion. Here, the Second Circuit has already rejected Free Exercise challenges to this and similar COVID19 vaccine mandates, including cases brought by the same counsel as plaintiff herein. *See New Yorkers for Religious Liberty, Inc.*, 121 F.4th at 459-60 (quoting *Kane*, 19 F.4th at 163-64); *Kane*, 19 F.4th at 163-67; *see also We the Patriots USA, Inc.*, 17 F.4th at 290, *opinion clarified*, 17 F.4th 368.

It is settled law that the City's DOE vaccine mandate that applied to Plaintiffs does not violate the First Amendment. *Kane*, 623 F. Supp. 3d 339; *Kane*, 19 F.4th at 163-67; *We the Patriots USA, Inc.*, 17 F.4th at 353-59. Furthermore, in *Thorne-Long*, the Court granted the City defendants' motion in part on the grounds that the complaint's allegations, which are very similar to Plaintiffs' here, were not sufficient to support a Free Exercise claim. *See* R. & R. (ECF No. 24), *Thorne-Long*, No. 1:23-cv-04305 (DG) (LB), at *10-12, *adopted by*, 2024 U.S. Dist. LEXIS 119748. What is more, the Second Circuit found the procedure to request an exemption established in the November 15, 2021 Motions Panel Order set forth a constitutionally sound process. *Kane*, 19 F.4th at 162.

More generally, First Amendment claims involving the COVID-19 vaccine mandates at issue have been uniformly rejected in this Circuit. *See, e.g.*, *Vasquez*, 2024 U.S. Dist. LEXIS 58731, at *28-29; *Kane*, 19 F.4th at 164; *Kane*, 623 F. Supp. 3d at 354-59, *aff'd in part*, *New Yorkers for Religious Liberty, Inc.*, 121 F.4th 448. Of the 35 individual plaintiffs in *New Yorkers for Religious Liberty, Inc.* whose cases were originally dismissed at the Rule 12 stage, only two plaintiffs' dismissals were reversed, and only one of those reversals had anything to do with the plaintiff's beliefs. *Id.* at 463-64. As such, Plaintiff has failed to state a Free Exercise claim, and these claims should be dismissed.

ii. Establishment Clause

Plaintiff's Eighth Cause of Action, her First Amendment Establishment Clause claims, also fail. A plaintiff can show an Establishment Clause violation if they plead facts suggesting the government "enact[ed] [] laws that have the 'purpose' or 'effect' of 'advancing or inhibiting religion,'" or laws that show a "'denominational preference' by preferring one religion over another." *New Yorkers for Religious Liberty, Inc.*, 121 F.4th at 460 (quoting first *Agostini v. Felton*, 521 U.S. 203, 222-23 (1997); and then quoting *Larson v. Valente*, 456 U.S. 228, 244-46

(1982)). Under *Kennedy*, "the Establishment Clause must be interpreted by reference to historical practices and understandings." *Kane*, 623 F. Supp. 3d at 358-59 (internal quotation marks omitted) (quoting *Kennedy*, 597 U.S. at 510). The *Kane* court noted that "there is a long history of vaccination requirements in this country and in [the Second] Circuit." *Id.* at 359 (collecting cases).

Again, plaintiff's claims stand in opposition to now-settled, binding law. As both *Kane* and *New Yorkers for Religious Liberty, Inc.* have stated, the vaccine mandate does not violate the Establishment Clause. *Id.* at 358-59; *New Yorkers for Religious Liberty, Inc.*, 121 F.4th at 460-61. , The Second Circuit has also determined that Defendants' Citywide Panel procedures do not violate the Establishment Clause in any way. *See New Yorkers for Religious Liberty, Inc.*, 121 F.4th at 460-61. Further, Plaintiffs' claim that Defendant Chokshi impermissibly colluded with the union, DOE and arbitrators", ECF No. 57 ¶ 1020, is conclusory, and fails to comply with fundamental pleading standards. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, these claims should also be dismissed.

iii. Equal Protection

Plaintiff's Equal Protection claim should be dismissed due to their failure to raise an inference of discrimination. The Equal Protection Clause is "essentially a direction that all persons similarly situated by treated alike." *Cassidy v. Scoppetta*, 365 F. Supp. 3d 283, 290 (E.D.N.Y. 2005) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). For a plaintiff to plausibly allege such a claim, she must "specify instances in which [she has] been treated differently from others similarly situated." *Hang Hsin v. City of New York*, 779 F. App'x 12, 16 (2d Cir. 2019) (summary order) (internal quotation marks and alterations omitted) (quoting *Albert v. Carovano*, 851 F.2d 561, 573 (2d Cir. 1988)).

Here, Plaintiff failed to allege how she was treated differently from similarly situated individuals who applied for religious exemption. *See generally* TAC. Therefore, for many

of the same reasons discussed above, Plaintiff's religious discrimination claims fail under the Equal Protection Clause as well because she has not shown that discriminatory animus motivated any adverse employment action against her. Plaintiff advances yet another argument here that defies binding precedent as the Second Circuit has already rejected the application of strict scrutiny to a similar Equal Protection challenge to the DOE COVID-19 vaccine mandate in *Kane*. "When a free exercise challenge fails, any equal protection claims brought on the same grounds are subject only to rational-basis review," a standard which the mandate easily satisfies. *Kane*, 19 F.4th at 167 n.14 (quotation marks and citations omitted); *see also* R. & R. (ECF No. 24), *Thorne-Long*, No. 1:23-cv-04305 (DG) (LB), at *10-12, *adopted by*, 2024 U.S. Dist. LEXIS 119748. Finally, it must be noted that courts in this Circuit have explicitly found that the COVID-19 vaccine mandate neither targets a protected class nor implicates a fundamental right. *See Sutton*, 2024 U.S. Dist. LEXIS 86023, at *8-9 (first quoting *We the Patriots USA, Inc.*, 17 F.4th at 293, *opinion clarified*, 17 F.4th 368; then citing *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25-31 (1905)); *see id.* at *9 (collecting cases). Thus, Plaintiff's Equal Protection claims also fail and should be dismissed.

iv. Section 1983

Plaintiffs fail to plausibly plead § 1983 liability against any of the named Defendants in their individual capacities. As a prerequisite for individual liability under § 1983, plaintiffs must demonstrate defendants' personal involvement. *See Brandon v. Kinter*, 938 F.3d 21 (2d Cir. 2019). And, to the extent that Plaintiffs allege that the individually named Defendants violated their rights under the First and Fourteenth Amendments, they are entitled to qualified immunity to the extent that they acted in their official capacity. *See Ziglar v. Abbasi*, 582 U.S. 120, 150 (2017). Therefore, Plaintiff's § 1983 claims as plead against the individual Defendants should be dismissed.

**C. The Legality of the Mandate**

Plaintiff's termination was not disciplinary but was instead the result of a condition of employment that she failed to meet. The City and DOE required all staff to be vaccinated against COVID-19 as a condition of employment, a condition which numerous courts have found to be legally enforceable. *See Broecker v. N.Y.C. Dep't of Educ.*, 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022) (holding that the DOE Order created a "lawful condition of employment"), *aff'd*, No. 23-655, 2023 U.S. App. LEXIS 30076 (2d Cir. Nov. 13, 2023); *O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, 42 N.Y.3d 986, 991 (2024) (citations omitted) (affirming the vaccine mandate was a "condition of employment . . . unrelated to job performance, misconduct, or competency.") (internal quotations omitted).. An employee who failed to meet this condition may lawfully be subject to termination. *Id.*

Importantly, courts have found DOE employees received sufficient due process, which requires only notice and an opportunity to respond, in being given ample opportunity to show proof of vaccination or request exemptions. *O'Reilly*, 49 N.Y.3d at 991; *see also Broecker*, 585 F. Supp. 3d at 314, *aff'd*, 2023 U.S. App. LEXIS 30076. Because the issue of vaccination involves a condition of employment and not some other basis for termination such as misconduct, no hearing was required under New York Education Law Section 3020-a. *O'Reilly*, 49 N.Y.3d at 991. Accordingly, Plaintiff's Third Cause of Action, retaliation claims premised on DOE's not affording Plaintiffs a 3020-a hearing, *see* TAC ¶ 702, should be dismissed. Here, between an opportunity to submit a request for a religious exemption, an appeal of the denials of those requests, and multiple notices that their failure to comply with this condition could and would result in their termination, it is clear that Plaintiff received constitutionally adequate process, and as noted, she was not entitled to a hearing pursuant to Education Law section 3020-a.

It need only be added that DOE, as a government employer, has a duty to maintain a safe workplace. *See generally* N.Y. Labor Law § 27-a; *Broecker*, 585 F. Supp. 3d at 316, *aff'd*, 2023 U.S. App. LEXIS 30076 (citing N.Y. Labor Law § 27-a). The decision of how best to do so is within the discretion of the municipal employer. *Id.*; *see Crown v. Danby Fire Dist.*, 676 F. App'x 87, 92 (2d Cir. 2017); *New York State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v. Cuomo*, 64 N.Y.2d 233, 237-40 (1984). Here, the City vaccine mandate was lawful and enforceable and, while it was in effect, required that all City employees be vaccinated, absent a granted exemption or accommodation. The City and DOE created a lawful, enforceable qualification of employment that all employees must have met in order to remain employed. *See Broecker*, 585 F. Supp. 3d at 314; *Garland v. N.Y.C. Fire Dep't*, 574 F. Supp. 3d 120, 128-29 (E.D.N.Y. 2021); *We the Patriots USA, Inc.*, 17 F.4th at 293-94, *opinion clarified*, 17 F.4th 368 (upholding vaccination as a "condition of employment" in the healthcare field); *O'Reilly*, 49 N.Y.3d at 991, *aff'g*, No. 161040/2021, 2022 N.Y. Misc. LEXIS 246.

As the Court explained in *Garland*, 574 F. Supp. 3d at 129, that "[g]iven the state of public health emergency that our nation finds itself in due to the Coronavirus, the more transmissible Delta and Omicron variants, and the nature of Plaintiffs' job as firefighters and EMT employees, interacting with members of the public on an emergency basis, and living in close quarters during their shifts, the . . . Commissioner was within his powers to require COVID-19 vaccination as a qualification of employment for FDNY employees." Most importantly, "[u]ltimately, it is up to local government, not the courts, to balance the competing public health and business interests, and here, the New York City government and the FDNY have done so in issuing and enforcing the vaccination requirement for employees of the FDNY." *Id.* at 134.

Thus, given the public health emergency posed by COVID-19 and the public-facing nature of a DOE teacher's work, Defendants, in compliance with the lawful Citywide vaccine mandate, could not permit unvaccinated employees, absent exemption or accommodation required by law, to perform work for the City or the DOE. When, "as here, the [plaintiff's] proposed accommodation could conceivably threaten to compromise public safety, the employer's burden of establishing an undue burden is light indeed." *Sides v. New York State Div. of State Police*, No. 03-CV-153, 2005 U.S. Dist. LEXIS 12635, at *17 (N.D.N.Y. June 28, 2005). Because Plaintiff was not entitled to an exemption, Defendants could not permit her to substitute her preference for weekly testing in place of vaccination, which is "one of the most highly regarded" tools available to "reduce viral transmission." *Maniscalco*, 563 F. Supp. 3d at 40. As such, the TAC should be dismissed in its entirety.

## POINT VI

## THE SECOND AMENDED COMPLAINT VIOLATES RULE 8 AND SHOULD BE DISMISSED

This matter should be dismissed because the extraordinarily long and burdensome Amended Complaint violates Rule 8. Rule 8(a)(2) requires that "[a] pleading that states a claim for relief must contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Plaintiff wastes many paragraphs on redundant or irrelevant material. *See generally* TAC. For example, Plaintiff devoted most of paragraphs "74" through "307" to discussing what they call the "Stricken Standards": As the name implies, and as the TAC notes, these "Stricken Standards" were, in fact, stricken in November 2021 and have not been in use for nearly three years. TAC ¶ 288 (citing *Kane*, 19 F.4th 152). Continuing to harp on them in such long-winded fashion when the issue surrounding them has been resolved is wasteful. Indeed, the prolixity of the TAC appears simply to obfuscate and

distract from the inescapable fact that the TAC relies on legal theories that have been explicitly rejected by the Second Circuit, on matters of state law fully settled by New York State courts and are thus frivolous. Therefore, the Amended Complaint should be dismissed for failure to comply with Rule 8.

## CONCLUSION

For the foregoing reasons, it is clear that Plaintiff's claims, both substantively and procedurally, fail. Therefore, Defendants respectfully request that the Court dismiss the Complaint, deny Plaintiff's requests for relief in all respects, and enter judgment for the Defendants, together with such other and further relief as the Court deems just and proper. In the alternative, Defendants respectfully request that the Court permits Defendants 30 days from the date of the Court's Order to Answer the Complaint.

Dated: New York, New York
June 8, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2203

By: /s/ Jason Imbiano
Jason Imbiano
Assistant Corporation Counsel

To: All Counsel of Record (via ECF)
**GIBSON LAW FIRM PLLC** (via Email)
Sujata S. Gibson
120 E. Buffalo St., Suite 201
Ithaca, NY 14850
(607) 327-4125
sujata@gibsonfirm.law