1:23-cv-9248 (RER) (CHK)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Natalya Collins, and all others similarly situated,

Plaintiff,

-against-

CITY OF NEW YORK, DAVE CHOKSHI in his individual and official capacity, NELLIE AFSHAR in her individual and official capacity, STEVEN BANKS in his individual and official capacity, JACKIE BRAY in her individual and official capacity, JAY VARMA, in his individual and official capacity, ERIC EICHENHOLTZ in his individual and official capacity and THE NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, New York City Department of Education, Eric Eichenholtz, Nellie Afshar and Jay Varma*
*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel: Jason Imbiano*
*Assistant Corporation Counsel*
(212) 356-8766

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. III

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 1

    POINT I ....................................................................................................................... 1

        THE CITY IS NOT A PROPER PARTY TO THIS ACTION AND SHOULD BE DISMISSED ............................................... 1

    POINT II ..................................................................................................................... 2

        PLAINTIFF'S CLAIMS ARE TIME-BARRED ............................................. 2

    POINT III .................................................................................................................... 3

        THE INDIVIDUAL DEFENDANTS LACK PERSONAL INVOLVEMENT AND ARE OTHERWISE ENTITLED TO QUALIFIED IMMUNITY .................................................................. 3

    POINT IV ................................................................................................................... 4

        PLAINTIFF CANNOT SHOW THAT SHE TIMELY EXHAUSTED HER ADMINISTRATIVE REMEDIES ............................ 4

    POINT V ...................................................................................................................... 5

        PLAINTIFF'S STATUTORY CLAIMS FAIL ................................................ 5

        A.   Statutory Claims of Discrimination, Failure to Accommodate, and Retaliation .......................................... 5

            i.   Discrimination ........................................................ 5

            ii.  Failure to Accommodate and Engage in Cooperative Dialogue ................................................ 5

            iii.  Retaliation ............................................................... 7

            iv.  "Harassment" ......................................................... 7

        B.   Constitutional Claims ........................................................ 8

            i.   Free Exercise Clause ............................................. 8

**Page**

ii.   Establishment Clause.............................................................. 8

iii.  Equal Protection...................................................................... 9

C.   The Legality of the Mandate.......................................................... 10

CONCLUSION............................................................................................ 10

CERTIFICATE OF COMPLIANCE ............................................................ 11

## TABLE OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*Abdell v. City of New York*,
  759 F. Supp. 2d 450 (S.D.N.Y. 2010)............................................................................3

*Bergin v. N.Y. State Unified Ct. Sys.*,
  2026 U.S. App. LEXIS 20685
  (2d Cir. 2026)..............................................................................................................6

*Castelino v. Whitman, Breed, Abbott & Morgan, LLC*,
  342 A.D.3d 245 (2025) ................................................................................................6

*Cent. Rabbinical Cong. of the U.S. v. N.Y.C. Dep't of Health & Mental Hygiene*,
  763 F.3d 183 (2d Cir. 2014)........................................................................................8

*Dacosta v. City of New York*,
  296 F. Supp. 3d 569 (E.D.N.Y. 2017) .........................................................................3

*EEOC v. Abercrombie & Fitch Stores, Inc.*,
  575 U.S. 768, 135 S. Ct. 2028,
  192 L. Ed. 2d 35 (2015) ..............................................................................................6

*Frantti v. New York*,
  850 Fed. App'x 17 (2d Cir. 2021)................................................................................6

*Kane v. De Blasio*,
  19 F.4th 152 (2d Cir. 2021) .........................................................................................8

*New Yorkers for Religious Liberty, Inc. v. City of New York*,
  121 F.4th 448 (2d Cir. 2024) .......................................................................................9

*Smith v. N.Y.C. Fire Dep't*,
  Nos. 2023-09850, 2023-09852,
  2025 N.Y. App. Div. LEXIS 3783
  (N.Y. App. Div. 2d Dep't June 18, 2025)....................................................................6

*Thorne-Long v. City of New York*,
  No. 1:23-cv-04305 (DG) (LB)
  (E.D.N.Y. May 6, 2024),
  *adopted by*, 2024 U.S. Dist. LEXIS 119748
  (E.D.N.Y. July 8, 2024) ........................................................................................1, 2, 9

*Town of Oyster Bay v. Kirkland*,
  978 N.E.2d 1237 (N.Y. 2012)......................................................................................4

| **Cases** | **Pages** |
|---|---|

*Zapantis-Dalamakis v. City of New York*,
 2026 U.S. Dist. LEXIS 171126
 (E.D.N.Y. July 31, 2026) ................................................................................................5, 7, 8

*Ziglar v. Abbasi*,
 582 U.S. 120 (2017)..........................................................................................................4

**Statutes**

Fed. R. Civ. P. 8...................................................................................................................10

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1

N.Y. Educ. Law § 3813(2-b) ..................................................................................................2

## PRELIMINARY STATEMENT

Plaintiff, a former DOE teacher, brings the instant action asserting that Defendants the City of New York, the New York City Department of Education ("DOE") Dave Chokshi, Nellie Afshar, Steven, Jackie Bray, Jay Varma, and Eric Eichenholtz in their individual and official capacities (collectively "Defendants"), violated Title VII of the Civil Rights Act of 1964, the Free Exercise Clause and Establishment Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the New York State and City Human Rights Laws ("SHRL" and "CHRL" respectively).  On June 8, 2026, Defendants moved to dismiss the Third Amended Complaint ("TAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Dfs. Mem.")[1]. On July 22, 2026, Plaintiff responded with her Opposition ("Pf. Mem."). For the reasons stated in Defendants' initial moving papers and below this Court should grant Defendants' motion.

## ARGUMENT

### POINT I

### THE CITY IS NOT A PROPER PARTY TO THIS ACTION AND SHOULD BE DISMISSED

Plaintiff fails to sufficiently rebut Defendants' argument that the City should be dismissed as a Defendant. Plaintiff unpersuasively attempts to distinguish this matter from *Thorne-Long v. City of New York*, No. 1:23-cv-04305 (DG) (LB) (E.D.N.Y. May 6, 2024), *adopted by*, 2024 U.S. Dist. LEXIS 119748 (E.D.N.Y. July 8, 2024); Exhibit "H" of the Imbiano Decl., arguing that in the instant matter, the City took action against Plaintiff, whereas in *Thorne-Long* no such allegations were made. Pf. Mem. at 12. However, as discussed more fully below, Plaintiff's

---

[1] This Office currently represents, and moves on behalf of, the City of New York, New York City Department of Education, Eric Eichenholtz, Jay Varma and Nellie Afshar. While representation decisions continue to be made for Defendants Jackie Bray, Steven Banks and Dave Chokshi, Defendants request that the Court dismiss the SAC as plead against those Individual Defendants, sua sponte.

arguments that the City was involved in DOE's employment decisions, relies upon the "Chokshi Letter" and unfounded speculation that Chokshi, Bray, Afshar, Banks, Eichenholtz and Varma ("Individual Defendants") and/or the City as a whole were involved in Plaintiff's accommodation denial and termination. *Id.* This reasoning ignores the fact that *Thorne-Long* clearly weighed the Citywide Panel's authority to reconsider employment decisions made by DOE, and still held that the City was not a proper party. *Thorne-Long*, 23-cv-04305 (DG) (LB) (E.D.N.Y. May 6, 2024), at 7-10. Accordingly, the City should be dismissed as a party.

## POINT II

### <u>PLAINTIFF'S CLAIMS ARE TIME-BARRED</u>

Plaintiff concedes that her SHRL and CHRL claims against the DOE, for the period covering Plaintiff's accommodation denial and termination, are barred for failing to file a NOC. Pf. Mem. at 43. However, Plaintiff contends that she is not barred from moving forward on her SHRL and CHRL claims against the Individual Defendants or the City. *Id.* As set forth herein, neither the City nor Individual Defendants are proper parties to this action, meaning DOE is the only legitimate Defendant. Plaintiff attempts to revive her claims against DOE by alleging that "discrete adverse acts" occurred within the one-year statute of limitation imposed by N.Y. Educ. Law § 3813(2-b), including Plaintiff's discovery of her "Problem Code", DOE's "refusal to reinstate" Plaintiff, and "the waiver requirement conditioning rehire on surrender of her discrimination claims . . . ." Pf. Mem. at 43. For the reasons discussed in Defendants' Memorandum, Plaintiff fails to demonstrate that any inferior treatment that she alleges to have been subjected to was motivated by an inference of discrimination. Df. Mem. at 12-13. Separately, Plaintiff fails to rebut Defendants' argument that Plaintiff's claims against the Individual Defendants are time-barred. Plaintiff baselessly claims that the Office of the Corporation Counsel "concealed" relevant documentation through "misconduct" causing delay in Plaintiff becoming

2

aware of the Individual Defendants' involvement in DOE's allegedly unlawful accommodation review. Pf. Mem. at 15. Plaintiff's allegations of misconduct without factual support, and thus readily distinguishable from the cases cited to where misconduct identified by the Court prevented timely disclosure. Further, Plaintiff's citations to *Abdell v. City of New York*, 759 F. Supp. 2d 450, 455-57 (S.D.N.Y. 2010) and *Dacosta v. City of New York*, 296 F. Supp. 3d 569 (E.D.N.Y. 2017) are inapposite. In both cases, plaintiffs lacked requisite knowledge at the initial pleading stage as to which specific officers were involved in the decisions to arrest them. Here, by contrast, Plaintiffs have added Individual Defendants (from non-DOE City agencies) in an attempt to expand the scope and very nature of their claims, and not (as in the above cases) to simply correct erroneous or missing identifications of agency officials (*i.e.*, from DOE) who took part in the decisions to deny her accommodation request. Further discovery was stayed in this matter. *See* ECF docket entry on May 17, 2024. As such, Plaintiff's citations are inapposite, and the claims against the Individual Defendants should be deemed untimely.[2]

**POINT III**

**THE INDIVIDUAL DEFENDANTS LACK PERSONAL INVOLVEMENT AND ARE OTHERWISE ENTITLED TO QUALIFIED IMMUNITY**

To the extent that Individual Defendants are sued in their individual capacity, Plaintiff fails to contend with Defendants' argument that they lack personal involvement. Whereas Plaintiff merely reiterates the Chokshi Letter and related emails as evidencing personal involvement, *see* Pf. Mem. at 29-30, as noted throughout, the email discussion cited to is wholly separate from the actions challenged by Plaintiff – to wit: denial of Plaintiff's request for a religious

---

[2] Contrary to Plaintiff's assertion, Defendants' Motion to Dismiss the Second Amended Complaint was made on behalf of all Defendants in this matter. *See* Dfs. Mem. at 1.

3

accommodation, DOE's unwillingness to rehire Plaintiff, and DOE's issuance of a problem code. Pf. Mem. at 30-48. Thus, even crediting Plaintiff's allegations as true, they would not demonstrate personal involvement.

Plaintiff also fails to rebut Defendants' argument regarding qualified immunity. In *Ziglar v. Abbasi*, 582 U.S. 120 (2017), the Supreme Court held that "[t]he doctrine of qualified immunity gives officials breathing room to make reasonable but mistaken judgments about open legal questions." *Id.* at 150-151. The Court continues, that even where law exists in opposition to official action, the "unlawfulness" of the official's conduct "must be apparent". *Id.* at 151. None of the allegations included in the TAC rise to this level, and Plaintiff conclusively argues that no reasonable official would consider "whether an applicant supplied a clergy letter, belonged to a 'recognized' religious organization, or agreed with selected religious leaders" when making accommodation determinations. Pf. Mem. at 30. But Plaintiff's opinion is not law and she cites to no law supporting her assertions. As such, the Individual Defendants should be dismissed from this case.

## POINT IV

### PLAINTIFF CANNOT SHOW THAT SHE TIMELY EXHAUSTED HER ADMINISTRATIVE REMEDIES

Plaintiff concedes that she failed to file this action within 90 days of receiving her first Right to Sue Letter, but claims that the conduct complained of in her second letter remains viable. Pf. Mem. at 31. Plaintiff cannot rebut the well-established principle that "merely asserting a constitutional violation will not excuse a litigant from first pursuing administrative remedies that can provide the requested relief." *Town of Oyster Bay v. Kirkland*, 978 N.E.2d 1237, 1240 (N.Y. 2012). While Defendants acknowledge the timeliness of Plaintiff's claims pursuant to the second EEOC charge and letter, they dispute the merits of those underlying claims. *See* Df. Mem. at 12-

4

18.  Thus, Plaintiff's Title VII claims accruing prior to April 27, 2022 (300 days before filing her second EEOC charge) should be dismissed.

## POINT V

## PLAINTIFF'S STATUTORY CLAIMS FAIL

Plaintiff fails to demonstrate the merits of her claims of religious discrimination, failure to accommodate, and retaliation in opposition to Defendants' motion, and they should thus be dismissed.

**A.  Statutory Claims of Discrimination, Failure to Accommodate, and Retaliation**

i.    Discrimination

Plaintiff provides no legitimate basis to avoid dismissal of her claims of religious discrimination pursuant to Title VII, the SHRL and CHRL (Second, Fourth, and Fifth Causes of Action).   Plainly, the TAC fails to allege facts showing that an inference of discrimination underpins any of the actions taken against her, including the denial of her exemption request, the termination of her employment, and any alleged "Problem Code" placements.  *See Zapantis-Dalamakis v. City of New York,* 2026 U.S. Dist. LEXIS 171126, \*18 (failure to sufficiently identify comparators or otherwise establish a causal link between an adverse action and plaintiff's membership in a protected class is fatal to their claims). Notably, Plaintiff relies on a rebutted assumption that they have direct evidence of religious discrimination when in fact Plaintiff cannot demonstrate how the vaccine mandate favors one religion over another.  *See* Pls.' Opp. at 35-37. Therefore, Plaintiff's statutory claims of discrimination must be dismissed.

ii.    Failure to Accommodate and Engage in Cooperative Dialogue

Plaintiff's failure to accommodate claims fail because she cannot rebut the fact that she failed to allege a bona fide religious belief that conflicts with the vaccine mandate, and, even if she did, it nevertheless would have been an undue hardship to accommodate her by permitting

her to work unvaccinated. Plaintiff's arguments primarily rely on her contention that she was able to perform her duties from home.  *See* Pf.' Opp. at 38. While conceding that she was also required to co-teach one or two classes, Plaintiff argues that those duties could have been transferred to someone else. *Id.*  Under the SHRL and CHRL, "an accommodation is not reasonable if it, in essence, requires an employer to eliminate an essential function of a job." *See Castelino v Whitman, Breed, Abbott & Morgan, LLC*, 342 A3d 245, 256 (2025) (quoting *Frantti v. New York*, 850 Fed. Appx. 17, 20 (2d Cir. 2021). Moreover, Plaintiff fails to demonstrate that Defendants terminated her in order to avoid providing a reasonable accommodation. As such, Plaintiff's reference to the Circuit's recent decision in *Bergin v. N.Y. State Unified Ct. Sys.*, 2026 U.S. App. LEXIS 20685 (2026) (holding that  *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 135 S. Ct. 2028, 192 L. Ed. 2d 35 (2015) abrogated the Circuit's previous standard for alleging a prima facie failure to accommodate claim under Title VII) fails to advance her arguments.  Therefore, Plaintiff's failure to accommodate claims should be dismissed.

Finally, Plaintiff fails to rebut that her CHRL cooperative dialogue claims should be dismissed. The Second Department, in which the City and DOE also sit, recently held that the accommodation procedures employed by the City with the vaccine mandate did not violate the CHRL's cooperative dialogue requirement.  *See Smith v. N.Y.C. Fire Dep't*, Nos. 2023-09850, 2023-09852, 2025 N.Y. App. Div. LEXIS 3783, at *4-5 (N.Y. App. Div. 2d Dept. June 18, 2025). This state appellate ruling categorically determined that the City's exemption procedures complied with the cooperative dialogue requirement.  There is no viable route for Plaintiff to argue that DOE's cooperative dialogue process, upheld on the same grounds, failed to accord with the law. Thus, these claims should be dismissed.

6

iii.    Retaliation

Plaintiff cannot rebut Defendants' argument that her claims of retaliation under Title VII the SHRL, and the CHRL fail because she has not alleged any causal link between any protected activity and alleged employment action.  Plaintiff cannot show that she pled any facts suggesting that Defendants undertook any action to dissuade her from opposing discrimination or how any action taken against her specifically was connected to an alleged desire to retaliate.  Pf. Mem. at 40-42.  As Judge Matsumoto recently held in *Zapantis*, wherein plaintiffs assert essentially the same facts in furtherance of their retaliation claim as Plaintiff in the immediate action, "[t]he seeking of a religious accommodation, through a process set up by the Defendants, is too generalized for the Defendants to have understood that Plaintiffs were complaining about protected activity (or complaining at all)." *Id.* at 22. Finally, to the extent Plaintiff claims that the alleged "Problem Code" placement was retaliatory, she has not pled anything in the TAC or raised anything in her Opposition showing that this was done out of a desire to retaliate, let alone that such a desire was the "but-for" cause of such alleged action.  *See generally* TAC, Pf. Mem; *see also Thorne-Long*, at 16-18 (holding that similar claims did not amount to retaliation). Thus, Plaintiffs' retaliation claims should be dismissed.

iv.    "Harassment"

Plaintiff's causes of action are limited to discrimination and retaliation under Title VII, the SHRL, or the CHRL.  Plaintiff's Third Cause of Action is "Retaliation and Harassment in Violation of Title VII," and the allegations supporting that cause of action go squarely toward retaliation and nothing more.  *See* SAC ¶¶ 386-388.  As Judge Matsumoto stated in *Zapantis*, "the courts have repeatedly emphasized that "Title VII is not a general 'bad acts' statute." *Id.* at 22. As such, the Court should disregard any argument concerning a fabricated and unpled "religious harassment" claim.

7

**B. Constitutional Claims**

The TAC does not contain sufficient allegations, and Plaintiff's Opposition does not contain sufficient arguments, to support Plaintiff's claims under the First Amendment Free Exercise and Establishment Clause or under the Equal Protection Clause. It is worth noting, as an initial matter, that any of Plaintiff's arguments concerning the "Stricken Standards" are a red herring because Defendants have long since abandoned such procedures.

      i.    Free Exercise Clause

Plaintiff's First Amendment Free Exercise Clause claims fail as a matter of law. Plaintiff has not raised anything in opposition that would support that they alleged facts suggesting the vaccine mandate or process to request a religious exemption were not neutral or generally applicable or that they unfairly targeted her religion, including failing to allege what religious practice was burdened by DOE's vaccine mandate and exemption procedure. *See generally* TAC; Pf. Mem; *see also Zapantis-Dalamakis v. City of New York*, 2026 U.S. Dist. LEXIS 171126, *9 (reiterating the Circuit's determination in *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021) that the DOE's mandate was generally applicable). Nor has she identified any way in which the vaccine mandate, procedure for requesting an exemption, or Citywide Panel appeal process targeted only members of their supposed protected categories—of which they allege many—so as to render the mandate and procedures not "neutral" or "generally applicable." *See generally* TAC; Pf. Mem. Thus, because the policies were neutral and generally applicable, strict scrutiny does not apply, and they are subject only to rational basis review. *See, e.g.*, *Cent. Rabbinical Cong. of the U.S. v. N.Y.C. Dep't of Health & Mental Hygiene*, 763 F.3d 183, 193 (2d Cir. 2014). Courts in this Circuit have held that DOE's vaccine mandate passes reasonable basis. *See e.g. id.*. As such, Plaintiff has failed to show that she stated a First Amendment claim, and these claims should be dismissed..

      ii.    Establishment Clause

Plaintiff fails to sufficiently oppose Defendants' arguments in favor of dismissal of her First Amendment Establishment Clause claim.  Plaintiff cannot show that she pled facts suggesting that the mandate advanced or inhibited religion or showed preference to any particular religion.  *See generally* TAC. The Circuit has dealt squarely with this issue. In *New Yorkers for Religious Liberty, Inc. v. City of New York*, 121 F.4th 448 (2d Cir. 2024), the Court was unpersuaded that comments by Mayor de Blasio—that predated the Citywide Panel's existence—had any bearing upon the Citywide Panel itself or plaintiffs' access to it. *See id.* at 460. The same rationale applies here to the Chokshi Letter and related emails. *See* TAC at ¶¶ 142-171; *and see Zapantis-Dalamakis*, *9 (finding that plaintiffs failed to state an establishment clause claim based on similar factual allegations). Thus, Plaintiff's Establishment Clause claims should also be dismissed.

iii.   Equal Protection

Plaintiff cannot point to any facts suggesting she was treated differently from similarly situated individuals who applied for religious exemption. *See generally* TAC; Pf. Mem. Nor does she attempt to raise any facts in opposition to Defendants' motion.  *See generally* Pf. Mem. Plaintiff cannot argue around the rationale articulated in *Thorne-Long*, that plaintiffs must plausibly allege intentional discrimination in order to state a cause of action under the Equal Protection clause. *See Thorne-Long*, at 15. And, the TAC simply lacks allegations that would support Plaintiff's conclusory claim of intentional discrimination. Therefore, Plaintiff's religious discrimination claims fail under the Equal Protection Clause.

C. **The Legality of the Mandate**

Plaintiff contends that Defendants improperly litigate the legality of the vaccine mandate and asks the Court to ignore arguments concerning the legality of the mandate. *See* Pf. Mem. at 49. On the contrary, considering the exemption procedures are part and parcel of the vaccine mandate, it is important to point out the legality of the mandate as a whole.

**CONCLUSION**

For the foregoing reasons and the reasons offered in Defendants' initial moving papers, it is clear that Plaintiff's claims, both substantively and procedurally, fail. Therefore, Defendants respectfully request that the Court dismiss the TAC, deny Plaintiff's requests for relief in all respects, and enter judgment for the Defendants, together with such other and further relief as the Court deems just and proper. In the alternative, should the Court find any claims survive this motion, Defendants respectfully request that the Court permits Defendants 60 days from the date of the Court's Order to answer the TAC.

Dated:      New York, New York
            August 5, 2026

                                        **STEVEN BANKS**
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City of New York, New York City Department of Education, Eric Eichenholtz, Nellie Afshar and Jay Varma*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-8766

                                        By:  _____
                                                    Jason Imbiano
                                              Assistant Corporation Counsel

10

**CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that, pursuant to Local Rule 7.1 (c), the enclosed memorandum of law was produced using 12-point Times New Roman type and, including footnotes and excluding the cover page, captions, table of authorities, and table of contents, contains 2,930 words, and thus the document complies with the word count limit of no more than 3,500 words set forth in Local Rule 7.1 (c). Counsel relies on the word count function of the computer program used to prepare this brief.

Dated:       New York, New York
             August 5, 2026


                                        /s/ Jason Imbiano
                                        Jason Imbiano
                                        Assistant Corporation Counsel