UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOANNE C. THORNE-LONG,

                Plaintiff,           **REPORT AND RECOMMENDATION**

      -against-                    **23-CV-4305 (DG)(LB)**

THE CITY OF NEW YORK, and
THE NEW YORK CITY DEPARTMENT
OF EDUCATION,

                Defendants.
------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiff Joanne C. Thorne-Long, proceeding *pro se*, brings this action alleging defendants, the City of New York (the "City") and the New York City Department of Education (the "DOE"), violated plaintiff's rights under the First Amendment and Fourteenth Amendment of the United States Constitution, as well as under analogous state and local laws, by actions taken pursuant to the City's COVID-19 vaccine mandate. Plaintiff brings claims under 42 U.S.C. § 1983, the New York State Human Rights Law, N.Y. Exec. Law §§ 296, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101, *et seq.* ("NYCHRL").[1] Defendants move to dismiss plaintiff's First Amended Complaint ("FAC"). The Honorable Diane Gujarati referred defendants' motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth herein, I respectfully recommend that defendants' motion to dismiss should be granted.

---

[1] Plaintiff's First Amended Complaint ("FAC") also brings a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* ("Title VII"). FAC ¶¶ 39–44 [ECF No. 12]. However, plaintiff withdrew her Title VII claim after defendants moved to dismiss the FAC. See Plf. Mem. of Law at 2 [ECF No. 20].

## BACKGROUND

For purposes of defendants' motion to dismiss, all well-pleaded allegations in the FAC are taken as true and all inferences are drawn in plaintiff's favor.[2]

Plaintiff was employed as a Special Education Teacher by the New York City Department of Education ("DOE") from September 2004 to 2010 and again from 2018 until her termination in February 2022. FAC ¶ 6 [ECF No. 12].

On March 12, 2020, then Mayor of New York City, Bill de Blasio, declared a state of emergency to address the threat posed by COVID-19 to the health and welfare of New York City residents. See DOE Order dated September 15, 2021 at 1, Ex. A, Defs. Mot. Dismiss [ECF No. 19-1].[3] On March 25, 2020, then City Commissioner of Health and Mental Hygiene, Dave A. Chokshi, declared a public health emergency to address the continued threat of the COVID-19 pandemic. Id. Pursuant to these two emergency orders and subsequent City regulations, Commissioner Chokshi issued an order in August 2021 requiring COVID-19 vaccination for all DOE employees and other persons working in a "DOE school setting or DOE building" (the "vaccine mandate"). FAC ¶ 12; DOE Order dated September 15, 2021 at 2. On September 10, 2021, the DOE established a process whereby DOE employees could apply for a medical or religious exemption to the mandate.[4] FAC ¶ 13.

---

[2] The Court also considers documents "attached to the complaint," "incorporated by reference in the complaint," or "integral to the complaint[,]" United States ex rel. Foreman v. AECOM, 19 F.4th 85, 106 (2d Cir. 2021) (citations and internal quotation marks omitted), as well as factual allegations made in plaintiff's papers opposing the motion to dismiss, see Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (considering "further" allegations made in *pro se* plaintiff's affidavit opposing defendants' motion to dismiss).

[3] The Court takes judicial notice of "documents retrieved from official government websites," including official orders by the City and the DOE, and other publicly available official health information as is permitted on a motion to dismiss. See Jones v. Cuomo, 542 F. Supp. 3d 207, 2011 n.1 (S.D.N.Y. 2021) (quoting Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015)); see also Roe v. Johnson, 334 F. Supp. 2d 415, 419–20 (S.D.N.Y. 2004) (finding that on a motion to dismiss, "[a] court may take judicial notice of a public record pursuant to Rule 201(b) Fed R. Evid." (citing Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000))).

[4] Plaintiff references an "arbitration award" between the DOE and "the UFT" that "established a process for DOE employees to submit applications for medical and religious exemptions to the vaccine mandate." FAC ¶ 13. For context, the United Federation of Teachers ("UFT") is the bargaining unit for DOE teachers. Defs. Mem. of Law at 2

2

Plaintiff alleges that DOE employees could apply for a religious exemption if they submitted written documentation by a religious official from an established religious organization. Notice of Claim, Ex. B, FAC [ECF No. 12 at 30]. Requests would be denied where the religious organization had publicly spoken in favor of the vaccine; the documentation was "readily available," such as from an online source; or the objection was "personal, political or philosophical in nature." Id.

Plaintiff applied for a religious exemption to the vaccine mandate on September 14, 2021. FAC ¶ 14. In her application, she "expressed that she had a good faith religious objection to the COVID-19 vaccine." Id. Plaintiff's application was denied on September 17, 2021. FAC ¶ 15. Plaintiff appealed her decision, and the appeal was denied on September 24, 2021. Id. ¶ 16. On October 1, 2021, plaintiff received notification that she would not be able to enter the school building where she worked starting October 4, 2021. Id. ¶ 17.

On November 28, 2021, the Second Circuit enjoined the DOE from terminating DOE employees who had objected to receiving the COVID-19 vaccine and afforded those employees the opportunity to receive "fresh consideration" of their religious exemption requests by a central citywide panel composed of representatives of several City agencies (the "Citywide Panel"). Id. ¶¶ 18, 19, 23; see also Kane v. DeBlasio, 19 F.4th 152, 162 (2d Cir. 2021). Following the Second Circuit's decision in Kane,[5] plaintiff received an email from the DOE giving her the option to "appeal [her] religious exemption denial" to the Citywide Panel. FAC ¶ 20. On December 3, 2021, plaintiff submitted a request for review by the Citywide Panel through the "DOE's Self Service

---

[ECF No. 18]. After the vaccine mandate was announced in August 2021, the UFT and DOE began negotiating the mandate's implementation and impact on UFT members. Id. This matter was eventually submitted to arbitration. The arbitrator's decision and award addressed the process for filing an exemption to the mandate. See Arb. Award at 6–13, Ex. C, Defs. Mot. Dismiss [ECF No. 19-3].

[5] Plaintiff claims she received an email from the DOE on November 19, 2021. FAC ¶ 20. However, the decision in Kane was not issued until November 28, 2021.

Online Leave Application System (SOLAS)." Id. ¶ 22. Plaintiff received acknowledgment of her request but never received any "decision" on her request from the Citywide Panel. Id. ¶¶ 23–24.

Plaintiff was terminated from her position at the DOE on February 11, 2022. Id. ¶¶ 25–26. On or around April 28, 2022, plaintiff "became aware" of an email sent on February 9, 2022 from the DOE to "Beth Norton" of her union ("UFT"), stating that the DOE would "immediately" place a "problem code" in the personnel file of any UFT members who had requested an exemption from the vaccine mandate. Id. ¶ 28. Plaintiff alleges that a problem code is placed in a DOE employee's file where the employee has committed "what the DOE considers misconduct." Id. Plaintiff alleges that this problem code has prevented her from obtaining employment in New York City.[6] Id.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in March or April 2022 and was interviewed by an EEOC investigator on May 6, 2022. FAC ¶ 31. Plaintiff filed a Notice of Claim with the New York City Comptroller's Office on May 19, 2022. Id. ¶ 30; Receipt of Notice of Claim dated May 20, 2022, Ex. C, FAC [ECF No. 12 at 37].

On February 6, 2023, the City rescinded the COVID-19 vaccination requirement for current and prospective City employees, effective February 10, 2023. FAC ¶ 32; see also Emergency Exec. Order No. 25 ("EEO 25"). On February 9, 2023, former employees who had been dismissed on or after February 11, 2022 but before March 10, 2022 were given the opportunity to "submit a written application for reinstatement, which shall be otherwise in accordance with" City rules and regulations. Emergency Exec. Order No. 331 § 2 ("EEO 331").

---

[6] Plaintiff does not directly allege that a problem code was placed in her personnel file, but infers this happened based on the February 9, 2022 email from the DOE to Beth Norton at UFT. Plaintiff does not specify Norton's role at UFT or Norton's relation to plaintiff.

Plaintiff alleges that she did not receive any "communication from the DOE about reinstatement to her former position" and that the "DOE did not provide any protocols for possible reinstatement for…teachers…who were terminated because of their unvaccinated status[.]" FAC ¶ 32. Plaintiff contacted "several DOE personnel" regarding reinstatement to her former position. Id. ¶ 33. On May 9, 2023, the Executive Director of the DOE's Human Resources Division responded that while plaintiff was not entitled to automatic reinstatement, plaintiff was free to seek employment at her former school or another school that had open positions. Id. Plaintiff also emailed the principal of her former school but received no response. FAC ¶ 34.

Plaintiff seeks reinstatement to her former position of employment with backpay and benefits, as well as monetary damages for harm defendants caused to her reputation which impaired her ability to secure future employment. FAC at 14; Notice of Claim [ECF No. 12 at 34].

I.      Procedural History

Plaintiff filed her original complaint in New York Supreme Court of Kings County on May 15, 2023. ECF No.1-2. Defendants removed the action to this District based on the Court's subject matter jurisdiction on June 12, 2023. Id. Plaintiff amended the complaint on October 5, 2023. ECF No. 12.

Defendants now move to dismiss the FAC.[7] Plaintiff withdraws her Title VII claims, see Plf. Mem. of Law at 2 [ECF No. 20], but otherwise opposes defendants' motion. Defendants have replied. Defs. Reply [ECF No. 21].

---

[7] Defendants served the requisite notice pursuant to Local Civil Rule 12.1 on November 27, 2023. ECF No. 18 at 3–4.

**DISCUSSION**

I.       Standard

Defendants move to dismiss the FAC "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Defs. Mem. of Law at 12 [ECF No. 18]. On a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). If a plaintiff does not "nudge[] their claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

In deciding a motion to dismiss, the Court has the "obligation to construe *pro se* complaints liberally, even as [it] examine[s] such complaints for factual allegations sufficient to meet the plausibility requirement." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (citation omitted). "It is well-established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Meadows v. United Servs., Inc., 963 F.3d 240, 243 (2d Cir. 2020) (citation omitted); see also Littlejohn v. City of New York, 795 F.3d 297, 306 (2d Cir. 2015) ("On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." (citation omitted)). In addition to the complaint, the Court may consider documents attached to the complaint, incorporated by

6

reference therein, or that the complaint "relies heavily upon" and are "integral" to the complaint. Foreman, 19 F.4th at 106 (quoting DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). The Court may also consider "factual allegations made by a *pro se* party in his papers opposing the motion" to dismiss. Antrobus v. City of New York, No. 19-CV-6277, 2021 WL 848786, at *3 (E.D.N.Y. Mar. 5, 2021)[8] (citing Walker, 717 F.3d at 122 n.1).

II.      Whether the City of New York is a Proper Defendant

The City argues that it is a separate entity from the DOE and thus not a proper party to this lawsuit. Defs. Mem. of Law at 6–7. Plaintiff argues that the City is a properly named defendant, because the Citywide Panel consisted of several City agency representatives, and thus the panel's failure to reconsider plaintiff's exemption request amounts to the City's direct participation in the alleged conduct. Plf. Mem. of Law at 2.

Since the enactment of certain amendments to the New York City Education law in 2002, courts in this Circuit and New York State courts "have made clear" that the City and the [DOE] "are separate legal entities" and as such, the City cannot be liable for acts committed by the DOE or its employees. Romero v. City of New York, 839 F. Supp. 2d 588, 601 (E.D.N.Y. 2012) (collecting cases dismissing claims against the City as an improper party); accord Sotomayor v. City of New York, 862 F. Supp, 2d 226, 235, 249 (E.D.N.Y.2012) (dismissing the City as an improper party), aff'd, 713 F.3d 163 (2d Cir. 2013); see also Vassilev v. City of New York, No. 13-CV-5385, 2014 WL 3928783, at *2 (S.D.N.Y. Aug. 12, 2014) ("Notwithstanding the 2002 change in control of the New York City Board of Education, the Board of Education and the City remain separate legal entities."). Thus, to defeat defendants' motion to dismiss the City here, plaintiff must sufficiently allege that the City took action against plaintiff. Herz v. City of New

---

[8] The Clerk of Court is respectfully directed to send plaintiff the attached copies of all the unreported cases cited herein.

York, No. 20-CV-2846, 2021 WL 134528, at *3 (S.D.N.Y. Jan. 14, 2021) (dismissing all claims against the City, as plaintiff did not allege any defendant was employed by the City or that the City took any actions itself).

Here, the gravamen of plaintiff's complaint challenges the DOE's vaccine mandate and the denial of plaintiff's exemption request, the DOE's decision to terminate her, and the DOE's failure to reinstate her to her former position.[9] FAC ¶¶ 2–5, 59–60. Plaintiff does not allege that she was ever directly employed by the City or that the City "took any action that affected the terms of her employment." Nance v. City of New York, No. 09-CV-2786, 2011 WL 2837491, at *2 (E.D.N.Y. July 14, 2011) (dismissing claims against the City). Moreover, the Second Circuit's decision in Kane merely afforded plaintiff the opportunity to submit her exemption request to the Citywide Panel for *reconsideration*. 19 F.4th at 175 ("We conclude only that…[p]laintiffs, with the consent of the City, are afforded an opportunity to have their accommodation requests promptly reconsidered."). As the Citywide Panel's responsibility was limited to reconsidering a decision already made by the DOE, its failure to do so does not suggest that the City took any independent action directly affecting plaintiff's employment.

Even if the Court were to find that the City participated in the alleged conduct, the "overwhelming majority of district courts" in this Circuit have found that claims involving an administrative determination (or lack thereof) by a City agency must be brought in New York State Supreme Court pursuant to Article 78 of the New York Civil Practice Law and Rules. Bens BBQ, Inc. v. Cnty. of Suffolk, No. 19-CV-3584, 2020 WL 3790349, at *2 (E.D.N.Y. July 7, 2020), aff'd, 858 F. App'x 4 (2d Cir. 2021) (summary order); see also Bartolini v. Cassels, No. 17-CV-5671,

---

[9] Defendants further note that the relief plaintiff seeks—which includes reinstatement to her former position with backpay and benefits, and monetary damages—"would be due to plaintiff from the DOE, not the City of New York." Defs. Reply at 2.

2018 WL 3023161, at *6 (S.D.N.Y. June 18, 2018) ("District courts in this Circuit have consistently declined to exercise supplemental jurisdiction over Article 78 claims." (collecting cases)). "The Second Circuit has endorsed state court Article 78 review as a sufficient" remedy for public employees to challenge a change in their employment status, including termination. Martinez v. O'Leary, No. 11-CV-1405, 2013 WL 3356983, at *3 (E.D.N.Y. July 3, 2013); see also Sindone v. Kelly, 439 F. Supp. 2d 268, 278 (S.D.N.Y. 2006) ("[T]he Second Circuit has gone to considerable lengths to recognize the adequacy of Article 78 procedures as affording adequate safeguards to satisfy federal procedural due process standards.").

Indeed, numerous challenges against the Citywide Panel have been brought as Article 78 proceedings before the New York Appellate Division. See, e.g., Lee v. City of New York, 221 A.D.3d 505 (1st Dep't Nov. 21, 2023); Lebowitz v. Bd. of Educ. of City Sch. Dist. of City of New York, 220 A.D.3d 537 (1st Dep't Oct. 19, 2023); Matter of Marsteller v. City of New York, 217 A.D.3d 543 (1st Dep't June 20, 2023). Plaintiff could have brought an Article 78 proceeding regarding the action or inaction of the Citywide Panel regarding her request for an exemption. See Kane v. de Blasio, 623 F. Supp. 3d 339, 361 n.26 (S.D.N.Y. 2022) (noting that the plaintiffs, who were also former DOE employees, had the "ability to challenge any decision terminating their employment" through an Article 78 proceeding, and that at least one plaintiff had done so); see also Goolsby v. City of New York, No. 154823/2023, 2024 WL 974082, at *5 (N.Y. Sup. Ct. Mar. 6, 2024) (finding that any claims challenging a decision made on appeal by the Citywide Panel should have been raised in an Article 78 proceeding and dismissing those claims as time-barred).

Plaintiff argues that because the Citywide Panel "has not yet made a determination, the statute of limitations" for bringing an Article 78 proceeding has not yet run. Plf. Mem. of Law at 2. Any claim brought by way of an Article 78 proceeding must be filed in state court within four

months of the time "the determination to be reviewed becomes final and binding." N.Y. C.P.L.R. § 217(1); see also Jones v. Bay Shore Union Free Sch. Dist., 170 F. Supp. 3d 420, 434 (E.D.N.Y. 2016) ("[t]here is a four-month statute of limitations for Article 78 proceedings."). "An administrative determination becomes 'final and binding' when the petitioner seeking review has been aggrieved by it." Gutt v. Nassau Health Care Corp., No. 04-CV-57, 2005 WL 3605273, at *4 (E.D.N.Y. Mar. 23, 2005) (citation omitted) (finding plaintiff was "clearly aggrieved" by her termination and thus the date of her termination was the date on which defendant's decision became final and binding).

There is no question that plaintiff was aggrieved by her termination on February 11, 2022, and that her termination was the result of her failure to comply with the DOE's vaccination requirements after her exemption request was denied. Therefore, February 11, 2022 is the date on which the DOE's decision became "final and binding." Plaintiff had until June 11, 2022 to bring an Article 78 proceeding challenging any decision (or lack thereof) leading to her termination. Plaintiff failed to do so. Any Article 78 proceeding would now be time barred.

For the reasons discussed above, defendants' motion to dismiss the City of New York should be granted.

III.    Section 1983 Claims

The remainder of this Report and Recommendation addresses plaintiff's claims against the DOE.

A.  Free Exercise Clause of the First Amendment

Plaintiff alleges the vaccine mandate and the DOE's process for adjudicating religious exemption requests are unconstitutional on their face and as applied to her under the First Amendment's Free Exercise Clause. FAC ¶¶ 47, 50. Defendants argue the vaccine mandate and

10

the DOE's adjudication process are both lawful, constitutional, and enforceable. Defs. Mem. of Law at 12. This Court agrees.

The Free Exercise Clause prohibits the enactment of any "law respecting an establishment of religion, or prohibiting the free exercise thereof…." U. Const., Amend. I. The Free Exercise Clause protects an individual's right to private religious belief and to "the performance of (or abstention from) physical acts that constitute the free exercise of religion." Cent. Rabbinical Conf. of U.S. & Can. v. N.Y.C. Dep't of Health & Mental Hygiene, 763 F.3d 183, 193 (2d Cir. 2014) (quoting Employment Div., Dept. of Human Resources of Oregon v. Smith, 494 U.S. 872, 877 (1990)). Nevertheless, this protection does not "relieve an individual of the obligation to comply with a valid and neutral law of general applicability." Kane, 19 F.4th at 164 (quoting Smith, 494 U.S. at 879). Where the government has determined that "a certain harm should be prohibited generally,…a citizen is not, under the auspices of her religion, constitutionally entitled to an exemption." We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 281 (2d Cir.), opinion clarified, 17 F.4th 368 (2d Cir. 2021), cert. denied sub nom., Dr. A. v. Hochul, 142 S. Ct. 2569 (2022).

Laws and policies that are neutral and generally applicable are evaluated under a rational basis review, which requires that the state has "chosen a means for addressing a legitimate goal that is rationally related to achieving that goal." Id. at 290. A law that is not neutral or not generally applicable is subject to strict scrutiny, which requires the government to show that the law is narrowly tailored to serve a compelling state interest. Algarin v. NYC Health + Hosps. Corp., --- F. Supp. 3d ---, No. 22-CV-8340, 2023 WL 4157164, at *11 (S.D.N.Y. June 23, 2023), aff'd sub nom. Algarin v. New York City Health & Hosps. Corp., No. 23-CV-1063, 2024 WL 1107481 (2d Cir. Mar. 14, 2024) (quoting Kane, 19 F.4th at 163–64).

11

The <u>Kane</u> decision found that the vaccine mandate "plainly satisfie[d]" rational basis review. 19 F.4th at 164, 166 (finding the mandate to be neutral, as it "does not single out employees who decline vaccination on religious grounds," as well as generally applicable to an entire class of people). <u>Kane</u> specifically found that the mandate was "an emergency measure" to attempt "to safely reopen schools amid a pandemic that has hit New York City particularly hard" and was a "reasonable exercise" of the City's power "to act to protect the public health." <u>Id.</u> at 166–67.

Plaintiff does not raise any allegations that would distinguish her case from that of the plaintiffs in <u>Kane</u>. <u>See Bonilla v. City of New York</u>, No. 22-CV-7113, 2023 WL 8372859, at *4 (S.D.N.Y. Dec. 4, 2023) (finding <u>Kane</u> "squarely applie[d]" to plaintiff's facial free-exercise claim); <u>Vasquez v. City of New York – Office of the Mayor</u>, No. 22-CV-5068, 2024 WL 1348702, at *10 (E.D.N.Y. Mar. 30, 2024) (same). Therefore, the holding in <u>Kane</u> applies with equal force to this case. Pursuant to <u>Kane</u>, the vaccine mandate was constitutional and enforceable, and defendants' motion to dismiss plaintiff's facial free exercise claim should be granted.

Plaintiff also fails to allege a free exercise claim as applied to her. Plaintiff alleges the DOE violated her constitutional right to the free exercise of her religion by denying her a religious exemption to the vaccine mandate. FAC ¶ 50. However, the Free Exercise Clause does not exempt all religious objectors to a vaccination requirement that is otherwise neutral and generally applicable. <u>Kane</u>, 19 F.4th at 164, 166. Plaintiff has not shown "even a slight suspicion of religious animosity" towards her, or that she was singled out for asking for an exemption to vaccination on religious grounds. <u>Algarin</u>, 2023 WL 4157164, at *12. She has likewise not shown that the DOE treated "comparable secular activity more favorably" such that its treatment should be strictly scrutinized. <u>Id.</u> Therefore, defendants' motion to dismiss plaintiff's free exercise claim as applied to her should be granted.

12

B.  Equal Protection Clause under the Fourteenth Amendment

Plaintiff alleges the DOE violated the Fourteenth Amendment's Equal Protection Clause by failing to "apply and enforce its vaccine mandate evenly" for the "hundreds of DOE employees" who sought and were denied religious exemptions, and by providing "summary explanations" in denying some of those exemption requests but not for others. FAC ¶¶ 52–53. Plaintiff also alleges the DOE violated her equal protection rights by "refusing to provide a fair and equitable process" to reinstate her to her former position. FAC ¶¶ 59–60, 62.

The Equal Protection Clause provides that no state shall "deny any person within its jurisdiction the equal protection of the laws." U.S. Const., Amend. VIX. "The Equal Protection Clause requires that the government treat all similarly situated people alike." Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005) (citation and internal quotation marks omitted).

To establish an equal protection claim, a plaintiff must "show that [she] was treated differently than other persons who were similarly situated and that such differential treatment was either without a rational basis (a "class-of-one" claim)," or that defendant "was motivated by an intent to discriminate on an impermissible basis (a selective enforcement claim)." Casciani v. Nesbitt, 392 Fed. App'x. 887, 888 (2d Cir. 2010) (summary order) (citations and internal quotation marks omitted). Additionally, "[w]hen a plaintiff alleges that a facially neutral law or policy has been applied in an intentionally discriminatory manner, [she] must demonstrate that the application of the law was motivated by discrimination." Gause v. Claude, No. 18-CV-5505, 2021 WL 2156795, at *5 (E.D.N.Y. May 27, 2021) (citing Pyke v. Cuomo, 258 F.3d 107, 110 (2d Cir. 2001)).

Plaintiff's equal protection claim could be construed as a selective enforcement claim (with respect to the DOE's application of the vaccine mandate in denying "hundreds" of religious

13

exemption requests and providing "summary explanations" to some employees but not others), or a class-of-one claim (in that the DOE treated her differently from other similarly situated employees requesting a religious exemption without a rational basis). However, the Supreme Court has barred public employees from bringing class-of-one claims against their employers, reasoning that such causes of action are a "poor fit in the public employment context." Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 605 (2008). Specifically, the Court in Engquist found that the government has "significantly greater leeway in its dealings with" public employees than with "citizens at large," including exercising its "managerial discretion" to treat employees differently from one another. Id. at 609. This precedent has been applied to bar class-of-one claims regarding the City's vaccine mandate and religious exemption requests. See, e.g., Bonilla, 2023 WL 8372859, at *6 ("finding plaintiff's claim is "squarely barred" by Engquist). Thus, should the Court construe plaintiff's equal protection claim as a class-of-one claim, the claim should be dismissed as barred by Engquist.

Construing plaintiff's claim as a selective enforcement claim, plaintiff must plausibly allege that (1) she was "selectively treated compared with other similarly situated employees," and (2) "selective treatment 'was based on impermissible considerations such as…religion[.]'" Knight v. Connecticut Dep't of Pub. Health, 275 F.3d 156, 166 (2d Cir. 2001) (quoting Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000)). That plaintiff was treated differently compared to others similarly situated under the first element is "a 'prerequisite' and a 'threshold' matter" in any selective enforcement claim. Freud v. New York City Dep't of Educ., No. 21-CV-2281, 2022 WL 889213, at *7 (S.D.N.Y. Mar. 25, 2022), aff'd, No. 22-CV-879, 2023 WL 3103588 (2d Cir. Apr. 27, 2023) (quoting Church of the Am. Knights of the Ku Klux Klan v. Kerik, 356 F.3d 197, 210 (2d Cir. 2004)); see also Kane, 623 F. Supp. 3d at 359 ("It is axiomatic that to establish an equal

14

protection violation a plaintiff must allege that similarly situated persons have been treated differently." (citation, internal quotation marks and alterations omitted). A plaintiff alleging that she was similarly situated as part of a selective enforcement claim must demonstrate that she was "similarly situated in all material respects." Freud, 2022 WL 889213, at *7.

Here, plaintiff only alleges in conclusory terms that the DOE treated some employees differently from others in denying religious exemption requests. Plaintiff does not point to any similarly situated employees who were treated differently, such as being granted a religious exemption or reinstated to their former position after being denied an exemption. See Kane, 623 F. Supp. 3d at 359 (finding that without any similarly situated comparators, "there is no claim of differential treatment, [and] plaintiffs' equal protection claim fails."). Thus, plaintiff fails to allege an equal protection claim based on selective enforcement.

Finally, plaintiff fails to allege that the DOE applied the vaccine mandate in an intentionally discriminatory manner. "[A]bsent evidence of intentional discrimination," plaintiff's claim is subject to rational basis review. Am. Atheists, Inc. v. Port Auth. of N.Y. & N.J., 936 F. Supp. 2d 321, 338 (S.D.N.Y. 2013), aff'd sub nom. Am. Atheists, Inc. v. Port Auth. of New York & New Jersey, 760 F.3d 227 (2d Cir. 2014); see also W.D. v. Rockland Cnty., 521 F. Supp. 3d 358, 410 (S.D.N.Y. 2021), rev'd on other grounds, vacated in part sub nom. M.A. on behalf of H.R. v. Rockland Cnty. Dep't of Health, 53 F.4th 29 (2d Cir. 2022) ("[W]here a law subject to an equal protection challenge does not violate a plaintiff's right of free exercise of religion, courts do not apply…a standard of scrutiny stricter than the traditional rational-basis test." (citation, internal quotation marks and alterations omitted)). Plaintiff's equal protection claim fails to survive rational basis review on the same grounds as her free-exercise claim. See Fierro v. City of New York, No. 20-CV-09966, 2022 WL 428264, at *6 (S.D.N.Y. Feb. 10, 2022) ("[C]ourts in this Circuit

15

routinely hold that equal protection claims premised on the same allegations as a First Amendment claim cannot proceed where that First Amendment claim has been dismissed." (collecting cases)). Accordingly, defendants' motion to dismiss plaintiff's equal protection claim should be granted.

### C. Retaliation

Plaintiff alleges that the DOE's "failure to provide a process for reinstatement" resulted in her "being denied the right to return to work, even though [there] is no longer a vaccine mandate," and that this "constitutes retaliation against [her] for seeking to establish her rights" under the Equal Protection Clause of the Fourteenth Amendment. FAC ¶¶ 61–62. Plaintiff also alleges that the DOE placed a "problem code" in her personnel file because she requested an exemption from the vaccine mandate, and that because a problem code is used to flag misconduct, it has impacted her ability to obtain employment in New York City. Id. ¶¶ 5, 28.

A claim of retaliation for an employee's complaint alleging discrimination is actionable under Section 1983. Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 81–82 (2d Cir. 2015) (recognizing a § 1983 retaliation claim on an equal protection theory). Because retaliation is its own "form of discrimination," a Fourteenth Amendment retaliation claim is distinct and separate from plaintiff's other Fourteenth Amendment claims. Id.

To plausibly allege a retaliation claim under Section 1983 on equal protection grounds, a plaintiff must demonstrate that "(1) defendants acted under the color of state law, (2) [and] defendants took adverse employment action against [her], (3) because [she] complained of or otherwise opposed discrimination.'" Fierro v. City of New York, No. 20-CV-9966, 2022 WL 428264, at *7 (S.D.N.Y. Feb. 10, 2022) (quoting Vega, 801 F.3d at 91). An adverse employment action for purposes of a Section 1983 retaliation claim is "any action that could well dissuade a

reasonable worker from making or supporting a charge of discrimination." <u>Raymond v. City of New York</u>, 317 F. Supp. 3d 746, 768 (S.D.N.Y. 2018).

Here, plaintiff fails to allege that she complained of or otherwise opposed discrimination, and that she suffered a materially adverse action because of her complaint. Plaintiff does not allege that she raised a complaint of discrimination in her communications with DOE personnel regarding her potential reinstatement. FAC ¶¶ 33–34. Similarly, plaintiff filed her EEOC Charge and Notice of Claim in March/April 2022 and on May 19, 2022 respectively, at least one month *after* a problem code was allegedly placed in her personnel file in February 2022.[10] <u>Id.</u> ¶¶ 28–31.

Even assuming plaintiff had complained of discrimination prior to February 2022, she fails to allege how the DOE's refusal to automatically reinstate her or her inability to find other employment in New York City constitute retaliatory acts. To plausibly allege a causal connection between a complaint and an adverse employment action, "plaintiff must allege that the retaliation was the 'but-for' cause of the employer's adverse action, *i.e.*, that 'the adverse action would not have occurred in the absence of the retaliatory motive.'" <u>Riddle v. Citigroup</u>, 640 F. App'x 77, 79 (2d Cir. 2016) (summary order) (quoting <u>Vega</u>, 801 f.3d at 90–91). Plaintiff does not allege facts demonstrating a retaliatory motive. Furthermore, the DOE's decision not to automatically reinstate plaintiff was pursuant to a policy established before plaintiff sought reinstatement. <u>See</u> <u>Niles v. New York City Hum. Res. Admin.</u>, No. 22-CV-6307, 2024 WL 496346, at *8 (E.D.N.Y. Feb. 8, 2024) (failing to find a causal connection in reviewing plaintiff's retaliation claim, where defendant adopted policies before plaintiff filed a complaint). This policy permitted certain former employees, including plaintiff, to "submit a written application for reinstatement" pursuant to City rules and regulations but did not provide for automatic reinstatement. EEO 331 § 2. Indeed, when

---

[10] Indeed, plaintiff references the alleged problem code in her Notice of Claim sworn to on May 5, 2022 and received by the City Comptroller's office on May 11, 2022. Notice of Claim [ECF No. 12 at 28, 32, 34].

17

plaintiff reached out to the DOE regarding reinstatement, the DOE's Human Resources Executive Director stated that plaintiff was not entitled to automatic reinstatement but could apply to her former school or other schools if there were openings. FAC ¶ 33. Similarly, plaintiff's own pleadings suggest that if a problem code was placed in her file, it was also done pursuant to a policy for all DOE employees who were members of UFT and had "requested an exemption to the vaccine mandate." Id. ¶ 28; see also Mone v. New York State Unified Ct. Sys., No. 21-CV-6914, 2023 WL 4424093, at *12 (E.D.N.Y. Mar. 22, 2023), report and recommendation adopted, No. 21-CV-6914, 2023 WL 4073770 (E.D.N.Y. June 20, 2023), aff'd, No. 23-964-CV, 2024 WL 1109258 (2d Cir. Mar. 14, 2024) (finding that plaintiffs' own pleadings made clear that "they were disciplined as a consequence of their failure to comply with the vaccine mandate, rather than as retaliation for their opposition to it.").

In sum, plaintiff's FAC fails to allege that retaliation was the but-for cause of any adverse action taken against her, or any other facts "demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the [DOE's] proffered legitimate, nonretaliatory reasons" for its conduct. Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 846 (2d Cir. 2013). Accordingly, defendants' motion to dismiss plaintiff's Fourteenth Amendment retaliation claim should be granted.

IV.     NYSHRL and NYCHRL Claims

As plaintiff withdrew her Title VII claims in her opposition to defendants' motion to dismiss, see Plf. Mem. of Law at 2, the only remaining claims for the Court's consideration are plaintiff's state law claims under the NYSHRL and NYCHRL.

A district court may decline to exercise supplemental jurisdiction over related state law claims presented in an action once it has dismissed all claims over which it had original

18

jurisdiction. 28 U.S.C. § 1367(a). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Here, the Court should decline to exercise supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL claims without prejudice. Plaintiff may pursue these claims in state court. Id. at 352; Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003); see also Espinoza v. New York City Dep't of Transportation, 304 F. Supp. 3d 374, 391 (S.D.N.Y. 2018) (declining to exercise jurisdiction over NYCHRL claims and any state law claims) (collecting cases). The Court should remand these claims to New York Supreme Court, Kings County.[11]

V.      Futility of Amending Complaint

Although a court should not dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" courts may deny leave to replead where amending the complaint would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Kimmel v. New York State Assembly, No. 20-CV-1074, 2020 WL 6273975, at *3 (E.D.N.Y. Oct. 26, 2020) ("Ordinarily, *pro se* plaintiffs are granted opportunities to amend their complaints freely; however, courts need not afford plaintiffs an opportunity to amend where it is clear that any attempt to amend the complaint would be futile." (citing Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000))). Here, plaintiff was afforded the opportunity to amend her original complaint after defendants identified the grounds upon which they would move to dismiss.[12] See Case No. 23-CV-4305, ECF No. 11, ECF Order dated October

---

[11] The Court from which plaintiff's complaint was removed. ECF No. 1.
[12] The Court gratefully acknowledges the helpful assistance provided to plaintiff by the City Bar Justice Center's Federal Pro Se Legal Assistance Project.

19

10, 2023. Even when liberally construed, the allegations in plaintiff's amended complaint and plaintiff's opposition to the instant motion fail to plausibly allege any violation of plaintiff's rights under federal law. Cuoco, 222 F.3d at 112 ("The problem with [plaintiff's] causes of action [are] substantive; better pleading will not cure [them]. Repleading would thus be futile. Such a futile request to replead should be denied."). Accordingly, the Court should not grant plaintiff leave to amend a second time.

## CONCLUSION

I respectfully recommend that defendants' motion to dismiss the City as a defendant in this matter should be granted. I also recommend that defendants' motion to dismiss plaintiff's Section 1983 claims against the DOE under the First and Fourteenth Amendments should be granted. The Court should decline to exercise jurisdiction over plaintiff's NYSHRL and NYCHRL claims, and those claims should be remanded to state court.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: May 6, 2024
   Brooklyn, New York